IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **TOTAL REBUILD, INC.** § | Civil Action No. 6:15-cv-01855 | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **JUDGE HAIK** | |
| § | | |
| **PHC FLUID POWER, L.L.C.** § | **MAGISTRATE JUDGE HANNA** | |
| § | | |
| **Defendants** § | | |
| § | **JURY TRIAL DEMANDED** | |
| § | | |

___

**FIRST AMENDED**
**AND RESTATED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Total Rebuild, Inc. (hereinafter referred to as "Total"), a corporation incorporated under the laws of the State of Louisiana, who herein amends and restates its complaint for patent infringement and Louisiana unfair trade practices against Defendant, PHC Fluid Power, L.L.C. (hereinafter referred to as "PHC"), to include new allegations regarding PHC's actions regarding the Louisiana unfair trade practices claim, identified for the Court's convenience in italics.

I.

THE PARTIES

1. Plaintiff Total Rebuild, Inc. is a corporation organized and existing under the laws of the State of Louisiana. Its principal place of business is at 421 Industrial Parkway, Lafayette, Louisiana 70508. See **Exhibit 1** copy of the Louisiana business registration of Total Rebuild Inc.

attached hereto.

2. Defendant PHC Fluid Power, L.L.C. is a limited liability corporation organized and existing under the laws of the State of Louisiana with its managing members, Mark Mire and Bret Adams, having an address at 1338 Petroleum Pkwy. Broussard, LA 70518. See **Exhibit 2** copy of the Louisiana business registration of PHC Fluid Power, L.L.C. attached hereto.

## II.
## JURISDICTION AND VENUE

3. This in an action for patent infringement under Title 35 United States Code and the Louisiana Statutes Annotated.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§§ 1331, 1338, and 1367.

5. Venue is proper in this district under 28 U.S.C. §§ 1400, 1391(b) and (c) because PHC operates its business within the jurisdiction of this Court, is a Louisiana Limited Liability Company with the capacity to sue and be sued in its common name under Louisiana law, and has and continues to engaged in acts in violation of the Patent Statutes. Furthermore, tortious acts, including, but not limited to acts of unfair trade practices have occurred within this district.

6. A Defendant, whether or not incorporated, shall be deemed to reside, in any judicial district in which such defendant is subject to suit.

## III.
## FACTS AND BACKGROUND

7. Since it was founded in 1995 by Terry Lavergne (hereafter "Lavergne"), Total has dedicated itself over the past two decades to providing customers with quality service,

dependable products, and advanced technology in the field of industrial air driven test pumps. Among its product and service offerings are a patented safety system for testing high-pressure devices. Lavergne, as Director of Total and sole inventor of the safety system, and Total have spent a substantial sum of money and invested thousands of man hours in researching and developing manufacturing methods and procedures and in designing and building tools and devices unique and best in class relating to safely testing high-pressure devices. As a result of its innovative technology and hard work, Total has generated an enormous amount of good will and earned a stellar reputation.

8. Testing of high-pressure devices carries an inherent risk of causing a breach and explosion in faulty devices. Typically, safety measures in testing equipment include check valves, rupture disks, and relief valves to minimize risk. Even under the best circumstances such safety measures can fail, causing explosive forces which may cause serious harm to operators and personnel in the vicinity of the tested unit. In use, an explosion proof safety housing provides a novel means of testing without the typical risk of injury from failure of safety equipment.

9. After conceiving and thoroughly testing and designing his safety system, Terry Lavergne applied for U.S. patent protections on August 8, 2008.[1] After examination by the United States Patent and Trademark Office, it was found that the Lavergne's invention was patentable and a patent was issued on April 3, 2012.

10. Lavergne's U.S. Patent No. 8,146,428 B2 (hereafter "'428 patent") discloses an invention comprising, among other things, an explosion-proof safety housing, high pressure pneumatics,

---

[1] See U.S. Patent No. 8,146,428 B2 attached hereto as **Exhibit 3**.

bleed valves, closeable access to the housing, a coupling means for connecting the pneumatics to the device to be tested, and a control panel.[2]

11. Since the issuance of the '428 patent on August 8, 2008 Total acquired the exclusive use of the '428 patent from Lavergne and Total continues to use the patent for manufacturing safety systems for rental and sale. Plaintiff Total, through its sole shareholder and Director, Terry Lavergne, controls the '428 patent and the manufacture, rental, use, and sale of products derived from the '428 patent.

