**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **TOTAL REBUILD, INC.,** | ) |
| | ) **Civil Action No. 6:15-cv-01855-RTH-PJH** |
| **Plaintiff,** | ) |
| | ) **JUDGE DOHERTY** |
| **vs.** | ) |
| | ) **MAGISTRATE JUDGE WHITEHURST** |
| **PHC FLUID POWER, L.L.C.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendant.** | ) |
| | ) |

**DEFENDANT PHC FLUID POWER, L.L.C.'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT**

Defendant PHC Fluid Power, L.L.C. ("Defendant") submits its Answer in response to the allegations and claims contained in Plaintiff Total Rebuild, Inc.'s ("Plaintiff") First Amended and Restated Complaint and states as follows:

### I.    PRELIMINARY STATEMENT

Based on the July 15, 2016, status conference with the Court in the parallel case of Total Rebuild, Inc. v. Streamline Hose & Fittings Inc., Civil Action No. 6:15-cv-001172 (which involves the same plaintiff and same patent-at-issue), Defendant understands the Court has requested clarification regarding which of Defendant's defenses and counterclaims are subject to Defendant's right to trial by jury.  Although Defendant maintains that its existing Answer and Counterclaims (Dkt. 23) complies with all governing pleading standards and requirements under Rule 38 of the Federal Rules of Civil Procedure for pleading its jury a demand and Defendant has not waived its entitlement to trial by jury on all issues so triable, Defendant submits the

proposed Amended Answer in an effort to more precisely, and with citation, identify for the Court which defenses and counterclaims are questions for a jury.  In so doing, Streamline does not waive its right to trial by jury on all issues so triable.

### III. RESPONSES TO SPECIFIC ALLEGATIONS

1.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended and Restated Complaint and, therefore, denies the allegations.  Further, Defendant denies that Exhibit 1 of the First Amended and Restated Complaint has been properly filed or submitted to the Court.

2.      Defendant admits the truth of the allegations contained in paragraph 2 of the First Amended and Restated Complaint, however, Defendant denies that Exhibit 2 of the First Amended and Restated Complaint has been properly filed or submitted to the Court.

3.      The allegation contained in paragraph 3 of the First Amended and Restated Complaint is merely a statement of law that requires no response.  Notwithstanding, Defendant denies Plaintiff is entitled to relief under any of the laws referenced therein.

4.      In response to the allegations contained in paragraph 4 of the First Amended and Restated Complaint, Defendant does not dispute that this Court has subject matter jurisdiction over the patent infringement allegations or, so long as the patent claim is before this Court, supplemental jurisdiction over the Louisiana Unfair Trade Practice Act ("LUTPA") allegations of the First Amended and Restated Complaint.

5.      In response to the allegations contained in paragraph 5 of the First Amended and Restated Complaint, Defendant admits that venue is proper in this Court.  Defendant denies the remainder of the allegations contained in paragraph 5 of the First Amended and Restated Complaint.

6.      The allegations contained in paragraph 6 of the First Amended and Restated Complaint are merely statements of law and legal argument that require no response. Notwithstanding, Defendant denies Plaintiff is entitled to relief against Defendant.

7.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended and Restated Complaint and, therefore, denies the allegations.

8.      In response to the allegations contained in paragraph 8 of the First Amended and Restated Complaint, Defendant admits that testing of high-pressure devices can be dangerous without proper testing equipment.  Defendant denies that "an explosion proof safety housing provides a novel means of testing."  Defendant denies the remainder of the allegations contained in paragraph 8 of the First Amended and Restated Complaint.

9.      In response to the allegations contained in paragraph 9 of the First Amended and Restated Complaint, Defendant admits that (i) Terry Lavergne is listed as the applicant on the United States patent application that resulted in issuance of the U.S. Patent No. 8,146,428 (the "'428 Patent") and (ii) Exhibit 3 of the Complaint (Doc. 1) appears to be a copy of the '428 Patent.  Plaintiff has not filed an Exhibit 3 to the First Amended and Restated Complaint and, therefore, such document is not properly part of the First Amended and Restated Complaint. Defendant denies that Exhibit 3 of the First Amended and Restated Complaint has been properly filed or submitted to the Court.  Defendant lacks information or knowledge sufficient to determine the truth of Plaintiff's allegation of "[a]fter conceiving and thoroughly testing and designing his safety system" and, therefore, denies such allegation.  Defendant denies the remainder of the allegations contained in paragraph 9 of the First Amended and Restated Complaint.

