# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TOTAL REBUILD, INC., § § § Plaintiff, § § vs. § § PHC FLUID POWER, L.L.C. § § § Defendant. § | Civil Action No. 6:15-cv-01855-RFD-CBW JUDGE DOHERTY MAGISTRATE WHITEHURST |

## SWORN WRITTEN STATEMENT OF TOTAL REBUILD, INC.

NOW INTO COURT, through undersigned counsel, comes Total Rebuild, Inc. ("Total"), a corporation organized and existing under the laws of the State of Louisiana with its principal place of business at 421 Industrial Parkway, Lafayette, Louisiana 70508, who respectfully represents that:

1.

Neither Total, its owner, Terry J. Lavergne ("Mr. Lavergne"), or its employees have any further tangible documents in their possession, custody, or control related to Total's business relevant to the present case and to Defendant's discovery requests, to date, for the period from the formation of Total through August 7, 2007. Total has and continues to inspect Total's tangible document storage for any further relevant documents and things which may be responsive to Defendant's discovery requests. No such further responsive documents and things have been found as of this date.

2.

Total's document retention policy is to shred the business documents for the oldest year every year and keep the previous seven years of records as instructed by Total's certified public accountant. There is no specific person in charge of document disposal. There is no specified time of year in which documents are disposed of. When Total has temporary help or spare time, employees clean out old folders and replace them with more recent years. All electronic documents for the current year are kept in an electronic format for use during the current fiscal year. All previous year's electronic documents are put in printed versions to be maintained/disposed of as per the 7 year policy. After printing, All previous year's electronic documents are then purged from Total's system. Physical documents are disposed of by shredding at Total's business location, wherein the remaining shredded pieces are then given to Total's normal garbage collection service.

3.

Neither Total, its owner, Mr. Lavergne, or its employees have any further electronic documents, including without limitation email, invoices, and design documents, relevant to the present case and to Defendant's discovery requests, to date, in their possession, custody, or control for the period from formation of Total through August 7, 2007. Total has and continues to inspect Total's electronic document repositories (computers, phones, email accounts, etc.) for any further relevant electronic documents which may be responsive to Defendant's discovery requests. No such further responsive electronic documents have been found as of this date.

4.

It is believed that the physical photographs contained in Exhibit B to Total's Answers to Defendant's First Interrogatories and Responses to First Requests for the Production of

Documents and Things are located in the storage area of Total. Though, after production, such photographs may have been subject to the flooding of Total's facility in the Acadiana Area flood in August of 2016, either being moved afterward or possibly damaged or destroyed due to water. Total is in the process of attempting to locate and confirm the physical location of these photos.

5.

Searches to locate information responsive to Interrogatories Nos. 3, 4, 7, 19 and 22 to Defendant's First Interrogatories and First Requests for the Production of Documents and Things were conducted approximately between August 5, 2016 and September 2, 2016, October 7, 2016 and October 27, 2016, and December 1, 2016 through present. The searches were conducted by Mr. Lavergne and Ms. Cassie Hebert, office manager of Total. The searches were conducted at Total's place of business at 421 Industrial Parkway, Lafayette, Louisiana 70508 and included searches of their current year business records in Total's business office, boxed documents in storage at Total's facility, computer hard discs, including financial management software, word processors, and excel spreadsheets, and email accounts. The search terms and other parameters used by Total to identify and collect information and documents for production were searches of Total's repositories for the term, "Test System" which was believed would collect all documents and references pertaining to the '428 Patent, anything that may refer to the conception and reduction to practice of the '428 Patent, Total's Patented Safety Test System, and the antedated "Millennium Test System" products. Further, with regard to searches of invoices, quotes, and other business documents relating to services provided by Total with Total's Patented Safety Test System and the "Millennium Test System" products, documents were reviewed for high value

notations, which were then collected and reviewed for confirmation as responsive to PHC's discovery.

**Sworn to and subscribed** before me, the undersigned notary, on this 24th day of February, 2017.

_____
Cassie Hebert,
Office Manager, Total Rebuild, Inc.

_____
NOTARY PUBLIC
Chase A. Manuel
Bar Roll #: 35223
Parish and State: Lafayette, LA
My Commission Expires: Death