# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Total Rebuild, Inc. | Civil Action No. 6:15-cv-1855 |
| versus | Judge Rebecca F. Doherty |
| PHC Fluid Power, LLC | Magistrate Judge Carol B. Whitehurst |

## <u>MEMORANDUM RULING AND ORDER</u>

Before the Court is an affidavit in support of requested attorneys' fees, filed by Defendant PHC Fluid Power, LLC ("PHC").  (Doc. 98.)  After granting in part and denying in part PHC's motion to compel filed against Plaintiff Total Rebuild, Inc. ("Total"), the undersigned directed PHC to provide the Court with an affidavit setting forth its attorneys' fees and expenses incurred in preparing and submitting its Motion to Compel Discovery Responses.  (Doc. 97.)

In compliance with the Court's directive, PHC has submitted the Affidavit of Nicholas R. Valenti, along with supporting documentation of the schedule of time spent by various attorneys who performed work relating to PHC's Motion to Compel. (Doc. 98-1.)  Review of the affidavit reveals that PHC seeks a total award of $33,025.50 in attorneys' fees for Samuel Miller, Warner J. Delaune, and Nicholas R. Valenti, and an individual identified as Mrs. Woodhouse.  (Doc. 98-1 at ¶¶ 4-7, 13.)

## ANALYSIS

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorney fees. *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994). Under the "lodestar" analysis, a two-step procedure is used. *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers, *Id.,* then multiplies the reasonable hours by the reasonable hourly rates. The product is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case assessing twelve relevant factors. *In re Fender*, 12 F.3d at 487. The twelve factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

-2-

The Supreme Court has barred the use of the sixth factor – whether the fee is fixed or contingent, *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996), citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) – and has greatly limited the use of the second, third, eighth, and ninth factors, holding that the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  "[E]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker*, 99 F.3d at 771–72.

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on its prevailing claim.  *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).  An applicant does not have the right to bill for time on issues on which he did not prevail. *Walker*, 99 F.3d at 769.  The applicant must also submit adequately-documented time records to the court.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  Using the time records as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented.  *Id*.  Hours that

result from the case being overstaffed and hours that, although actually expended, are excessive, redundant, or otherwise unnecessary, should be excluded from the calculation. *Leroy*, 906 F.2d at 1079.  For example, the time of two or three attorneys in a courtroom or conference when one would do may be discounted.  Finally, a district court also may reduce the number of hours awarded if the documentation is vague or incomplete. *Louisiana Power & Light Co.*, 50 F.3d at 324.

In this case, PHC seeks a total award of  $33,025.50 in attorneys' fees, which breaks down as follows:

(1)   Miller -   (a) 2016 - .01 hours at $405/hour = $40.50.
                 (b) 2017 - 4.5 hours at $415/hour = $1,867.50

(2)   Delaune -   (a) 2016 - 4.6 hours at $405/hour = $1,863
                  (b) 2017 - 24.2 hours at $415/hour = $10,043

(3)   Valenti -   (a) 2016 - 10.4 hours at $260/hour = $2,704
                  (b) 2017 - 58.9 hours at $275/hour = $16,197.50

(4)   Woodhouse - 2017 - 1 hour at $310/hour = $310.

(Doc. 98 at 1 at ¶ 13.)  In support of the attorneys' fee request, Valenti has attached to his affidavit a detailed schedule of hours and fees for the work performed in preparing and submitting the Motion to Compel.  The attachment details work performed by Valenti, Miller, Delaune, and Woodhouse.[1] Valenti states that "[o]nly

---

[1]  While not expressly indicating whether Woodhouse is an attorney, Valenti states in his affidavit that her hourly rate is $310/hour.  (Doc. 98-1 at ¶ 13.)

time expended on activities relating to the Motion to Compel is included in the total fees requested." (Doc. 98-1 at ¶ 9.)

Review of the detailed billing summaries provided by Valenti leads the undersigned to conclude that the total requested hours for the work performed are excessive and that some of the work is duplicative. The summary of fees depicts three skilled attorneys in intellectual property issues working extensive hours in connection with this discovery matter. Many entries, however, list excessive amounts of hours spent by all three attorneys in the researching, reviewing, conferring amongst themselves, and drafting of the Motion to Compel and related reply brief. The entries also reflect instances of duplicative work by these attorneys. It is also important to note that PHC did not prevail as to all aspects of the Motion to Compel. The Court, therefore, finds it appropriate to reduce each of the attorney's hours by 40% to reflect a reasonable amount of hours worked on this discovery matter. Accordingly, the Court will reduce each attorney's bill for hours worked by 40% as follows:

(1)   Miller -    (a) 2016 - .01 hours to .0060 hours.
                  (b) 2017 - 4.5 hours 2.7 hours

(2)   Delaune -   (a) 2016 - 4.6 hours 2.76 hours
                  (b) 2017 - 24.2 hours to 14.52 hours

(3)   Valenti -   (a) 2016 - 10.4 hours to 6.24 hours
                  (b) 2017 - 58.9 hours 35.34 hours

-5-

(4)     Woodhouse - (a) 2017 - 1 hour to .60 hours

Next, reasonable hourly rates for the PHC's attorneys must be determined.
Attorneys' fees are to be calculated at the "prevailing market rates in the relevant
community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  A reasonable rate is the
market rate.  The "relevant community" for the purpose of awarding attorney fees is
the judicial district in which the litigation occurred.  *Conner v. Mid South Insurance
Agency, Inc*., 943 F. Supp. 663, 667 (W.D. La 1996) (citing *Blum*, 465 U.S. at 894).

