UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

TOTAL REBUILD, INC.                                CIVIL ACTION

VERSUS

PHC FLUID POWER, LLC                               NO: 15-01855-BAJ-CBW

RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 60)** filed by Defendant PHC Fluid Power, LLC. Plaintiff Total Rebuild filed an opposition. (Doc. 66), and Defendant filed a reply. (Doc. 141). For the following reasons the **Motion for Summary Judgment (Doc. 60) is DENIED**.

I. BACKGROUND

This is a patent infringement case. The facts taken in the light most favorable to Plaintiff are as follows. Terry Lavergne has been the sole director, sole owner, and sole shareholder of Total Rebuild, Inc., in Lafayette, Louisiana for nearly twenty years. (Doc. 66-2 at ¶ 2-3). Plaintiff Total Rebuild produces high pressure testing systems. (Doc. 50-7 at p. 4). On August 8, 2008, Lavergne filed a provisional patent application for a high pressure safety system that he invented. *Id.* at p. 5; (Doc. 66-2 at ¶ 7). The United States Patent Office issued Lavergne patent 8,146,428 ("428 Patent") for the system on April 3, 2012. (Doc. 1-4). Lavergne developed the patented safety system at Plaintiff's expense and at Plaintiff's facilities, Plaintiff has received all the profits for the '428 Patent, and all costs and attorney's fees to secure the patent were paid by Plaintiff. (Doc. 66-2 at ¶ 10-14).

About three years after Lavergne received the patent—on March 26, 2015—Lavergne assigned the '428 Patent to Plaintiff in exchange for $1.00. (Doc. 60-2 at p. 3). The Assignment Agreement provides that "Lavergne desires to assign the rights of Assignee and to transfer, sell, assign, and deliver any and all rights that he has or may have in and to said Invention and said Patent, worldwide, to Assignee, Total Rebuild Inc[.]" *Id.* It then states that "[Lavergne] hereby sells, assigns, and transfers to [Total Rebuild] the full and exclusive worldwide right, title and interest in and to said Invention and said Patent[.]" *Id.*

On June, 11, 2015, Plaintiff sued Defendant for patent infringement, and unfair competition and unfair trade practices in violation of the Louisiana Unfair Trade Practices Act. (Doc. 1). Plaintiff alleges that Defendant is its direct competitor and has been using a high pressure safety system that infringes on its patent. *Id.*

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v.*

2

*Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

III. DISCUSSION

   A.   The Assignment Agreement

Defendant contends that because Plaintiff was not assigned rights to the '428 Patent until March 26, 2015, Plaintiff lacks standing to sue for acts of infringement occurring before then. (Doc. 60-3 at p. 3). As a general rule, only a party that possessed legal title to a patent at the time the infringement occurred can bring suit to recover damages for such infringement. *See Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998).[1] But a party may sue for infringement that occurred before it acquired legal title "if a written assignment expressly grants the party a right to do so; that right, however, must be articulated explicitly in the assignment and will not be inferred by the court." *Messagephone, Inc. v. SVI Sys., Inc.*, 243 F.3d 556, 2000 WL 1141046, *4 (Fed. Cir. 2000), *as amended on denial of reh'g* (Dec. 13, 2000); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991) (holding an "assignment must be express, and cannot be inferred from an assignment of the patent itself.").

So, for example, in *Minco*, the United States Court of Appeals for the Federal Circuit held that a company that had assigned a patent also had the right to sue for past infringement because the assignment agreement stated that the assignee "received all 'right, title, and interest' from [the assignor], including 'all rights of

---

[1] The United States Court of Appeals for the Federal Circuit has jurisdiction over appeals from federal district courts in patent cases. 21 U.S.C. § 1295(a)(1). Decisions of the Federal Circuit on questions of patent law are thus binding precedent on all federal district courts. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75 (Fed. Cir. 1984).

