UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| TOTAL REBUILD, INC. | CIVIL ACTION |
|---|---|
| VERSUS | |
| PHC FLUID POWER, L.L.C. | NO.: 15-01855-BAJ-CBW |

## RULING AND ORDER

Plaintiff Total Rebuild, Inc. and Defendant PHC Fluid Power, L.L.C. failed to submit a joint proposed scheduling order—as the Court ordered—and instead filed motions that threaten the January 22, 2019 trial setting of this three-year-old patent infringement case.[1] (Docs. 151, 152, 153).

I.  BACKGROUND

On August 22, 2018, the Court held a status conference to settle on dates for a *Markman* hearing and for trial.[2] (Doc. 149). Counsel for both parties attended the conference and discussed the status of the case. (*Id.*). The Court set a *Markman* hearing for November 28, 2018 and a jury trial for January 22, 2019 through January

---

[1] The Court stated the facts of this case in detail in its Ruling and Order (Doc. 80) and declines to restate them here.

[2] *Markman* hearings derive from *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). The purpose of a *Markman* hearing is to determine the proper construction of disputed claim terms. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

1

25, 2019. (*Id.*). No party objected. (*Id.*). The Court also directed the parties to file a joint proposed scheduling order. (*Id.*). The parties did not do so.

Instead, the parties filed separate proposed scheduling orders. (Docs. 150, 151-1). The orders agreed on a January 22, 2019 trial date. (Docs. 150, p. 1; 151-1, p. 1). The orders differed, however, on the following proposed deadlines:

|  | **Plaintiff** | **Defendant** |
|---|---|---|
| **Phase I Discovery** | November 21, 2018 | November 7, 2018 |
| **Plaintiff's Expert Reports** | November 30, 2018 | October 15, 2018 |
| **Defendant's Expert Reports** | December 14, 2018 | November 6, 2018 |
| **Expert Depositions** | January 11, 2019 | November 14, 2018[3] |
| **Daubert Motions** | November 8, 2018 | November 20, 2018 |
| **Motions in Limine** | January 18, 2019 | January 8, 2019 |

On September 4, 2018, Defendant moved the Court to adopt its proposed schedule. (Doc. 150). Plaintiff then moved the Court to continue the January 22, 2019 trial setting to which it had agreed just two weeks prior. (Doc. 151).

## II. DISCUSSION

### A. Motion to Continue

Plaintiff moves the Court to continue the trial because (1) one of its counsel is quitting the practice of law, and its remaining counsel are not "apprised with the

---

[3] The Court presumes that Defendant inadvertently proposed November 14, 2019 and intended to propose November 14, 2018. (Doc. 151-1, p. 3).

2

case"; and (2) Defendant has denied Plaintiff access to the devices that Plaintiff contends infringe on its patent. (Doc. 152, p. 1).

Plaintiff's first argument lacks merit. Plaintiff is represented by two additional attorneys who have been on the pleadings for over three years.[4] (Doc. 1). Counsel's failure to become "apprised with the case" after litigating it for three years is not good cause for a continuance under Federal Rule of Civil Procedure 16(b). *See Squyres v. Heico Co.*, 782 F.3d 224, 237 (5th Cir. 2015) (good cause requires the movant to show that it cannot meet the deadline despite diligence).

Plaintiff's second argument fails to persuade. Plaintiff suggests that it needs a continuance because of Defendant's "obstruction of discovery and bad faith attempt to rush this case to an unfair conclusion."[5] (Doc. 152-2, p. 4). Plaintiff offers no evidence of bad faith or obstruction. (*Id.*). Defendant, by contrast, offers sworn testimony refuting Plaintiff's assertions. (Doc. 154-1). For example, Defendant's counsel attests under penalty of perjury that Plaintiff's counsel was granted about 20 hours to inspect Defendant's design documents. (Doc. 154-1).

Even if the Court assumes Plaintiff's assertions of obstruction to be true, a continuance is unwarranted. If Defendant violated its discovery obligations, as

---

[4] Attorneys Steven G. Durio and Chase A. Manuel have appeared on each of Plaintiff's filings. (Docs. 1, 16, 17, 18, 22, 34, 56, 64, 68, 73, 79, 81, 93, 130, 150-1, 152, 153, 156, 157).

[5] The Court is troubled by Plaintiff's serious yet unsupported allegations. Should the Court conclude that any party has made an unfounded allegation of litigation misconduct, the Court will sanction that party under its inherent authority. *See Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

Plaintiff *now* argues, Plaintiff could have filed motions to compel months ago.[6] And if a January 22, 2019 trial date is unworkable, as Plaintiff *now* argues, then Plaintiff could have raised the issue with the Court at the August 22, 2018 status conference. Plaintiff did neither. If Plaintiff is prejudiced by the January 22, 2019 trial setting, it is because Plaintiff failed to exercise due diligence. *Squyres*, 782 F.3d at 238.

Plaintiff has not shown good cause for continuing the January 22, 2019 trial of this case. (Doc. 152). The Court therefore DENIES Plaintiff's Motion to Continue, (Doc. 152), and turns to Defendant's Motion for Adoption of Proposed Scheduling Order. (Doc. 151).

### B. Motion for Adoption of Proposed Scheduling Order

Defendant moves the Court to adopt its Proposed Scheduling Order. (Doc. 151). Defendant does not offer any reason why the Court should adopt its proposed schedule over Plaintiff's proposed schedule. (*Id.*). The Court therefore DENIES Defendant's Motion (Doc. 151) WITHOUT PREJUDICE.

---

[6] That Plaintiff filed a Motion to Compel (Doc. 157) *yesterday* adds little to its argument that it needs a continuance because of Defendant's "obstruction of discovery and bad faith" dating back three years (Doc. 152-2, p. 4). To the contrary, the timing of Plaintiff's motion supports the Court's conclusion that the prejudice Plaintiff alleges as a result of the January 22, 2019 trial setting is likely attributable to Plaintiff's failure to diligently prosecute its case over a three-year period.

4

## III. CONCLUSION

This three-year-old patent infringement case will be tried as scheduled. The January 22, 2019 trial setting secure, the Court will afford the parties another opportunity to comply with the Court's directive that they submit a joint proposed scheduling order.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Adopt Proposed Scheduling Order (Doc. 151)** is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Continue Trial Date (Doc. 152)** is **DENIED**. Trial of this case will begin, as scheduled, on **January 22, 2019 at 8:30 A.M.** before United States District Judge Brian A. Jackson at the John M. Shaw United States Courthouse, Lafayette, Louisiana.

**IT IS FURTHER ORDERED** that the **Motion to Expedite Consideration of Motion to Continue (Doc. 153) is DENIED.**

**IT IS FURTHER ORDERED** that counsel for the parties shall **CONFER** in an attempt to resolve the parties' disagreement over pretrial deadlines.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant shall **FILE** with the Court, no later than **Monday, October 22, 2018**, a **RESPONSE** to this Order containing the following:

(1) A certification that counsel have conferred in a good faith effort to resolve disagreements over **each** pretrial deadline;

(2) An explanation of the result of the conference, as to **each** disputed deadline; and

(3) If the conference did not yield a joint proposed scheduling order:

   a. An explanation of why the parties failed to reach an agreement, as to **each** disputed deadline; and

   b. An explanation of each party's position, as to **each** disputed deadline.

Baton Rouge, Louisiana, this 17th day of October, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**