IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TOTAL REBUILD, INC., | § § | Civil Action No. 6:15-cv-01855-RFD-CBW |
| Plaintiff, | § § | |
| vs. | § § | |
| PHC FLUID POWER, L.L.C. | § § | JUDGE BRIAN A. JACKSON |
| | § § | |
| Defendant. | § | |

**PLAINTIFF TOTAL REBUILD INC.'S THIRD SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS AND ACCOMPANYING DOCUMENT PRODUCTION**

Pursuant to Scheduling Order (Doc. 50), and the Parties agreed upon compliance with a modified version of the Patent Rules as set forth under the Local Rules of the United States District Court for the Eastern District of Texas for patent specific deadlines ("P.R."), Plaintiff Total Rebuild, Inc. ("Total") provides its Third Supplemental Disclosure of Asserted Claims and Supplemental Infringement Contentions and Accompanying Document Production against PHC Fluid Power, L.L.C. ("PHC") in this action.

Total reserves the right to supplement these Infringement Contentions, including the list of accused products and services, based upon any further discovery and a review of devices by Total's expert. Further, Total may amend or supplement any of these disclosures and contentions in view of any claim construction ruling(s) issued by the Court or any position taken by PHC in this action, pursuant to P.R. 3-7. Total, therefore, expressly reserves the right to amend or supplement its identification of asserted claims, accused instrumentalities, and priority dates, as well as its claim charts, based on further investigation and discovery.

I. **SUPPLEMENTAL IDENTIFICATION OF INFRINGED CLAIMS AND ACCUSED INSTRUMENTALITIES PURSUANT TO P. R. 3-1 (A) AND (B)**

A. U.S. Patent Number 8,146,428 B2

    1. P.R. 3-1(a) – Infringed Claims

Total presently contends that PHC infringes claims 3-5, 11-15, and 18-19 of U.S. Patent No. 8,146,428 B2 ("the '428 Patent") based on Total's understanding of the information currently available to Total regarding PHC's Accused Instrumentalities identified below.

    2. P.R. 3-1(b) – Accused Instrumentalities

Total presently identifies the following PHC products as "Accused Instrumentalities" under all applicable subsections of 35 U.S.C. § 271 with respect to the respective asserted claims: PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 sold to Baker Hughes Oilfield Operations, Inc.; PHC-TB-23-W-ATV4-HSF202-RV-RC sold to Cameron, Inc.; PHC-TB-23-W-ATV4-HSF202-4RC sold to GE Oil & Gas Pressure Control, LP; PHC-TB-15-W-ATV4-GSF100-ASF150-AGT62-152-RC sold to Baker Hughes Oilfield Operations, Inc.; PHC-TB-15-W-ASFB22-HSF202-RC sold to Cameron, Inc.; PHC-TB-30-W-ASF100-HSF302-RC sold to Cameron, Inc.; PHC-TB-20-W-ATV4-HSF202-RC sold to GE Oil & Gas Pressure Control, LP. Such Accused Instrumentalities being made, used, rented, offered for sale, or sold in, or imported into, the United States since the '428 patent issued, including all services supporting such PHC products, such as unit repair services, training services, support services, and implementation and customization services. These identifications are based on a preliminary understanding of information currently available to Total and upon the disclosures made by PHC during ongoing discovery, and Total reserves the right to supplement these identifications and claim chart as discovery proceeds.

As PHC's disclosure of documents and things is incomplete and subject to Total's pending motion to compel electronic discovery [Dkt. 156], such Accused Instrumentalities may further extend to additional PHC's systems. Total reserves the right to supplement the identifications and claim chart to include such units as discovery proceeds.

## II. SUPPLEMENTAL CHART IDENTIFYING CLAIM ELEMENTS WITHIN ACCUSED INSTRUMENTALITIES PURSUANT TO P. R. 3-1(C)

Total provides a chart, attached as Exhibit A, which identifies where each limitation of each asserted claim is found in representative proof for each of the Accused Instrumentalities. The first column of each chart recites the limitations of the asserted claim verbatim. The second column shows an example of where a corresponding element is found in representative proof for each of the Accused Instrumentalities. These identifications are based on a preliminary understanding of information currently available to Total, and Total reserves the right to supplement these charts as discovery proceeds.

## III. SUPPLEMENTAL LITERAL INFRINGEMENT AND INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS PURSUANT TO P. R. 3-1(D)

Total presently contends that the PHC Accused Instrumentalities literally infringe the asserted claims of the '428 Patent. Nevertheless, with respect to any claim element or limitation that may be found not to be literally embodied in the Accused Instrumentalities, Total contends in the alternative that the Accused Instrumentalities embody such claim elements or limitations under the doctrine of equivalents and that any claim element or limitation not found to be literally met is equivalently met because any difference between the claim element or limitation and the Accused Instrumentalities is not a substantial difference. Accordingly, Total contends that any asserted claim which the Accused Instrumentalities are not found to be embodied literally is nevertheless embodied by the Accused

Instrumentalities under the doctrine of equivalents under an operative doctrine of equivalents test, e.g., function- way-result or insubstantial differences tests.

### IV. SUPPLEMENTAL DISCLOSURE PURSUANT TO P. R. 3-1(F)

Based on presently available information and current analysis, Total identifies the following Total products (at least as to certain members of the family of products) as products that practice at least one or more of the asserted claims of the '428 Patent since its priority date of Aug. 8, 2008: the Total "Patented Safety Test System" product, which practices, incorporates, or reflects Claims 3-5 and 11-15. Further, Total offers high pressure testing services which practice, incorporate, and reflect Claims 18-19. See Total's web page at: http://totalrebuild.com/.

Total's response is based on information currently known to Total and is without prejudice to Total's right to supplement its response during the course of litigation.

Respectfully submitted,

/s/ Chase A. Manuel
Steven G. Durio (#05230)
William W. Stagg (#1613)
Chase A. Manuel (#35223)
**Durio, McGoffin, Stagg & Ackermann, PC**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, Louisiana   70505-1308
Phone:  (337) 233-0300
Fax:      (337) 233-0694
**Attorneys for Plaintiffs Total Rebuild, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 10th day of December, 2018, a copy of Plaintiff's Supplemental Disclosure Of Asserted Claims And Preliminary Infringement Contentions And Accompanying Document Production was delivered upon counsel of record for PHC Fluid Power, L.L.C via electronic mail.

           /s/ Chase A. Manuel
           Chase A. Manuel