IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **TOTAL REBUILD, INC.,** | § | |
| | § | **Civil Action No. 6:15-cv-01855-RFD-PJH** |
| Plaintiff, | § | |
| | § | **JUDGE DOHERTY** |
| vs. | § | |
| | § | **MAGISTRATE WHITEHURST** |
| **PHC FLUID POWER, L.L.C.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF TOTAL REBUILD INC.'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS AND ACCOMPANYING DOCUMENT PRODUCTION**

Pursuant to Scheduling Order (Doc. 50), and the Parties agreed upon compliance with a modified version of the Patent Rules as set forth under the Local Rules of the United States District Court for the Eastern District of Texas for patent specific deadlines ("P.R."), Plaintiff Total Rebuild, Inc. ("Total") provides its Disclosure of Asserted Claims and Preliminary Infringement Contentions and Accompanying Document Production against PHC Fluid Power, L.L.C. ("PHC") in this action.

Total reserves the right to supplement these Preliminary Infringement Contentions, including the list of accused products and services, based upon further discovery. Further, Total may amend or supplement any of these disclosures and contentions in view of any claim construction ruling(s) issued by the Court or any position taken by PHC in this action, pursuant to P.R. 3-7. Total, therefore, expressly reserves the right to amend or supplement its identification of asserted claims, accused instrumentalities, and priority dates, as well as its claim charts, based on further investigation and discovery.

1

## I. IDENTIFICATION OF INFRINGED CLAIMS AND ACCUSED INSTRUMENTALITIES PURSUANT TO P. R. 3-1 (A) AND (B)

A. U.S. Patent Number 8,146,428 B2

1. P.R. 3-1(a) – Infringed Claims

Total presently contends that PHC infringes all claims of U.S. Patent No. 8,146,428 B2 ("the '428 Patent") based on Total's understanding of the information currently available to Total regarding PHC's Accused Instrumentalities identified below.

2. P.R. 3-1(b) – Accused Instrumentalities

Total presently identifies the following PHC products as "Accused Instrumentalities" under all applicable subsections of 35 U.S.C. § 271 with respect to the respective asserted claims: all versions of all PHC products based upon the PHC Hydrostatic Testing Equipment made, used, rented, offered for sale, or sold in, or imported into, the United States since the '428 patent issued, including all services supporting such PHC products, such as unit repair services, training services, support services, and implementation and customization services. These identifications are based on a preliminary understanding of information currently available to Total, and Total reserves the right to supplement these identifications as discovery proceeds.

Such Accused Instrumentalities may further extend to PHC's High Pressure Hydrostatic Testing Systems, Automated High Pressure Testing Systems, Custom Hydrostatic Pressure Test Systems, Hydrostatic Test Packs, High/Low Hydraulic Test Skid, Multiple Valve Test Cabinet, Portable Offshore Test Cart, Portable Dual Pump Pack, Remote Gas/Liquid Test System, Remote Control Pump Skid, Remote Control Bunker System, Complete Turn Key Valve Test Package, and/or such systems including PHC's Portable Pressure Test Carts, PHC Data Acquisition System, and Hydraulic Control Panel, yet, as PHC has only provided a generic

description of the units on PHC's advertising webpage and as Total has not yet been permitted to examine the units, Total reserves the right to supplement the identifications and claim chart to include such units as discovery proceeds.

## II. CHART IDENTIFYING CLAIM ELEMENTS WITHIN ACCUSED INSTRUMENTALITIES PURSUANT TO P. R. 3-1(C)

Total provides a chart, attached as Exhibit A, which identifies where each limitation of each asserted claim is found in representative proof for each of the Accused Instrumentalities. The first column of each chart recites the limitations of the asserted claim verbatim. The second column shows an example of where a corresponding element is found in representative proof for each of the Accused Instrumentalities. These identifications are based on a preliminary understanding of information currently available to Total, and Total reserves the right to supplement these charts as discovery proceeds.

## III. LITERAL INFRINGEMENT AND INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS PURSUANT TO P. R. 3-1(D)

Total presently contends that the PHC Accused Instrumentalities literally infringe the asserted claims of the '428 Patent. Nevertheless, with respect to any claim element or limitation that may be found not to be literally embodied in the Accused Instrumentalities, Total contends in the alternative that the Accused Instrumentalities embody such claim elements or limitations under the doctrine of equivalents and that any claim element or limitation not found to be literally met is equivalently met because any difference between the claim element or limitation and the Accused Instrumentalities is not a substantial difference. Accordingly, Total contends that any asserted claim which the Accused Instrumentalities are not found to be embodied literally is nevertheless embodied by the Accused Instrumentalities under the doctrine of

equivalents under an operative doctrine of equivalents test, e.g., function- way-result or insubstantial differences tests.

### IV. PRIORITY DATES OF THE '428 PATENT PURSUANT TO P.R. 3-1(E)

Total presently contends that the asserted claims of the '428 Patent are entitled the priority date of U.S. Provisional Application No. 61/188,435, filed on Aug. 8, 2008.

### V. DISCLOSURE PURSUANT TO P. R. 3-1(F)

Based on presently available information and current analysis, Total identifies the following Total products (at least as to certain members of the family of products) as products that practice at least one or more of the asserted claims of the '428 Patent since its priority date of Aug. 8, 2008: the Total "Patented Safety Test System".

Total's response is based on information currently known to Total and is without prejudice to Total's right to supplement its response during the course of litigation.

### VI. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE PURSUANT TO P. R. 3-2

Total is serving concurrently herewith the following documents:

Category (a): As such documents include highly sensitive business related information, including customer information, unit pricing, and other financial information which is competitive business information that PHC would not have access but for this litigation, such documents have been provided to Counsel for PHC under Protective Order [Doc. 39] as Exhibit B marked "Highly Confidential/Attorneys' Eyes Only";

Category (b): Such conception, reduction to practice, design, and development of the '428 Patent activities were conducted in-house at Total's business location and did not involve

4

documentation as all activities physical experimentation. Thus, Total presently does not possess documents which can be provided regarding the conception, reduction to practice, design, and development of the '428 Patent. Total's response is based on information currently known to Total and is without prejudice to Total's right to supplement its response during the course of litigation if the existence of such documents are discovered; and

 Category (c): The '428 Patent File Wrapper. (Attached hereto as Exhibit C).

    Respectfully submitted,

    /s/ Chase A. Manuel_____
    Steven G. Durio (#05230)
    William W. Stagg (#1613)
    Chase A. Manuel (#35223)
    **Durio, McGoffin, Stagg & Ackermann, PC**
    220 Heymann Boulevard (70503)
    Post Office Box 51308
    Lafayette, Louisiana 70505-1308
    Phone: (337) 233-0300
    Fax: (337) 233-0694
    **Attorneys for Plaintiffs Total Rebuild, Inc.**

## CERTIFICATE OF SERVICE

I hereby certified Plaintiff's Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions was electronically filed with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

/s/ Chase A. Manuel
_____

Chase A. Manuel