UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.,** | **CIVIL ACTION NO. 6:15-cv-01855-RFD-CBW** |
|     Plaintiff, | |
| | **JUDGE BRIAN JACKSON** |
| **VERSUS** | |
| | **MAGISTRATE WHITEHURST** |
| **PHC FLUID POWER, L.L.C.** | |
|     Defendant. | **JURY TRIAL DEMANDED** |

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
REGARDING TESTING EQUIPMENT OUTSIDE OF HOUSING**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Total Rebuild, Inc. ("Total"), who respectfully opposes Defendant's Motions in Limine regarding testing equipment outside of housing [Dkt. 207 & 209]. Defendant's motions seek to improperly construe the plain and ordinary meaning of the heretofore uncontested term "high-pressure pneumatics testing equipment" in the subject patent at issue in this suit.[1] Furthermore, Defendant is attempting to improperly narrow the meaning of "high-pressure pneumatics testing equipment" in the '428 Patent claims by reading the limitations of dependent claims into the interpretation of their independent base claims. Long after the close of claim construction discovery and the filing of each parties claim construction briefs, Defendant's motions are pure gamesmanship to narrow the language of the '428 Patent at the eleventh hour, inappropriately constrict the meaning of "high-pressure pneumatics testing equipment," and obviate the introduction of highly relevant evidence of Defendant's infringement of the '428 Patent.

Determination of the proper meaning of patent claims is a question of law, placing the task of claim construction on the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967,

---

[1] United States Patent Number 8,146,428 (the "'428 Patent").

976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). Here, Defendant attempts to usurp the Court's authority and define the meaning of the claim term "high-pressure pneumatics testing equipment" beyond its plain and ordinary meaning.[2]

### A. Unconstrued claims must be given their plain and ordinary meaning as understood based upon the specification of the '428 Patent.

Patent claims are part of a fully integrated written instrument consisting principally of a specification that concludes with the claims. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005). For that reason, claims "must be read in view of the specification, of which they are a part." *Id.* (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995), aff'd, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). The terms of a claim "are generally given their ordinary and customary meaning." *Vitronics Corp. v. Conceptronic,* Inc., 90 F.3d 1576, 1582 (Fed.Cir.1996). Furthermore, there is a heavy presumption that claim terms mean what they say, and unless otherwise compelled, the Court is required to give *full effect* to the ordinary meaning of those terms. *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999); *Texas Digital Sys. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002).

Defendant presumes, incorrectly, that "high-pressure pneumatics testing equipment" means only "pumps." Yet, nothing in the '428 Patent claims or specification limit the interpretation of the claim term "a high-pressure pneumatics testing equipment located within said housing" to pumps alone. The disputed claim term must be read taking care not to read only particular embodiments into the claims. *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186-87 (Fed. Cir. 1998). The '428 Patent states, in pertinent part, "within chamber 12 is at least one high-pressure pneumatics testing equipment and means 12a for coupling the high-pressure

---

[2] Until the filing of Defendant's pending motions in limine [Dkt. 207 & 209], neither party had contested the meaning of any portion of the claim term "a high-pressure pneumatics testing equipment located within said housing", nor raised any issue regarding its construction. As such, the terms contained in such limitation must be afforded their plain and ordinary meaning. *Vitronics Corp.*, 90 F.3d at 1582 (Fed.Cir.1996).

pneumatics testing equipment to a high-pressure device for testing…It should be noted that the number of high-pressure equipment testing equipment supported in chamber 12 may [vary] from as few of one to a plurality of devices and *types of high-pressure equipment testing equipments [sic] may all be the same, all different or a combination thereof*."[3] The high pressure testing equipment described in the '428 Patent specification is not defined as being only "pumps", but rather a plurality of various devices and types of high-pressure testing equipment. This is reiterated in the '428 Patent specification, which describes the contents of the stationary and portable embodiments as including "most if not all associated pumps, plumbing, hoses, and bleed valves[.]"[4] Based upon these clear statements in the specification of the '428 Patent, the various pumps, plumbing, lines, and hoses were obviously included in the meaning of "high-pressure pneumatic testing equipment."

