IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TOTAL REBUILD, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | Civil Action No. 6:15-cv-01855-BAJ-CBW |
| | ) | |
| v. | ) | JUDGE BRIAN A. JACKSON |
| | ) | |
| PHC FLUID POWER, L.L.C., | ) | MAGISTRATE JUDGE WHITEHURST |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | JURY TRIAL DEMANDED |
| | ) | |

**DEFENDANT PHC FLUID POWER, L.L.C.'S MOTION TO STRIKE
INFRINGEMENT CONTENTIONS OR, ALTERNATIVELY, TO ADD PATENT
TERM FOR CONSTRUCTION DURING MARKMAN HEARING**

Defendant PHC Fluid Power, L.L.C. ("PHC") respectfully requests the Court strike from Plaintiff Total Rebuild, Inc.'s ("Total's") patent infringement contentions theories of infringement that Total disclosed only after discovery closed. Total's initial infringement contentions were due in August of 2016, and Total supplemented its infringement contentions three times prior to the close of discovery. Yet, after discovery closed, Total served a fourth set of supplemental infringement contentions (the original infringement contentions and then three supplemental sets of infringement contentions) that include theories of infringement that vastly expands the purported scope of the patent claims. Total waited until after the close of discovery so that PHC could not identity additional prior art within the broad scope and attempt to invalidate the patent based on the additional prior art. Total's new theories of infringement should be struck and should not be permitted at trial.

The '428 Patent is directed to safety systems for testing devices under pressure. Claims 1 and 11 (and by their dependency claims 2-10 and 12-15) of the '428 Patent include the limitation

1

"high-pressure pneumatics testing equipment" that is located within "an explosion-proof safety housing." For years prior to the close of discovery, Total asserted that the only structures in an accused system that could be "high-pressure pneumatics testing equipment" were a pump assembly that included a pump or a pump itself. In other words, Total asserted infringement only where an accused system had a pump (whether or not in an assembly) within the explosion proof safety housing.

After the close of discovery, Total served its Third Supplemental Infringement Contentions on PHC accusing seven systems of infringement. In the Third Supplemental Infringement Contentions, Total asserts for the first time that several of the system infringe based on components other than pump assemblies and pumps being "high-pressure pneumatics testing equipment" and inside the explosion proof safety housing, even for systems where the pump assemblies and pumps are entirely outside of the explosion proof safety housing. On February 18, 2019, Total attempted to expand this theory even more broadly in the supplemental expert report of Blaine Lafleur that asserts for the first time hoses and hose racks of the seven systems should be considered "high-pressure pneumatics testing equipment." Total's new theories of infringement are contrary to the positions that the parties took throughout discovery and contrary to the teachings of the '428 Patent. Because Total disclosed the theories only after discovery closed, PHC respectfully requests that the Court strike them from Total's infringement contention.[1] PHC also requests the Court strike from Total's infringement contentions a blanket reservation to assert in the alternative that any accused system infringes any claim based on the doctrine of equivalents. Courts have been clear that such boilerplate reservations are not permitted.

---

[1] To be clear, PHC is requesting the Court limit the theories of infringement that Total can assert for those seven systems. Total does not assert infringement by any other systems and should not be permitted to again change the systems that it asserts infringe.

2

Alternatively, PHC respectfully requests the Court add "high-pressure pneumatics testing equipment" to the terms to be construed at the March 29, 2019 Markman hearing. PHC has filed herewith a memorandum in support of this motion, a proposed order, and a proposed supplemental claim construction brief for the term "high-pressure pneumatics testing equipment."

**WHEREFORE,** PHC respectfully requests the Court strike from Plaintiff Total Rebuild, Inc.'s ("Total's") patent infringement contentions theories of infringement that Total disclosed only after discovery closed and Total's blanket reservation to assert infringement based on the doctrine of equivalents. Alternatively, PHC respectfully requests the Court add "high-pressure pneumatics testing equipment" to the terms to be construed at the March 29, 2019 Markman hearing.

Dated: February 28, 2019

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Nicholas R. Valenti
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
A. Grace Van Dyke James TN Bar No. 35667
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9011
Email: smiller@millerlegalpartners.com
          nvalenti@millerlegalpartners.com
          gjames@millerlegalpartners.com

NEUNERPATE

/s/ Cliff A. Lacour
Brandon W. Letulier - #28657
Cliff A. LaCour - #30581
One Petroleum Center, Suite 200

3

                                  1001 West Pinhook Road
                                  Lafayette, Louisiana 70503
                                  Tel: (337) 237-7000
                                  Fax: (337) 233-9450
                                  Email: bletulier@neunerpate.com

*Attorneys for PHC Fluid Power, L.L.C.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of February 2019, a copy of the foregoing was served on counsel of record listed below via the Court's ECF system:

William W. Stagg
Chase A. Manuel
Steven G. Durio
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard (70503)
Post Office Box 51308 Lafayette, LA
70505-1308
Bill@dmsfirm.com
Chase@dmsfirm.com
Buzz@dmsfirm.com

Brandon W. Letulier
Cliff A. LaCour
NeunerPate
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, LA 70503
bletulier@neunerpate.com
clacour@neunerpate.com

/s/ Nicholas R. Valenti
Nicholas R. Valenti