UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOTAL REBUILD, INC. | CIVIL ACTION |
| VERSUS | |
| PHC FLUID POWER, L.L.C. | NO.: 15-1855-BAJ-CBW |

RULING AND ORDER

Before the Court is Total Rebuild, Inc.'s **Motion for Partial Summary Judgment (Doc. 170)** against PHC Fluid Power, L.L.C. Total Rebuild seeks dismissal of PHC Fluid Power's counterclaim for a declaratory judgment invalidating one of Total Rebuild's patents due to the inequitable conduct of Total Rebuild's founder and director, Terry Lavergne. For the reasons that follow, Total Rebuild's **Motion (Doc. 170)** is **DENIED**.

I. BACKGROUND

This dispute arises from PHC Fluid Power's sale of a device that Total Rebuild contends infringes one of its patents. At issue is whether PHC Fluid Power can offer facts to support a finding, by clear and convincing evidence, that Lavergne intentionally withheld prior art from the United States Patent and Trademark Office (PTO). The Court holds that it can.

1

Total Rebuild sells "safety system[s] for testing high-pressure devices." (Doc. 22 at ¶ 7). Lavergne claims to have invented one such system. (*Id.*). He applied for a patent in August 2008 and obtained one in April 2012. (Doc. 1-4 at 1). The patent is United States Patent No. 8,146,428; its critical date is August 7, 2007. (*Id.* at 7).

Lavergne assigned the patent to Total Rebuild.[1] (Doc. 148 at 2). Armed with the assignment, Total Rebuild sued PHC Fluid Power for infringing the patent and engaging in unfair and deceptive trade practices. (Docs. 1, 22). PHC Fluid Power responded by counterclaiming against Total Rebuild for a declaration that the patent is invalid due to Lavergne's inequitable conduct. (Doc. 75 at ¶¶ 264–285). In its counterclaim, PHC Fluid Power alleges that Lavergne failed to disclose material prior art that, if disclosed, would have prevented him from obtaining the patent. (*Id.*). The material prior art includes sales of a "millennium system" for testing high-pressure devices. (*Id.*).

Total Rebuild moves for partial summary judgment on PHC Fluid Power's inequitable-conduct counterclaim.[2] (Doc. 170). PHC Fluid Power opposes. (Doc. 251).

---

[1] Lavergne has been the sole director, owner, and shareholder of Total Rebuild for about twenty years. (Doc. 148 at 6). In a prior ruling, the Court recognized a genuine dispute of material fact as to whether Lavergne has "so close and intertwined" a relationship with Total Rebuild that he qualifies as Total Rebuild's alter ego. (Doc. 148 at 5–6).

[2] Total Rebuild also moves for summary judgment on PHC Fluid Power's affirmative defense of inequitable conduct. (Doc. 170). Because the same analysis that applies to PHC Fluid Power's inequitable-conduct counterclaim applies to its inequitable-conduct affirmative defense, the Court addresses the counterclaim only.

2

## II. LEGAL STANDARD

The Court will grant partial summary judgment if Total Rebuild shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). In deciding if Total Rebuild has made that showing, the Court views facts and draws reasonable inferences in PHC Fluid Power's favor. *See Midwest Feeders v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

Inequitable conduct is a "defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). It "has two separate requirements: materiality and intent." *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017). Only intent is at issue.[3]

To establish intent, PHC Fluid Power must show that Lavergne acted with the specific intent to deceive the PTO. *See Therasense*, 649 F.3d at 1290. It need not point to direct evidence; the Court may infer from circumstantial evidence that Lavergne intended to deceive the PTO. *See Regeneron*, 864 F.3d at 1350. Still, Lavergne's intent to deceive must be the "single most reasonable inference able to be drawn from the evidence." *Network Signatures, Inc. v. State Farm Mut. Auto. Ins. Co.*, 731 F.3d 1239,

---

[3] Total Rebuild appears to concede the materiality of its sale of, and receipt of offers for, the millennium system; its brief does not address the issue. (Doc. 170-1).

3

1242 (Fed. Cir. 2013) (citation omitted).[4] An inference is "reasonable" if it is "plausible . . . and flows logically from the facts alleged[.]"*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 n.5 (Fed. Cir. 2009).

Total Rebuild argues that PHC Fluid Power cannot prove that Lavergne acted with deceptive intent.[5] (Doc. 170-1). But it offers scant support for the argument: it points to Lavergne's testimony that he did not intend to deceive the PTO and invites the Court to find, based on that testimony alone, that PHC Fluid Power cannot prove inequitable conduct. (*Id.* at 11–12). The Court declines the invitation.

As Total Rebuild notes, Lavergne testified that he did not intentionally fail to disclose the millennium system to the PTO. (Doc. 170-8 at 2). He testified that "[w]e disclosed what we thought we w[ere] supposed to disclose." (Doc. 170-10 at 2). He explained that his office manager, Tara Benoit, was supposed to provide the disclosures to his patent-prosecution attorney but failed to do so. (*Id.* at 3).[6] In short, he delegated to his office manager responsibility for making disclosures that bear directly on the validity of a lucrative patent. (*Id.*; Doc. 170-1 at 12). And he now

---

[4] Because PHC Fluid Power bases its inequitable-conduct counterclaim on nondisclosure, it must come forward with clear and convincing evidence that Lavergne "made a deliberate decision to withhold a known material reference." *Therasense*, 649 F.3d at 1290.

