IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TOTAL REBUILD, INC., § | |
| § | Civil Action No. 6:15-cv-01855-RFD-CBW |
| Plaintiff/Counterclaim-Defendant, § | |
| § | JUDGE BRIAN A. JACKSON |
| vs. § | |
| § | JURY TRIAL DEMANDED |
| PHC FLUID POWER, L.L.C. § | |
| § | |
| § | |
| Defendant/Counterclaim-Plaintiff. § | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS

**TOTAL** opposes PHC's Motion to Strike Total's infringement contentions. Total has never limited the term "high-pressure pneumatics testing equipment" to anything other than what '428 Patent describes. The pure reading of the '428 Patent clearly defines what the '428 Patent claims encompass including what the system tests, how it tests, and the components that make the '428 Patent system operate. For this reason, "high-pressure pneumatics testing equipment" has never before been disputed.[1] PHC's motion is simply another attempt to misconstrue the plain and ordinary meaning of the term "high-pressure pneumatics testing equipment." The same argument was already made in PHC's Motion in Limine [Dkt 207]. Total said in its opposition, "Defendant's motions are pure gameship to narrow the language of the '428 Patent at the eleventh hour, inappropriately constrict the meaning of "high-pressure pneumatics testing equipment," and

---

[1] Until the filing of Defendant's pending Motion in Limine [Dkt. 207 & 209], neither party had contested the meaning of any portion of the claim term "a high-pressure pneumatics testing equipment located within said housing", nor raised any issue regarding its construction. As such the terms contained in such limitation must be afforded their plain and ordinary meaning. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

1

obviate the introduction of highly relevant evidence of Defendant's infringement of the '428 Patent."[2] (Attached as Exhibit A).

Total's contentions were not filed until December 2018 because PHC delayed inspections by Total's expert, Brian LaFleur. Until then, Total was unaware of PHC's vent valve manifolds and the fact that PHC had moved its pumps outside the bunker housing in a transparent attempt to override the '428 Patent. PHC's Motion to Strike should be denied for four reasons: First, Total's contentions were filed timely in accordance with both the Local Patent Rules of the Eastern District of Texas (hereinafter "Local Patent Rules") and the Joint Scheduling Order [Dkt 50]; second, the only scheduling order entered in the record to this date is [Dkt 50] providing for discovery to end 180 days after the Court's Claim Construction Ruling which has not yet taken place. (Attached as Exhibit B); third, "high-pressure pneumatic testing equipment" must be given its plain and ordinary meaning as understood based upon the specifications of the '428 Patent; and fourth, striking Total's contentions would unfairly prejudice Total's claim.

### A. *Total's Infringement Contentions have been timely filed.*

Pursuant to Rule 3-1 (b) a party must identify devices of which its aware. Total was not aware of PHC's vent valve manifold, hose and hose racks, nor that PHC had isolated the pumps outside the bunker housing until after the inspection. However, once aware Total supplemented its contentions timely and in compliance with the Local Patent Rules.

The contentions are also timely under Joint Scheduling Order [Dkt. 50]. The Joint Scheduling Order [Dkt. 50] provides the Parties deadlines to amend infringement contentions should comply with Patent Rule 3-6(a).[3] Pursuant to Patent Rule 3-6(a)(1), a party may amend its

---

[2] Exhibit A at 1.
[3] Joint Scheduling Order [Dkt 50]: "COMPLY WITH PATENT RULES 3-6(A)- AMENDED INFRINGMENT CONTENTIONS: **Within 30 days after service of the Court's Claim Construction Ruling [Patent Rules 3-6(a)]**"

infringement contentions in good faith not later than 30 days after service by the Court of its Claim Construction Ruling.[4] To this date, the Court has not filed a Claim Construction Ruling. Total believes the Claim Construction Ruling is to be held at the March 29th, 2019 Marksman Hearing.

The Court should find Total has acted diligently in its efforts to provide accurate information to PHC and has acted in accordance with both the Local Patent Rules and the Joint Scheduling Order [Dkt. 50].

### B. Claim Construction Ruling has not been filed. Discovery has not closed.

The Joint Scheduling Order [Dkt. 50] provides "PHASE I DISCOVERY DEADLINE: 180 days after the Court's Claim Construction Ruling is filed."[5] Being that the Courts Claim Construction Ruling has not yet taken place, the discovery deadline has not passed.

At a pretrial conference in August 2018, this Court requested an Amended Joint Scheduling Order to be filed in connection with a Jury Trial to be held at the end of January 2019. The Parties filed a [Proposed] Amended Scheduling Order [Dkt 162] on October 22, 2018. To this date, the [Proposed] Amended Scheduling Order has not been entered in the record. Furthermore, the [Proposed] Amended Scheduling Order was prepared in connection with a January 2019 trial date that has now been continued. The Parties are bound by the Joint Scheduling Order [Dkt. 50] until otherwise ordered.

---

[4] Patent Rule 3-6(a)(1): "If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "amended Infringement Contentions" without leave of court that amend its "Infringement Contentions' with respect to the information required by Patent R. 3-1(c) and (d)."
[5] Exhibit B at 2.

3

### C. *"High-pressure pneumatic testing equipment" must be given its plain and ordinary meaning as understood based upon the specifications of the '428 Patent.*

Total has never limited the term "high-pressure pneumatics testing equipment." Nothing in the '428 Patent claims or specification limit the interpretation of the claim term "high-pressure pneumatics testing equipment" to pumps alone or as testing equipment that has at least one air-operated pump. PHC has only recently placed this term in dispute.

As provided for in Total's opposition to PHC's Motion in Limine, "Patent claims are part of a fully integrated written instrument consisting principally of a specification that concludes with the claims. *Phillips* v. *AWH Corp.*, 425 F.3d 1303, 1315 (Fed. Cir. 2005). For that reason, claims "must be read in view of the specification, of which they are a part." Id. (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995), aff'd, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996)."[6] While there is a heavy presumption that claim terms mean what they say and the Court is required to give full effect to the ordinary meaning of those terms, this only applies when there is no **compelling reason to do otherwise**. *Johnson Worldwide Assocs. V. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999; *Texas Digital Sys. v. Telegenix, Inc.*, 308 F.3d. 1193 (Fed. Cir. 2002). In this case there is a reason to look at the '428 Patent specifications to give meaning to the term.

PHC reliance on the dictionary for a definition of disputed term "high-pressure pneumatics testing equipment" is inappropriate. The Court must first look to the intrinsic evidence provided in the '428 Patent specifications. Other evidence, called extrinsic evidence, is typically not needed or used to properly construe the claims. In fact, when the intrinsic evidence is unambiguous, it is improper for the court to rely on extrinsic evidence such as a dictionary for purposes of claim construction. *Bell & Howell Doc. Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d

---

[6] Exhibit A at 2

701, 706 (Fed. Cir. 1997). In other words, "if the meaning of a disputed claim term is clear from the intrinsic evidence ... that meaning and no other must prevail." *Scriptgen Pharm. v. 3-Dimensional Pharm., Inc.*, 79 F. Supp. 2d 409, 411 (D. Del. 1999) (quoting *Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998)).

The '428 Patent describes high pressure-testing equipment as being not only pumps, but rather a plurality of various devices and types of high-pressure testing equipment. This is reiterated in the '428 Patent specification which describes "the present invention for safely pressure testing high-pressure devices and components of high-pressure equipment[sic] with various fluids including air, nitrogen dioxide water and various types of oil."[7] Additionally, the '428 Patent describes the contents of the stationary and portable embodiments as including "most if not all associated pumps, plumbing, hoses, and bleed valves[.]"[8] As plainly and ordinarily understood from the language of the '428 Patent, "high-pressure pneumatics testing equipment" includes not only "pumps", but rather all the different components of equipment which may be used in testing with various fluids including air, nitrogen dioxide water and various types of oils.

### D. Striking Total's contentions would unfairly prejudice Total's claim.

Total's contentions have caused no harm to PHC. In addition to the '428 Patent clearly defining "high-pressure pneumatics testing equipment", discovery deadlines have not passed, experts have not been deposed, and most importantly a Claim Construction Ruling has not been filed. If anything, striking Total's contentions would unfairly prejudice Total's claim.

Under Fed. R. Evid. 401, evidence is relevant if it has "<u>any</u> tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in

---

[7] [Dkt 1-4] at 2:41-44.
[8] [Dkt 1-4] at 5:37-38.

determining the action." Total's contentions are a result of discovery and specifically the inspection of PHC's devices. The contentions are directly correlated to all discovery in this suit and are relevant to show PHC has multiple devices that infringe on the '428 Patent. If a jury is unable to see all high-pressure components of PHC's devices, it might improperly assume that they are not high-pressure equipment. Exclusion of evidence would create an unfair advantage in PHC's favor and would unreasonably prejudice Total's case. Fed. R. Evid. 403.

Since the filing of the caption suit, Total has been diligent in its efforts to supplement its contentions as discovery progressed. Throughout this litigation, PHC has delayed, obfuscated, and restricted Total's access to usable discovery regarding PHC's alleged infringing devices. As a result, PHC's conduct has significantly impacted Total's ability to provide accurate information regarding accused systems, particularly the opportunity for Total's expert to inspect PHC's devices. The Court should find "high-pressure pneumatics testing equipment" must be given its plain and ordinary meaning provided by the '428 Patent specifications and thus the motion should be denied. Furthermore, because "high-pressure pneumatics testing" is clearly defined there is no need to add the term to the March 29, 2019 Marksman Hearing.

Respectfully submitted,

_____/s/ Steven G. Durio_____
Steven G. Durio (#05230)
William W. Stagg (#1613)
**Durio, McGoffin, Stagg & Ackermann, PC**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, Louisiana 70505-1308
Phone: (337) 233-0300
Fax: (337) 233-0694
**Attorneys for Plaintiffs Total Rebuild, Inc.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **Plaintiff's Memorandum in Opposition To Defendant's Motion to Strike Infringement Contentions** was electronically filed with the Clerk of the Court using the Cm/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

Lafayette, Louisiana, this 20th day of March, 2019.

/s/ Steven G. Durio