12. PHC is a direct competitor of Total.

13. While viewing the assets of Tripoint, L.L.C. in Broussard Louisiana in January 2015 in anticipation of an asset liquidation auction, Lavergne found the infringing unit of PHC in plain sight and learned that Defendants were using a high pressure safety system eerily familiar to that of Total's patented apparatus.[3]

*14. During the pendency of the application for the '428 patent and since its issuance, Total has provided their services as well as rental and sale of safety systems to several businesses and organizations requiring high pressure equipment testing, including Halliburton, Inc. ("Halliburton").*

*15. Both Total and PHC, as contractors and sellers to Halliburton, were required to execute Halliburton's Master Purchase Agreement which dictates the scope of each party's duties and services with regard to Halliburton, and more specifically, agreed to refrain from specific*

---

[2] See Independent Claims of U.S. Patent No. 8,146,428 B2.
[3] See Photographs of PHC's Hydraulic Test System located at Tripoint, L.L.C. attached hereto as **Exhibits 5a**, **5b**, &

*precluded actions which would otherwise cause undue influence and favoritism regarding Halliburton's third party contractual decisions.*

16. *Upon information and belief, Mark Mire, manager of PHC, acting in bad faith on behalf of PHC breached the Halliburton Master Purchase Agreement by offering and directing gifts, entertainment, and other favors upon a supervising employee of Haliburton having decision making authority concerning acceptance of projects and purchase agreements with third parties.*

17. Upon further inquiry into the on goings of PHC, Total discovered that Total had been excluded from consideration for work on prestigious projects for Halliburton, which, *under the direction of the same supervising employee doted upon by Mark Mire*, had been awarded to PHC for *PHC* to supply high pressure safety units.

18. Such prestigious and high visibility projects as were awarded to PHC for supplying units infringing upon Total's '428 Patent would have (1) further enhanced the reputation of Total; and (2) produced several millions of dollars in net revenues for Total.

19. Upon information and belief this configuration for PHC's "Bunker Test Systems" is very similar if not identical to the high pressure safety system designed and built by Total. Particularly, PHC's Bunker Test Systems are identical in overall appearance, and in many other respects to the high pressure safety system of Total including explosion proof safety housing, pneumatics, bleed valves, means of attachments, and control panel.[4]

20. Upon information and belief PHC is manufacturing, selling, and/or renting at least one

---

**5c**.
[4] See **Exhibit 4** copy of the PHC marketing webpage for Remote Control Bunker Test Systems and High Pressure Testing Article entitled, "A High Stakes Game".

device which infringes that of Total and Lavergne's '428 patent.

21. PHC is utilizing what they call a "Bunker Test Systems" which are self-contained and include a high pressure pumping system for generating liquid, oil, gas, or water, bleed valves, a means for closing the containment walls, a means for connecting the pneumatics to the device to be tested, and a touch screen control.[5]

22. Total has delivered multiple requests upon PHC for a review of the pressure testing systems employed by PHC;[6] however to date Total has not been able to view the "Pneumatic and Hydraulic Testing Systems" and any response given by PHC to Total has been repeatedly evasive regarding such inquiries,[7] which has now caused the filing of this lawsuit.

23. As such, Defendants' conduct complained of herein is irreparably harming Total by, among other things, damaging Total reputation and causing Total to lose market share. The value of Total's reputation, goodwill and market share cannot be readily quantified, and therefore, money damages alone cannot make Total whole.

## IV.

## CAUSES OF ACTION

### PATENT INFRINGMENT

24. All preceding paragraphs are included by reference as if fully set forth herein.

25. Terry Lavergne is the sole named inventor of the '428 Patent, which has been subject to

---

[5] See **Exhibits 4, 5a, 5b,** & **5c**.
[6] See Correspondence with Greg Mier, counsel for PHC Fluid Power, L.L.C. dated February 25, 2015 and April 9/10, 2015, respectively, attached hereto as **Exhibits 6** & **7**.
[7] See Responses of Greg Mier, Counsel for PHC, dated March 25, 2015 and May 13, 2015, respectively, attached hereto as **Exhibit 8**.

the exclusive use of Total. Total currently owns all right, title, and interest in the '428 Patent.

26.     The '428 Patent is presumed valid under 35 U.S.C. § 282.

27.     PHC, by itself and/or through one or more of its affiliates, subsidiaries, divisions, business units or segments, provides or participates in providing high pressure pneumatic safety testing within the United States.

28.     PHC is and/or has been infringing, directly or indirectly, one or more claims of the '428 Patent, literally or under the doctrine of equivalents, by making, using, selling or offering for sale, products and/or services claimed in the '428 Patent or by inducing or contributing to the making, using, selling or offering to sell by others of products and/or services claimed in the '428 Patent. Specifically, PHC makes, uses, sells, or offers to sell methods and apparatuses for high pressure pneumatic testing equipment as described and claimed in one or more claims of the '428 Patent.

29.     PHC's use of products and/or services claimed in the '428 Patent is without Plaintiff's consent and is therefore an infringement under 35 U.S.C. §§ 271(a), (b) and/or (c).

30.     After due notice by certified mail of PHC's infringing product, attached hereto as **Exhibits 6** & **7**, PHC continues to make, use, offer, and sell their infringing product contrary to 35 U.S.C. § 271.

31.     Total has been damaged by PHC's infringement of the '428 Patent and is therefore entitled to recover damages adequate to compensate for such infringement, which can in no case be less than a reasonable royalty.

32. PHC has been given notice of the '428 Patent, attached hereto as **Exhibits 6** & **7**, and has continued to make, use, rent, sell and offer to sell high pressure pneumatic testing equipment despite an objectively high likelihood that its actions would infringe a valid claim of the '428 Patent. PHC's infringement of the '428 Patent is therefore willful, and Plaintiff is accordingly entitled to enhanced damages, pursuant to 35 U.S.C. § 284.

33. This is an exceptional case such that PHC should be required to pay Total's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

## UNFAIR COMPETITION & UNFAIR TRADE PRACTICES

34. All preceding paragraphs are included by reference as if fully set forth herein.

*35. PHC, in order to create an unfair advantage in its favor and to harm its competition, intentionally and in bad faith breached the contractual obligations which maintained a level competitive field between third parties in doing business with Halliburton.*

36. The foregoing conduct of Defendant constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce in violation of the Louisiana Unfair Trade Practices Act, LSA- R.S. 51:1401 et seq., for which Total is entitled to compensable and exemplary damages.

37. Such willful and deliberate acts of unfair competition by Defendants have caused damage to Total for which Total is entitled to injunctive relief and actual and punitive damages, as well as reasonable and necessary attorneys' fees.

**V.**

## ATTORNEY'S FEES

38. Total seeks its reasonable costs and attorney's fees from Defendants pursuant to 35 U.S.C. § 285 and LSA-R.S. 51:1434.

## VI.

## DEMAND FOR A JURY

39. Total hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

## VII.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Total respectfully requests judgment from this Court as follows:

a) The '428 Patent has been infringed directly or indirectly by PHC, literally and/or under the doctrine of equivalents, under all applicable provisions of Title 35, United States Code §§ 1 et. seq.;

b) PHC be ordered to account to Plaintiff for each and every use, sale, lease, license, provision of a good or service, or any other source of revenue or profit derived from its infringement of the '428 Patent and to prepare for and deliver to the Court a complete list of entities, including all sales, revenues, and/or profits derived from these entities, for whom PHC has provided high pressure pneumatic testing services and/or apparatuses in accordance with the claims of the '428 Patent, pursuant to all applicable provisions of Title 35 of the United States Code;

c) Plaintiff is entitled to damages adequate to compensate for PHC's infringement of the '428 Patent, which can be no less than a reasonable royalty;

d) PHC's infringement of the '428 Patent has been and continues to be willful;

e) Plaintiff's damages due to PHC's infringement be multiplied up to three times under 35 U.S.C § 284;

f) PHC be required to pay both pre- and post-judgment interest and costs as provided by 35 U.S.C. § 284;

g)       A preliminary injunction, until a trial on the merits is had, preliminarily enjoining the Defendants from infringing Total's '428 Patents, unfairly competing with Total, committing any unfair trade practices, and being unjustly enriched at Total's expense;

h)       A permanent injunction, upon a trial on the merits, permanently enjoining the Defendants from infringing Total's '428 Patents, unfairly competing with Total, committing any unfair trade practices, and being unjustly enriched at Total's expense;

i)       Awarding damages to compensate Total for Defendants' unjust enrichment, unfair competition, and unfair trade practices;

j)       Awarding punitive damages as a result of the willful, deliberate, wanton and reckless unfair competition with Total, their unfair trade practices, and their unjust enrichment at Total's expense;

k)       A finding that Total's '428 Patent is valid, enforceable, and infringed under 35 U.S.C. § 271 by Defendants;

l)       An award of actual damages under 35 U.S.C. § 271 for the infringement of Total's '428 Patent, and for the trebling of such damages as a result of the willful, deliberate, wanton and reckless infringement by Defendants as provided by 35 U.S.C. § 284;

m)       Because this is an exceptional case, an order that Total be awarded, and Defendants be ordered to pay, the reasonable attorneys' fees incurred by Total in connection with this action, as provided for by 35 U.S.C. § 285;

n)       That Total is awarded such other and further relief as may be just and appropriate.

Dated:  September 8, 2015

Respectfully submitted,

__/s/ Chase A. Manuel_____

Steven G. Durio (#05230)
William W. Stagg (#1613)
Chase A. Manuel (#35223)
**Durio, McGoffin, Stagg & Ackermann, PC**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, Louisiana   70505-1308
Phone:  (337) 233-0300
Fax:     (337) 233-0694
**Attorneys for Plaintiffs Total Rebuild, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of September, 2015, a true and correct copy of the foregoing Complaint was served on Defendants via facsimile and/or first class mail and/or certified mail as indicated below.

/s/ Chase A. Manuel
_____

Chase A. Manuel