10.     In response to the allegations contained in paragraph 10 of the First Amended and Restated Complaint, Defendant states that the '428 Patent speaks for itself.  Defendant denies the remainder of the allegations (including, but not limited to, those that may be inconsistent with the '428 Patent) contained in paragraph 10 of the First Amended and Restated Complaint.

11.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended and Restated Complaint and, therefore, denies the allegations.

12.     In response to the allegations contained in paragraph 12 of the First Amended and Restated Complaint, Defendant admits that Plaintiff and Defendant provide products and services to customers in the oil and gas industry, and specifically to customers requiring certain types of testing equipment.  Defendant denies the remainder of the allegation contained in paragraph 12 of the First Amended and Restated Complaint.

13.     In response to the allegations contained in paragraph 13 of the First Amended and Restated Complaint, Defendant denies that it has engaged in infringement.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 13 of the First Amended and Restated Complaint, including the allegations in footnote 3 of paragraph 13, and, therefore, denies the allegations.  With respect to footnote 3 of paragraph 13, Defendant denies that Exhibit 5 of the First Amended and Restated Complaint has been properly filed or submitted to the Court.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended and Restated Complaint and, therefore, denies the allegations.

15.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended and Restated Complaint regarding whether Plaintiff was or is a "contractor" or "seller" to Halliburton, Inc., whether Plaintiff was "required to execute Halliburton's Master Purchase Agreement," or whether Plaintiff "agreed to refrain from specific precluded actions which would otherwise cause undue influence and favoritism regarding Halliburton's third party contractual decisions," and, therefore, denies the allegations.   Defendant admits that it has previously been engaged by Halliburton, Inc. to perform certain work, that it is a "contractor" and "seller" to Halliburton, Inc., and that it executed an agreement with Halliburton, Inc.  As to whether Defendant "agreed to refrain from specific precluded actions which would otherwise cause undue influence and favoritism regarding Halliburton's third party contractual decisions," this allegation calls for a legal conclusion and, therefore, no response from Defendant is required.

16.     Defendant denies the allegations contained in paragraph 16 of the First Amended and Restated Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the First Amended and Restated Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the First Amended and Restated Complaint.

19.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended and Restated Complaint and, therefore, denies the allegations.  With respect to footnote 4 of paragraph 19, Defendant denies that Exhibit 4 of the First Amended and Restated Complaint has been properly filed or submitted to the Court.

20.     Defendant denies the allegations contained in paragraph 20 of the First Amended and Restated Complaint.

21.     In response to the allegations contained in paragraph 21 of the First Amended and Restated Complaint, Defendant denies that it has engaged in infringement.  Further, Defendant's "Bunker Test Systems" speak for themselves.   Defendant also affirmatively asserts that Plaintiff's attempt to elicit claim constructions at this stage of the litigation is premature and improper.  Defendant denies the remainder of the allegations contained in paragraph 21 of the First Amended and Restated Complaint.  With respect to footnote 5 of paragraph 21, Defendant denies that Exhibit 5 of the First Amended and Restated Complaint has been properly filed or submitted to the Court.

22.     In response to the allegations contained in paragraph 22 of the First Amended and Restated Complaint, Defendant admits that Plaintiff has requested access to Defendant's systems through correspondence from Plaintiff's attorneys, but denies that Defendant has been "repeatedly evasive regarding such inquiries."  Defendant denies the remainder of the allegations contained in paragraph 22 of the First Amended and Restated Complaint.  With respect to footnotes 6 and 7 of paragraph 22, Defendant denies that Exhibits 6, 7, and 8 of the First Amended and Restated Complaint have been properly filed or submitted to the Court.

23.     Defendant denies the allegations contained in paragraph 23 of the First Amended and Restated Complaint.  Moreover, Defendant denies that Plaintiff is entitled to any relief whatsoever.

24.     In response to the allegations contained in paragraph 24 of the First Amended and Restated Complaint, Defendant incorporates by reference its responses to each and every

allegation set forth in paragraphs 1 through 23 of the First Amended and Restated Complaint as if fully set forth herein.

25.     In response to the allegations in paragraph 25 of the First Amended and Restated Complaint, Defendant admits that Terry Lavergne is listed as the sole named inventor on the face of the '428 Patent.  Defendant lacks knowledge or information to form a belief as to the truth of the remained of the allegations contained in paragraph 25 of the First Amended and Restated Complaint and, therefore, denies the allegations.

26.     The allegation contained in paragraph 26 of the First Amended and Restated Complaint is merely a statement of law that requires no response.  Notwithstanding, Defendant denies that the '428 Patent is valid and/or enforceable.  Defendant further denies Plaintiff is entitled to relief against Defendant.

27.     Defendant admits that it provides high pressure pneumatic safety testing equipment within the Unites States, but denies the remainder of the allegations contained in paragraph 27 of the First Amended and Restated Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the First Amended and Restated Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the First Amended and Restated Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the First Amended and Restated Complaint.  Further, Defendant denies that Exhibits 6 and 7 of the First Amended and Restated Complaint have been properly filed or submitted to the Court

31.     Defendant denies the allegations contained in paragraph 31 of the First Amended and Restated Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the First Amended and Restated Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the First Amended and Restated Complaint.

34.     In response to the allegations contained in paragraph 34 of the First Amended and Restated Complaint, Defendant incorporates by reference its responses to each and every allegation set forth in paragraphs 1 through 33 of the First Amended and Restated Complaint as if fully set forth herein.

35.     Defendant denies the allegations contained in paragraph 35 of the First Amended and Restated Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the First Amended and Restated Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the First Amended and Restated Complaint.

38.     Paragraph 38 of the First Amended and Restated Complaint merely requests relief and, therefore, does not require a response.  Notwithstanding, Defendant denies that Plaintiff is entitled to any relief from Defendant including, without limitation, attorney's fees and expenses.

39.     Paragraph 39 of the First Amended and Restated Complaint requests a trial by jury.  Defendant also requests a trial by jury on all issues so triable.

40.     The remainder of the allegations in the First Amended and Restated Complaint are merely requests for relief.  Notwithstanding, Defendant denies that Plaintiff is entitled to any relief against it.

41.     To the extent any allegation contained in the First Amended and Restated Complaint is not expressly admitted above, Defendant denies such allegation.

42.     Defendant asserts that at least Plaintiff's LUTPA claim (Count II) is groundless and has been brought in bad faith or for purposes of harassment such that Defendant is entitled to reasonable attorney fees, expenses, and costs under La. Rev. Sta. § 51:1409(A).

### III.  AFFIRMATIVE DEFENSES

The burden of proof with respect to any of the defenses and issues listed below are as provided by United States statutes and case law.  Listing the defenses below as "Affirmative Defenses" is not intended and should not be construed to shift the burden of proof to Defendant with respect to any issue for which Plaintiff carries the burden of proof.

### FIRST DEFENSE
### (PATENT INVALIDITY/UNENFORCEABILITY
### FOR FAILURE TO COMPLY WITH 35 U.S.C. §102)

43.     The '428 Patent is invalid and/or unenforceable for failing to comply with 35 U.S.C. § 102.  Defendant is entitled to and hereby demands trial by jury on this defense because Plaintiff has requested monetary damages in paragraphs 25, 26 and VI(b), (c), and (d) of the Amended Complaint [Doc. 23].  *See In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005); *Tegal Corp. v. Tokyo Electron American, Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001); *In re Lockwood*, 50 F.3d 966, 980 (Fed. Cir. 1995) , *reh'g in banc denied*,  33 USPQ2d 1907 (Fed. Cir. 1995) (Nies, J. dissenting), *cert. granted*,  515 U.S. 1121 (1995), *judgment vacated*, 515 U.S. 1182 (1995) (vacated after patentee Lockwood withdrew jury demand).  *See also* Federal Circuit Bar Association, Model Patent Jury Instructions (January 2016) at A.5, B.4, B.4.3(a) (hereinafter "MPJI ___).

### SECOND DEFENSE
### (PATENT INVALIDITY/UNENFORCEABILITY

**FOR FAILURE TO COMPLY WITH 35 U.S.C. §103)**

44.     The '428 Patent is invalid and/or unenforceable for failing to comply with 35 U.S.C. § 103.  Defendant is entitled to and hereby demands trial by jury on this defense because Plaintiff has requested monetary damages in paragraphs 25, 26 and VI(b), (c), and (d) of the Amended Complaint [Doc. 23.  *See In re Tech. Licensing Corp.*, 423 F.3d at 1290-91; *Tegal Corp.*, 257 F.3d at 1341; *In re Lockwood*, 50 F.3d at 980; *see also* MPJI A.5, B.4, B.4.3(c).

**THIRD DEFENSE**
**(PATENT INVALIDITY/UNENFORCEABILITY**
**FOR FAILURE TO COMPLY WITH 35 U.S.C. §112)**

45.     The '428 Patent is invalid and/or unenforceable for failing to comply with 35 U.S.C. § 112.  Defendant is entitled to and hereby demands trial by jury on its defense that the '428 Patent is invalid and/or unenforceable due to indefiniteness, lack of written description, and/or lack of enablement under 35 U.S.C. § 112 because the issues of enablement and definiteness are amenable to resolution by the jury where the issues are factual in nature.  *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003); *see also* MPJI A.5, B.4.2a, B.4.2b.

**FOURTH DEFENSE**
**(NON-INFRINGEMENT)**

46.     Assuming, *arguendo*, that the '428 Patent is valid under Title 35 of the United States Code, Defendant has not directly infringed and does not infringe, directly, contributorily or by inducement, willfully or otherwise, any valid claim of the '428 Patent under 35 U.S.C. § 271 and is not liable for any acts of infringement of the '428 Patent.  Defendant is entitled to and hereby demands trial by jury on this defense because a determination of patent infringement, whether literal or by equivalence, is a question of fact.  *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1279 (Fed. Cir. 2011); *ACCO Brands,*

*Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).  Defendant further is entitled to and hereby demands trial by jury on this defense because Plaintiff has requested monetary damages in paragraphs 25, 26 and VI(b), (c), and (d) of the Amended Complaint [Doc. 23].  *See In re Tech. Licensing Corp.*, 423 F.3d at 1290-91); *Tegal Corp.*, 257 F.3d at 1341; *In re Lockwood*, 50 F.3d at 980; *see also* MPJI B.3.

### FIFTH DEFENSE
### (STATUTE OF LIMITATIONS)

47.     To the extent Plaintiff seeks recovery based any alleged act allegedly committed in violation the Louisiana Unfair Trade Practice Act, such claim is barred by the statute of limitations contained in Louisiana Revised Statutes § 51:1409.

48.     Defendant further relies on all applicable statutes of limitations if proven applicable by investigation and discovery.

49.     Defendant hereby demands trial by jury on this defense because the fact-intensive inquiry of when a party knew, or, in the exercise of reasonable diligence, should have known, of the alleged wrongdoing is typically appropriate for consideration by a jury.  *Sudo Props., Inc. v. Terrebonne Par. Consol. Gov't*, 503 F.3d 371, 376 (5th Cir. 2007) (in context of determining statute of limitations under the 1933 and 1934 Securities Acts).

### SIXTH DEFENSE
### (LACHES)

50.     Plaintiff's claims, separately and severally, are barred by the doctrines of laches. Defendant is entitled to and hereby demands trial by jury on its laches defense because the existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case.  *Terry v. Prairie Oil & Gas Co.*, 83 F.2d 843, 846 (5th

Cir. 1936) ("It is fundamental that the plea of laches is not controlled by limitation or mere passage of time and always presents a question of fact."); *see also* MPJI B.5.2.

## SEVENTH DEFENSE
## (ESTOPPEL)

51.      Plaintiff's claims, separately and severally, are barred by the doctrine of estoppel. *See* MPJI B.5.3.

## EIGHTH DEFENSE
## (WAIVER)

52.      Plaintiff's claims, separately and severally, are barred by the doctrine of waiver. Defendant is entitled to and hereby demands trial by jury on its waiver defense because waiver is usually a question of fact to be determined by the jury.  *See Highlands Ins. Co. v. Allstate Ins. Co.*, 688 F.2d 398, 404 (5th Cir. 1982).

## NINTH DEFENSE
## (UNDUE DELAY-"PROSECUTION LACHES")

53.      Plaintiff's claims, separately and severally, are barred by the doctrine of undue delay.  MPJI B.5.4.

## TENTH DEFENSE
## (UNCLEAN HANDS)

54.      Through discovery and otherwise, Defendant intends to develop evidence that some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Defendant is entitled to and hereby demands trial by jury on its unclean hands defense because the alleged wrongdoing giving rise to "unclean hands" and the effect they have on the equities to be weighed in resolving the claim present material questions of fact that should be decided by the jury.  *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 842 n.5 (5th Cir. 2004).  Other Circuit and District Courts have similarly held that the unclean hands defense involves questions of fact.

*Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 799 (9th Cir. 1992) ("The application of the unclean hands doctrine raises primarily a question of fact."); *Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837, 847 (N.D. Tex. 2011) ("Whether Paddle Tramps has unclean hands is a question of fact; should a genuine issue of material fact exist as to Paddle Tramps's intent to derive benefit from the Greek Organizations' goodwill, the matter should be resolved by a jury."); *see also* MPJI B.5.5.

## ELEVENTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL AS APPLIED TO CLAIM CONSTRUCTIONS)

55.     Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the '428 Patent, from asserting any construction of any of the claims of the '428 Patent that contradicts or is inconsistent with arguments made during the prosecution of the '428 Patent.

## TWELFTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL AS APPLIED TO THE DOCTRINE OF EQUIVALENCE)

56.     The doctrine of prosecution history estoppel precludes reliance by Plaintiff upon the doctrine of equivalence.

## THIRTEENTH DEFENSE
## (FAILURE TO STATE A CLAIM)

57.     The First Amended Complaint fails to state a claim upon which relief can be granted because Defendant has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Plaintiff.

## FOURTEENTH DEFENSE
## (LACK OF STANDING)

58.     As and for a separate affirmative defense, Plaintiff lacks standing to sue for infringement of the '428 Patent because there is no evidence of assignment of right, title, and/or

interest of the '428 Patent (including, without limitation, any rights to sue for past, present, and future infringement) to Plaintiff.

## FIFTEENTH DEFENSE
## (PATENT MARKING)

59.     As and for a separate affirmative defense, Defendant alleges that any claim for damages for patent infringement by Plaintiff is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.  Defendant hereby demands trial by jury on this defense because compliance with the marking statute, 35 U.S.C. § 287(a), is a question of fact.  *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

## SIXTEENTH DEFENSE
## (LIMITATION ON DAMAGES)

60.     As and for a separate affirmative defense, Defendant alleges that Plaintiff's damages, if any, are limited pursuant to 35 U.S.C. §§ 286 and 288.

## SEVENTEENTH DEFENSE
## (INEQUITABLE CONDUCT/EXCEPTIONALITY)

61.     Defendant reserves the right to allege, as and for separate affirmative defenses, claims of inequitable conduct and/or exceptionality if the discovery and evidence support such claims.  Defendant also reserves the right to trial by jury on this issue.  *See* MPJI B.5.1.

## EIGHTEENTH DEFENSE
## (LACK OF WILLFULNESS)

62.     Although Defendant denies that infringement has occurred, Defendant denies that, to the extent infringement is found to have occurred, such infringement was willful.

63.     Defendant further asserts that it was not provided proper notice such that a finding of willfulness is unavailable.

64.    Defendant hereby demands trial by jury on this defense because whether infringement is willful is a question of fact.  *ACCO Brands, Inc.*, 501 F.3d at 1311; *see also* MPJI A.5, B.3.10.

### NINETEENTH DEFENSE
### (REQUEST FOR ATTORNEY FEES AND EXPENSES BARRED)

65.    Plaintiff is not entitled to attorney fees and expenses under 35 U.S.C. § 285 because it cannot be established that this is an exceptional case.

### TWENTIETH DEFENSE
### (PREEMPTION)

66.    Plaintiff's claim under the Louisiana Unfair Trade Practices Act (¶¶ 28-30 of First Amended Complaint) is preempted.

### TWENTY-FIRST DEFENSE
### (TRADE DRESS INVALIDITY)

67.    Plaintiff's alleged trade dress is invalid.  Defendant is entitled to and hereby demands trial by jury on its defense because categorization as a trademark as "generic," "descriptive," "suggestive," or "arbitrary or fanciful" for purposes of determining trademark protection is a question of fact.  *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 232 (5th Cir. 2009) (citing *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1183 n.12 (5th Cir. 1980)).  Defendant further is entitled to and hereby demands trial by jury on its defense because whether a mark is inherently distinctive and whether it has acquired secondary meaning are questions of fact.  *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010).

### TWENTY-SECOND DEFENSE
### (TRADE DRESS FUNCTIONALITY)

68.    Plaintiff's alleged trade dress is invalid as functional.  Defendant is entitled to and hereby demands trial by jury on its defense because the functionality of a proposed trade dress is a question of fact.  *In re Becton, Dickinson & Co.*, 675 F.3d 1368, 1372 (Fed. Cir. 2012).

Defendant further is entitled to and hereby demands trial by jury on its defense because whether a mark is inherently distinctive and whether it has acquired secondary meaning are questions of fact. *Amazing Spaces, Inc.*, 608 F.3d at 234.

**TWENTY-THIRD DEFENSE**
**(LACK OF SECONDARY MEANING AND DISTINCTIVENESS)**

69.      Plaintiff's alleged trade dress is invalid and/or is unprotectable because it has not acquired secondary meaning nor is it inherently distinctive.  Defendant is entitled to and hereby demands trial by jury on its defense because whether a mark is inherently distinctive and whether it has acquired secondary meaning are questions of fact. *Amazing Spaces, Inc.*, 608 F.3d at 234. Defendant further is entitled to and hereby demands trial by jury on this counterclaim because application of a test that relies upon an ordinary consumer's understanding of the impression that a mark conveys falls comfortably within the ken of a jury. *Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907, 911, 190 L. Ed. 2d 800 (2015).

**TWENTY-FOURTH DEFENSE**
**(NO LIKELIHOOD OF CONFUSION)**

70.      Plaintiff's purported trade dress is not likely to be confused with any trade dress associated with Defendant's product(s).  Defendant is entitled to and hereby demands trial by jury on its defense because likelihood of confusion is a question of fact. *Blue Bell Bio-Med. v. Cin-Bad, Inc.*, 864 F.2d 1253, 1259 (5th Cir. 1989).  Defendant further is entitled to and hereby demands trial by jury on this counterclaim because application of a test that relies upon an ordinary consumer's understanding of the impression that a mark conveys falls comfortably within the ken of a jury. *Hana Fin., Inc.*, 135 S. Ct. at 911.

**TWENTY-FIFTH DEFENSE**
**(NO OWNERSHIP)**

71.     Plaintiff does not own any right to the purported trade dress referenced in the First Amended Complaint.  Defendant is entitled to and hereby demands trial by jury on its defense because categorization as a trademark as "generic," "descriptive," "suggestive," or "arbitrary or fanciful" for purposes of determining trademark protection is a question of fact.  *Xtreme Lashes, LLC*, 576 F.3d at 232 (citing *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1183 n.12 (5th Cir. 1980)).

## TWENTY-SIXTH DEFENSE
## (STATUTE OF LIMITATIONS)

72.     Plaintiff's LUTPA claim is barred by La. Rev. Stat. § 51:1409(E).

73.     Defendant reserves the right to assert additional defenses upon additional discovery and as permitted by the Court.

74.     Defendant requests the Court determine this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award to Defendant its reasonable attorney fees, expenses, and costs.

## IV. COUNTERCLAIMS

Defendant/Counterclaimant PHC Fluid Power, L.L.C. ("Counterclaimant"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following counterclaims against Counterclaim Defendant Total Rebuild, Inc. ("Counterclaim Defendant"):

## PARTIES

75.     Counterclaimant is a Delaware limited liability company.

76.     According to Counterclaim Defendant's First Amended and Restated Complaint, Counterclaim Defendant is a Louisiana corporation with its principal place of business in Lafayette, Louisiana.

## JURISDICTION AND VENUE

77.     This is an action arising under the Patent Act, 35 U.S.C. § 100, et seq., and the declaratory judgment provisions of 28 U.S.C. §§ 2201, 2002.

78.     Counterclaim Defendant contends that this Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1331 (Federal Question) and § 1338(a) and (b) (Patents) because it is a civil action involving a federal question. The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 2201.

79.     Venue is proper in this District under 28 U.S.C. § 1391(b).  Further, venue is proper in this District because Counterclaim Defendant is transacting affairs in this District, including bringing suit against Counterclaimant in this District.

80.     On June 11, 2015, Counterclaim Defendant filed in this Court a Complaint against Counterclaimant alleging infringement of U.S. Patent No. 8,146,428 (the "'428 Patent").

81.     On September 11, 2015, Counterclaim Defendant filed in this Court a First Amended and Restated Complaint.

82.     Counterclaim Defendant asserts that it owns all right, title, and interest to the '428 Patent.

83.     There is an actual, substantial and continuous justiciable controversy between Counterclaimant and Counterclaim Defendant regarding the alleged validity and infringement of the '428 Patent.

**FIRST COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S.
PATENT NO. 8,146,428 FOR FAILURE TO COMPLY WITH
35 U.S.C. § 102 (LACK OF NOVELTY))**

84.     Counterclaimant incorporates by reference the allegations contained in paragraph 1 through 9 as if set forth fully herein.

- 18 -

85.    The '428 Patent, and each and every claim, thereof, is invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

86.    Accordingly, Counterclaimant requests that the Court enter a declaratory judgment that the '428 Patent is invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. §  102.

87.    Counterclaimant requests the Court determine this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award to Counterclaimant its reasonable attorney fees, expenses, and costs.

88.    Defendant is entitled to and hereby demands trial by jury on this counterclaim as it pertains to  because Plaintiff has requested monetary damages in paragraphs 25, 26 and VI(b), (c), and (d) of the Amended Complaint [Doc. 23].  *See In re Tech. Licensing Corp.*, 423 F.3d at 1290-91; *Tegal Corp.*, 257 F.3d at 1341; *In re Lockwood*, 50 F.3d at 980; *see also* MPJI A.5, B.4, B.4.3(a).

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,146,428 FOR FAILURE TO COMPLY WITH 35 U.S.C. § 103 (NON-OBVIOUSNESS))

89.    Counterclaimant incorporates by reference the allegations contained in paragraph 1 through 9 as if set forth fully herein.

90.    The '428 Patent, and each and every claim, thereof, is invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

91.    Accordingly, Counterclaimant requests that the Court enter a declaratory judgment that the '428 Patent is invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. §  103.

92.     Counterclaimant requests the Court determine this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award to Counterclaimant its reasonable attorney fees, expenses, and costs.

93.     Defendant is entitled to and hereby demands trial by jury on this counterclaim as it pertains to  because Plaintiff has requested monetary damages in paragraphs 25, 26 and VI(b), (c), and (d) of the Amended Complaint [Doc. 23].  *See In re Tech. Licensing Corp.*, 423 F.3d at 1290-91; *Tegal Corp.*, 257 F.3d at, 1341; *In re Lockwood*, 50 F.3d at 980; *see also* MPJI A.5, B.4, B.4.3(c).

## THIRD COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,146,428 FOR FAILURE TO COMPLY WITH 35 U.S.C. § 112 (INDEFINITENESS AND LACK OF WRITTEN DESCRIPTION))

94.     Counterclaimant incorporates by reference the allegations contained in paragraph 1 through 9 as if set forth fully herein.

95.     The '428 Patent, and each and every claim, thereof, is invalid for failure to satisfy the conditions for patentability in 35 U.S.C. § 112(1) and (6) (pre-AIA).

96.     Accordingly, Counterclaimant requests that the Court enter a declaratory judgment that the '428 Patent is invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § 112(1) and (6) (pre-AIA).

97.     Counterclaimant requests the Court determine this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award to Counterclaimant its reasonable attorney fees, expenses, and costs.

98.     Defendant is entitled to and hereby demands trial by jury on this counterclaim that the '428 Patent is invalid and/or unenforceable due to indefiniteness under 35 U.S.C. § 112

because the issue of definiteness is amenable to resolution by the jury where the issues are factual in nature.  *BJ Servs. Co.*, 338 F.3d at 1372; *see also* MPJI A.5, B.4.2a.

## FOURTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,146,428 FOR FAILURE TO COMPLY WITH 35 U.S.C. § 112 (LACK OF ENABLEMENT))

99.     Counterclaimant incorporates by reference the allegations contained in paragraph 1 through 9 as if set forth fully herein.

100.     The '428 Patent, and each and every claim, thereof, is invalid for failure to satisfy the conditions for patentability in 35 U.S.C. § 112(1) (pre-AIA).

101.     Accordingly, Counterclaimant requests that the Court enter a declaratory judgment that the '428 Patent is invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § 112(1) (pre-AIA).

102.     Counterclaimant requests the Court determine this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award to Counterclaimant its reasonable attorney fees, expenses, and costs.

103.     Defendant is entitled to and hereby demands trial by jury on this counterclaim that the '428 Patent is invalid and/or unenforceable due to lack of enablement under 35 U.S.C. § 112 because the issue of enablement is amenable to resolution by the jury where the issues are factual in nature.  *BJ Servs. Co.* 338 F.3d at 1372; *see also* MPJI A.5, B.4.2b.

## FIFTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,146,428)

104.     Counterclaimant incorporates by reference the allegations contained in Paragraphs 1 through 9, as if fully set forth herein.

105.     Assuming, *arguendo*, that the '428 Patent is valid under Title 35 of the United States Code, Counterclaimant has not infringed, and currently does not infringe, the '428 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any manner.

106.     Counterclaimant is entitled to a declaratory judgment that Counterclaimant does not infringe any valid and enforceable claim of the '428 Patent.

107.     Counterclaimant requests the Court determine this to be an exceptional case within the meaning of 35 U.S.C. § 285, and award to Counterclaimant its reasonable attorney fees, expenses, and costs.

108.     Defendant is entitled to and hereby demands trial by jury on this counterclaim because a determination of patent infringement, whether literal or by equivalence, is a question of fact.  *Siemens Med. Solutions USA, Inc.*, 637 F.3d at 1279; *ACCO Brands, Inc.*, 501 F.3d at 1311.  Defendant further is entitled to and hereby demands trial by jury on this counterclaim because Plaintiff has requested monetary damages in paragraphs 25, 26 and VI(b), (c), and (d) of the Amended Complaint [Doc. 23].  *See In re Tech.*, 423 F.3d at 1290-91; *Tegal Corp.*, 257 F.3d at 1341; *In re Lockwood*, 50 F.3d at 980; *see also* MPJI B.3.

## V.   PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant requests the following relief:

1.     Dismissal of Plaintiff/Counterclaim Defendants' claims with prejudice;

2.     Entry of an order that Plaintiff/Counterclaim Defendant shall take no relief from its First Amended and Restated Complaint herein;

3.     Entry of a declaratory judgment that the '428 Patent is invalid and/or unenforceable;

4.      Entry of a declaratory judgment that Defendant/Counterclaimant has not infringed any valid claim of the '428 Patent;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Defendant/Counterclaimant its reasonable attorney fees, expenses, and costs;

6.      A judgment and order finding that Plaintiff's LUTPA claim (Count II) is groundless and has been brought in bad faith or for purposes of harassment such that Defendant is entitled to reasonable attorney fees, expenses, and costs under La. Rev. Sta. § 51:1409(A); and

7.      Any and all other relief that the Court deems just and proper.

## VI. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and to the extent not already specified above, Defendant/Counterclaimant requests a trial by jury on all issues so triable.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

 s/  *Warner Joseph Delaune*
Warner Joseph Delaune (LA Bar No. 20780)
450 Laurel Street, 20th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7032
Fax: (225) 382-0232
wdelaune@bakerdonelson.com

 s/  *Samuel F. Miller*
Samuel F. Miller (TN BPR No. 22936)
*(Admitted Pro Hac Vice)*
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5594
Fax: (615) 744-5594
smiller@bakerdonelson.com

- 23 -

Nicholas L. Vescovo (TN BPR No. 30387)
*(Admitted Pro Hac Vice)*
2000 First Tennessee Building
165 Madison Avenue
Memphis, TN  38103
Telephone: (901) 577-8103
Fax:  (901) 577-0801
nvescovo@bakerdonelson.com

*Attorneys for PHC Fluid Power, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 9th day of August 2016, a copy of the foregoing was served on counsel of record listed below, via the Court's CM/ECF system, as Exhibit 1 to Defendant's Motion for Leave to Amend:

William W. Stagg
Chase A. Manuel
Steven G. Durio
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA 70505-1308

*s/ Samuel F. Miller*
Samuel F. Miller