In his affidavit, Valenti states that his billing rates for 2016 and 2017 are
$260/hour and $275/hour, respectively. (Doc. 98-1 at ¶ 7.) Valenti further states that
the billing rates for Miller and Delaune in 2016 and 2017 are $405/hour and
$415/hour respectively and that the billing rate for Woodhouse in 2017 is $310/hour.
(Doc. 98-1 at ¶¶ 5-6.)  None of the attorneys are based in the Western District of
Louisiana.  Furthermore, Valenti provides no information or evidence in his affidavit
to show that any of the requested hourly rates are aligned with the prevailing market
rates for attorneys working on intellectual property cases in this district.

Examination of the jurisprudence of this district indicates the following hourly
rates are reasonable: *Degas v. Mercedes-Benz USA, LLC*, 2015 WL 1198604, at *4
(W.D. La. Mar. 16, 2015) (rate of $275/hour reasonable); *Campbell v. Harold Miller,
Jr. Trucking & Paving, LLC*, 2014 WL 6389567, at *2 (W.D. La. 2014) (rate of

-6-

$250/hour reasonable); *Lilies v. Assurance Co. of America*, 2012 WL 5818226, at *4 (W.D. La. 2012) (hourly rate of $262 per hour for plaintiffs' counsel and his colleague is reasonable); *Taken's Marine & Fuel, LLC v. Con Dive, LLC*, 2011 WL 1595274, at *3 (W.D. La. 2011) ($175.00/hour reasonable).  The undersigned acknowledges that the underlying action is a complex patent case.  However, the requested fees pertain to a discovery matter as opposed to a complex dispositive motion.  Based on the undersigned's knowledge of prevailing market rates in this community and the recent awards of reasonable attorney's fees in this district, the undersigned finds that reasonable hourly rate for all attorneys working on the Motion to Compel is most closely aligned with Valenti's hourly rates of $260/hour in 2016 and $275/hour in 2017.

In light of the above, the undersigned recommends that the attorneys' fees be calculated as follows:

(1)   Miller -      (a) 2016 - .0060 hours at $260/hour = $1.56.
                    (b) 2017 - 2.7 hours at $275/hour = $742.50

(2)   Delaune -   (a) 2016 - 2.76 hours at $260/hour = $717.60
                    (b) 2017 - 14.52 hours at $275/hour = $3,993.00

(3)   Valenti -    (a) 2016 - 6.24 hours at $260/hour = $1,622.40
                    (b) 2017 - 35.34 hours at $275/hour = $9,718.50

(4)   Woodhouse - (a) 2017 - .60 hours at $275/hour = $165.00.

The parties have not argued that the *Johnson* factors mandate an enhancement of the lodestar amount. A listing of the factors and analysis of each factor as it applies in this case follows.

(1) Time and labor involved: The lodestar adequately compensates for the time and labor involved.

(2) Novelty and difficulty of the questions: There is no evidence that the facts or the underlying legal theories involved in connection with this discovery dispute were novel or overly difficult, and this factor is subsumed in the lodestar analysis.

(3) The skill required to perform the legal services properly: The hourly rate adequately compensates counsel for the level of skill required to handle this matter competently.

(4) Preclusion of other employment: There is no evidence to establish that the handling of this case precluded handling of other cases by PHC's counsel, and this factor is subsumed in the lodestar analysis.

(5) Customary fee: In accordance with the foregoing analysis, the hourly rate sought in this case falls within a reasonable range.

(6) Fixed or contingent fee: This factor is not to be considered.

(7) Time limitations: There is no evidence that any extraordinary time limitations or onerous circumstances justify an upward adjustment.

(8)   The time involved and the results obtained: The lodestar adequately compensates for this factor.

(9)   The experience, reputation, and ability of counsel: While it is apparent that the attorneys for PHC are providing competent representation, the lodestar adequately compensates for this factor.

(10)   The undesirability of the case:  Although intellectual property litigation may result in complex legal and factual issues, this factor is adequately compensated by the lodestar.

(11)   The nature and length of the professional relationship with the client:  No evidence has been presented regarding this factor.

(12)   Awards in similar cases: In light of the above analysis, the lodestar amount is entirely reasonable when compared to awards in similar cases.

The lodestar is presumptively reasonable and should be modified only in exceptional cases.  *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993), citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  The undersigned finds that this is not such a case, and the lodestar requires no adjustment.

Accordingly,

**IT IS ORDERED** that Total Rebuild shall pay the **TOTAL SUM** of $16,960.56, representing the reasonable attorneys' fees incurred by PHC in preparing and submitting matters related to its Motion to Compel.[2]

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 23rd day of March, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[2]  PHC provides no information with respect to any requests for related costs and expenses.

-10-