3

action and damages for past infringement.'" *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996). By contrast, in *Messagephone*, the court held that an assignment did not grant the assignee the right to sue for past infringement because the assignment lacked explicit language conveying that right. 2000 WL 1141046, *5; *see also IPXpharma, LLC v. Millennium Pharm., Inc.*, No. 3:14-CV-1545, 2014 WL 6977662, at *6 (M.D. Tenn. Dec. 9, 2014) (concluding that assignee did not have right to sue for past infringement because the assignment "conveys only the [assignor's] 'right, title and interest' in the [patent], but it contains no explicit reference to the right to sue for past infringement.").

Here, Lavergne's assignment grants Plaintiff "the full and exclusive worldwide right, title and interest" in the '428 Patent. (Doc. 60-2 at p. 3). The assignment, however, is silent as to Plaintiff's right to sue for past infringement. *Id.* Courts have repeatedly held that absent explicit language conveying the right to sue for past infringement, the assignee lacks standing to sue for past infringement, and therefore the Court concludes that the assignment agreement did not provide Total Rebuild standing to sue for alleged infringement and damages that occurred before March 26, 2015.

**B. Alter Ego**

Plaintiff next argues that Lavergne is the alter ego of Total Rebuild, and thus Plaintiff Total Rebuild has standing to sue for past infringement. (Doc. 66 at p. 16). Generally speaking, rights to an invention belong to the inventor. *Bd. of Trustees. v. Roche Molecular Sys.*, 563 U.S. 776, 786 (2011). But if the inventor is the alter ego of

4

a company because he has a close and intertwined relationship with the company, then the company has total ownership over the invention. *LeFiell v. United States* 162 Ct. Cl. 865, 869 (1963).[2] In those circumstances, the patent rights of the inventor belong entirely to the company, even if there has been no express assignment of rights. *Id.*

For example, in *Lefiell*, the court held the inventor was the alter ego of a company because he was the president, general manager, and principal stockholder of the company at the time the invention was made, the company's time, shop facilities, employees, and finances were used in developing the invention, the company paid the expenses associated with securing the patent, and the company received all the profits from the patent. *Id.* at 870. Likewise, in *Gerawan Farming v. Rehrig Pacific*, the court held that the inventor was the alter ego of the company because the inventor was the most senior officer at the company, he was one the company's directors, he had primary responsibility for product development, including designing the invention at issue, and the company received all royalties generated from his work on the invention. *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 11-CV-01273, 2017 WL 1414637, at *4 (E.D. Cal. Apr. 8, 2013), *aff'd,* 587 F. App'x 654 (Fed. Cir. 2014).

Here, taking the facts in the light most favorable to Plaintiff, Lavergne was the alter ego of Plaintiff Total Rebuild. Like *Lefiell* and *Gerawan*, Lavergne had such

---

[2] The Federal Circuit held that United States Court of Claims decisions issued before September 30, 1982 are binding precedent on the Federal Circuit. *See S. Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982). It is axiomatic that decisions of the Federal Circuit on questions of patent law are binding precedent on all federal district courts. *Panduit*, 744 F.2d at 1574–75.

5

a close and intertwined relationship with Plaintiff Total Rebuild, that the company has total ownership over the '428 patent. Indeed, Lavergne has been the sole director, sole owner, and sole shareholder of Total Rebuild for nearly twenty years. (Doc. 66-2 at ¶ 2-3). Lavergne developed the patented safety system at Plaintiff's expense and at its facilities, Plaintiff received all the profits for the '428 Patent, and all costs and attorney's fees to secure the patent were paid by Plaintiff. *Id.* at ¶ 10-14. Lavergne also always believed that the '428 patent belonged to Plaintiff even though it was issued in his name. *Id.* at ¶ 16. There is therefore a genuine dispute of material fact as to whether Lavergne is the alter ego of Plaintiff, and whether Plaintiff has standing to sue for alleged infringement before Lavergne assigned the patent to Plaintiff.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Doc. 60)** is **DENIED.**

**IT IS FURTHER ORDERED** that a status conference is set for August 22, 2018 at 3:00 PM in the Chambers of Judge Brian A. Jackson at the Russell B. Long Federal Building and United States Courthouse, 777 Florida Street, Baton Rouge, LA. The parties should be prepared to discuss when to schedule a *Markman* hearing.

Baton Rouge, Louisiana, this 14th day of August, 2018.

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**