As plainly and ordinarily understood, "high-pressure pneumatics testing equipment" includes not only "pumps", but rather all the different pieces of equipment which may be used in testing. In light of the broad interpretation afforded to the claims under the high presumption that claim terms "mean what they say" and given "full effect to the ordinary meaning of the term", "high-pressure pneumatics testing equipment" would also include the high pressure test lines and hoses which Defendant wishes to exclude. *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999); *Texas Digital Sys. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002).

Looking to the inspection photographs of Defendant's units located at Baker Hughes' Oklahoma City facility, filed separately under seal as Exhibit 1, it can be plainly seen that contrary to Defendant's assertions, Defendant's units indeed include "**high-pressure pneumatics**

---

[3] Dkt. 1-4 at 3:1-2, 7-12 (emphasis added).
[4] Dkt. 1-4 at 5:37-38.

*testing equipment*", specifically in the form of high pressure hoses and lines, "*within said housing*":









Furthermore, under Fed. R. Evid. 401, evidence is relevant if it has "<u>any</u> tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Evidence of pumps outside of the housing is necessary to establish the fact that the high-pressure hoses/lines within the housing are in fact connected to and an integral part of the high-pressure testing equipment. This evidence is relevant to show Defendant's devices include "high-pressure pneumatics testing equipment … within said housing" to prove infringement of the '428 Patent. If a jury is unable to see what the hoses/lines are connected to, it might improperly assume that they are not high-pressure equipment. Exclusion of evidence would create an unfair advantage in Defendant's favor. Allowing Defendant to potentially mislead the jury regarding the origin of the high-pressure lines within the housings of Defendant's units would unreasonably prejudice Plaintiff's case. Fed. R. Evid. 403.

Defendant's restricted interpretation that "high-pressure pneumatics testing equipment" means only "pumps" is not consistent with the plain and ordinary meaning of the term, is not supported by the '428 Patent specification or claims, and would restrict the admission of highly relevant and admissible evidence of Defendant's alleged infringement. Fed. R. Evid. 401, 403. For these reasons, Defendant's motion should be denied.

### B. Defendant attempts to improperly narrow the meaning of the '428 patent claims.

In light of an impending ruling on claim construction at the Markman hearing set for March 29, 2018, Defendant in its motions attempts to take a second bite at the claim construction apple and limit the meaning of the term "high-pressure pneumatics testing equipment" recited in independent Claims 1 & 11 of the '428 Patent to include the limitations of dependent Claims 6 and 13.[5] Defendant's proposed construction ignores well established Federal Circuit precedent and violates the doctrine of claim differentiation.

In claiming a safety test system, independent claims 1 and 11 of the '428 Patent recite that the system comprises, among other things, "high-pressure pneumatics testing equipment located within said housing". Pumps are not mentioned at all. The limitation of "wherein the high-pressure equipment testing device includes a low-pressure pump, an intermediate-pressure pump, and a high-pressure pump" does not appear in the claims until Claim 6,[6] a dependent claim of independent Claim 1. As well, the limitation of "wherein said high-pressure equipment testing device includes a low-pressure pump, an intermediate-pressure pump, and a high-pressure pump" appears in Claim 13, a dependent claim of Claim 11. To unfairly restrict the meaning of the term

---

[5] Dkt. 208 at 3 ("Only safety systems in which the **high-pressure testing equipment (e.g. the pumps)** is located within or placed in an explosion-proof housing are relevant to support a claim for infringement of the '428 Patent.") (Emphasis added).
[6] Though assertion of infringement by Defendant of Claim 6 of the '428 Patent has been withdrawn by Total, unasserted claims remain a valuable source for determining the meaning of a claim term. *Phillips,* F.3d at 1314 (citing *Vitronics*, 90 F.3d at 1582).

"high-pressure pneumatics testing equipment" to mean only "pumps," as the Defendant suggests, is in clear opposition to the doctrine of claim differentiation and would unfairly narrow Claims 1 and 11 and render Claims 6 and 13 superfluous and redundant.[7] In actuality, the meaning of "high-pressure pneumatics testing equipment" in Claims 1 and 11 is intended to remain broad and encompass the varying types of high-pressure testing equipment recited in the '428 Patent specification.

The doctrine of claim differentiation is a presumption "that separate claims do not have the same scope." *Karlin Tech. Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971-72 (Fed. Cir. 1999). Differences among claims can be a successful guide in understanding the meaning of particular claim terms, i.e. the presence of a dependent claim adding a particular limitation indicates that the limitation is not present in the independent claim. *Phillips,* F.3d at 1314-15. The idea that claims using different terms have different scopes "stems from 'the common sense notion that different words or phrases used in separate claims are presumed to indicate that the claims have different meanings.'" *Seachange Int'l, Inc. v. C-Cor Inc.*, 413 F.3d 1361, 1369 (Fed. Cir. 2005)(quoting *Karlin Tech.*, 177 F.3d at 971-72); *see also Comark Communications,* 156 F.3d at 1187.

This presumption is at its strongest when, as the Defendant does here, a limitation from a dependent claim is sought to be read into the meaning of an independent claim. *Seachange*, 413 F.3d at 1369 (citing *Liebel-Flarshiem Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed. Cir. 2004)); *See also Ecolab Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1375 (Fed. Cir. 2002). The differences in the meaning and scope of claim terms are presumably significant where the absence of a

---

[7] "There is presumed to be a difference in meaning and scope when different words or phrases are used in separate claims. To the extent that the absence of such difference in meaning and scope would make a claim superfluous, the doctrine of claim differentiation states the presumption that the difference between claims is significant." *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998)(quoting *Tandon Corp. v. United States Int'l Trade Comm'n,* 831 F.2d 1017, 1023, 4 USPQ2d 1283, 1288 (Fed.Cir.1987)).

difference would make one of the claims superfluous. *Free Motion Fitness, Inc. v. Cybex Int'l*, 423 F.3d 1343 (Fed. Cir. 2005). In other words, claims should not be interpreted so as to make one claim read on the identical scope as another. *Kudlacek v. DBC, Inc.*, 25 Fed. Appx. 837, 843 (Fed. Cir. 2001).

As Defendant's proposed reinterpretation of the meaning of "high-pressure pneumatics testing equipment" attempts to read the limitations of dependent claims into that of independent Claims 1 and 11, it would be "unjust to the public, as well as an evasion of the law" to restrict the claims as Defendant has proposed. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005).

Therefore, evidence of other high-pressure pneumatics testing equipment within the housing of Defendant's alleged infringing products, such as use of high-pressure lines or hoses within the Defendant's bunker housings, is clearly admissible and highly relevant to Total meeting its burden of proof regarding infringement of the '428 Patent and calculation of damages as a result of Defendant's alleged infringement. Furthermore, such evidence would not present the risk of unfair prejudice, confusing the issues, or misleading the jury as such evidence in reality proves that there *actually* is "high-pressure pneumatics testing equipment" "within said housing" of Defendant's alleged infringing products. Fed. R. Evid. 401, 402, 403.

Respectfully Submitted,

/s/ Chase A. Manuel
STEVEN G. DURIO (#05230)
CHASE A. MANUEL (#35223)
**Durio, McGoffin, Stagg & Ackermann**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA 70505-1308
Phone: (337) 233-0300
Email: durio@dmsfirm.com
chase@dmsfirm.com
***Attorneys for Plaintiff, Total Rebuild, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **Plaintiff's Opposition To Defendant's Motions In Limine Regarding Testing Equipment Outside Of Housing** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

Lafayette, Louisiana, this 18th day of February, 2019.

/s/ Chase A. Manuel<br>
CHASE A. MANUEL