[5] PHC Fluid Power also argues that Lavergne engaged in inequitable conduct by failing to list a co-inventor of the patent on the patent application. (Doc. 189 at 24–25). Total Rebuild does not address the argument. (Doc. 170-1).

[6] It appears undisputed that Lavergne knew that he was required to disclose prior sales, including sales of the millennium system, to the PTO. Total Rebuild submits that Lavergne told Benoit to "provide that disclosure to" Lavergne's patent-prosecution attorney. (Doc. 170-1 at 8). It strikes the Court as improbable that Lavergne would have told Benoit to make that disclosure unless Lavergne thought disclosure was required.

blames that office manager for disobeying his order to disclose. (Doc. 170-1 at 8). That explanation is shaky when considered on its own; it becomes implausible when paired with circumstantial evidence suggesting Lavergne intended to deceive the PTO.

First, Total Rebuild displayed the millennium system on its website more than four years before the patent's August 2007 critical date. (Doc. 189-47 at 9). If Lavergne is Total Rebuild's alter ego, as Total Rebuild insists, then Lavergne must have known that Total Rebuild's website displayed the millennium system long before August 2007.

Second, Total Rebuild sold millennium systems before the patent's critical date. Lavergne provided a Cameron International representative with quotes for the purchase of a millennium system in November 2005. (Doc. 251-23). And Cameron International invoices show that Total Rebuild made at least thirteen sales before the patent's critical date. (Doc. 251-11, reflecting a 7/6/06 sale; Doc. 251-12, reflecting a 7/21/06 sale; Doc. 251-13, reflecting a 10/25/06 sale; Doc. 251-14, reflecting a 11/9/06 sale; Doc. 251-15, reflecting a 11/9/06 sale; Doc. 251-16, reflecting a 3/12/07 sale; Doc. 251-17, reflecting another 3/12/07 sale; Doc. 251-17, reflecting a third 3/12/07 sale; Doc. 251-18, reflecting a fourth 3/12/07 sale; Doc. 251-19, reflecting a 3/13/07 sale; Doc. 251-20, reflecting a second 3/13/07 sale; Doc. 251-21, reflecting a third 3/13/07 sale; and Doc. 251-22, reflecting a 5/11/07 sale).

Total Rebuild appears to argue that more proof is required.[7] It invokes district-court opinions granting summary judgment dismissing the inequitable-conduct claims of alleged infringers for failure to satisfy the intent requirement. *See FURminator, Inc. v. Kim Laube & Co.*, 758 F. Supp. 2d 797 (E.D. Mo. 2010); *Multimedia Patent Trust v. The Walt Disney Company*, 3:10-CV-146-H-KSC (S.D. Cal. Feb. 28, 2012). Neither opinion persuades.

Both opinions consider inequitable-conduct claims unsupported by summary-judgment evidence. In *Furminator*, for example, the inequitable-conduct claimant offered no evidence that the patentee knew of the prior art that the claimant alleged the patentee withheld. 758 F. Supp. 2d at 822–823. Here, by contrast, no one disputes that Lavergne knew of the millennium system before the patent's critical date. Nor can they. Lavergne sold and advertised millennium systems for years before the patent's critical date. The second case, *Multimedia Patent Trust*, is an even less apt comparator. There, the inequitable-conduct claimants rested on "conclusory assertions in their answer" to oppose summary judgment. *Multimedia Patent Trust*, Doc. 406, p. 5. PHC Fluid Power's claim rests on record evidence.

PHC Fluid Power offers testimony from Lavergne's patent-prosecution attorney showing that Lavergne knew he was required to disclose prior art. (Doc. 251). It also points to invoices, offers, and correspondence showing that Lavergne sold

---

[7] The Court uses the term "appears" because Total Rebuild did not file a reply to PHC Fluid Power's opposition brief but did, in its summary judgment brief, anticipate some of the evidence PHC Fluid Power offers in its opposition brief.

6

the prior art before the patent's critical date. (*Id.*). Viewing that evidence in the light most favorable to Total Rebuild, the "single most reasonable inference" to draw is that Lavergne knowingly failed to disclose the millennium system to the PTO. *See Network Signatures*, 731 F.3d 1242. Thus, PHC Fluid Power offers sufficient evidence to support a finding, by clear and convincing evidence, that Lavergne "made a deliberate decision to withhold a known material reference" when he failed to disclose the millennium system to the PTO. *See Therasense*, 649 F.3d at 1290.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Total Rebuild, Inc.'s **Motion for Partial Summary Judgment (Doc. 170)** is **DENIED**.

Baton Rouge, Louisiana, this 18th day of March, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA