UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

TOTAL REBUILD, INC.                                      CIVIL ACTION

VERSUS

PHC FLUID POWER, L.L.C.                                  NO.: 15-1855-BAJ-CBW

## RULING AND ORDER

Before the Court is PHC Fluid Power, L.L.C.'s **Motion to Strike (Doc. 243)** Total Rebuild, Inc.'s third supplemental infringement contentions. For the reasons that follow, the **Motion (Doc. 243)** is **GRANTED**.

I.  BACKGROUND

This dispute arises from PHC Fluid Power's sale of a device that Total Rebuild contends infringes one of its patents. PHC Fluid Power's motion presents the question whether Total Rebuild can, without leave of Court, amend infringement contentions that have shaped over two years of litigation. The Court holds that it cannot.

1

Over three years ago, Total Rebuild sued PHC Fluid Power for infringing a patent on a "safety system for testing high-pressure devices."[1] (Doc. 1). Over two years ago, Total Rebuild served PHC Fluid Power with infringement contentions, which explained how—in Total Rebuild's view—PHC Fluid Power's systems infringed Total Rebuild's patent. (Doc. 71-5). Total Rebuild twice supplemented its contentions. (Docs. 85-31, 189-10). Its contentions targeted systems using pumps or pump systems *within* an explosion-proof safety housing.[2] (Docs. 71-5, 85-31, 189-10).

Three months ago, Total Rebuild tried to expand its contentions. (Doc. 232-2). So it served PHC Fluid Power with a third set of supplemental infringement contentions. (*Id.*). In them, Total Rebuild takes a new position: it contends that a system using pumps or pump systems *outside* an explosion-proof safety housing can infringe its patent. (*Id.* at pp. 10–12).

PHC Fluid Power moves to strike these contentions on the ground that Total Rebuild belatedly disclosed them. (Doc. 243). Total Rebuild opposes. (Docs. 253, 256-2). It does not dispute that its latest contentions "vastly expand" its claims or that it failed to serve the contentions until December 2018. (*Id.*). It instead contends that its supplementation was timely because the Court has not adopted the proposed scheduling order (Doc. 162-1) and local rules allow it to amend its contentions as late as 30 days after a claim-construction ruling. (Doc. 253 at pp. 2–3).

---

[1] The patent is United States Patent No. 8,146,428.

[2] It did so by limiting "high-pressure pneumatics testing equipment" to components located inside a safety housing. (Docs. 71-5 at pp. 9–10; 85-31 at pp. 7–8; 189-10 at pp. 19–21).

2

## II. DISCUSSION

The Court has adopted the Local Patent Rules of the United States District Court for the Eastern District of Texas for management of this case. (Doc. 50). Those rules prohibit a party from amending contentions without first obtaining leave of court. *See* Local Patent Rule 3-6(b). But the rules contain an exception allowing a party to amend contentions without leave if the party "believes in good faith" that a claim-construction ruling "so requires." *See* Local Patent Rule 3-6(a).

Courts interpreting the exception hold that it "applies only if the claim construction order results in an unexpected construction." *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, __ F. Supp. 3d __, 2018 WL 6830058, at *6 (E.D. Tex. Dec. 28, 2018). That interpretation squares with the purpose of infringement-contention deadlines: "[t]o ensure that parties formulate their infringement and invalidity theories early in the case and not make eleventh-hour alterations in their positions, subjecting their opposing party to additional delay, expense, and potential prejudice. *Id.* at *8.

Total Rebuild did not obtain the Court's leave before serving PHC Fluid Power with its latest contentions. (Docs. 253, 256-2). Yet it argues that its supplementation complies with Local Patent Rule 3-6(a). Not so. Because the Court has not made a claim-construction ruling, Local Patent Rule 3-6(a) does not apply. Total Rebuild cannot argue that it "believe[d] in good faith" that a yet-to-be-issued claim-construction ruling required it to supplement its contentions. *See* Local Patent Rule

3

3-6(a). The Court therefore finds that Total Rebuild's supplementation violates Local Patent Rule 3-6.

To decide if it should strike the contentions, the Court considers (1) the danger of unfair prejudice, (2) the length of Total Rebuild's delay, (3) the reason for the delay, (4) the importance of the third supplemental contentions, and (5) Total Rebuild's diligence. *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007).

The unfair-prejudice factor supports striking the contentions. Total Rebuild does not dispute that its new contentions would "vastly expand" its claims and thus require PHC Fluid Power to revise its defenses.[3] (Doc. 253 at p. 6). The parties tailored two years of discovery and motion practice—including eight depositions, three motions to compel, two motions for summary judgment, and four motions in limine—to theories of infringement Total Rebuild now seeks to overhaul.

The length-of-delay, reason-for-delay, and diligence factors also support striking the contentions. Total Rebuild aims to supplement its contentions more than three years after it sued and more than two years after it served its first infringement contentions. (Docs. 1, 71-5). And it asserts—without support—that it could not supplement its contentions until recently because PHC Fluid Power "delayed, obfuscated, and restricted [its] access to usable discovery." (Doc. 253 at p. 6). This is

---

[3] Total Rebuild prevaricates on this point. It contends that it "never limited the term 'high-pressure pneumatics testing equipment,'" but it does not address whether its latest supplementation contains new infringement contentions. (Doc. 253 at p. 4).

4

not the first time Total Rebuild has accused PHC Fluid Power of misconduct without supporting the accusation; it also did so in its briefing on a motion to continue. (Doc. 152-2 at p. 4). In its ruling on that motion, the Court found that the accusation lacked support and warned the parties that sanctions could follow unfounded accusations of misconduct. (Doc. 161 at p. 3). The Court finds Total Rebuild's unsupported accusations of misconduct as unpersuasive now as it found them then.

The importance factor also supports striking Total Rebuild's contentions. Total Rebuild does not explain how or why it would be prejudiced if the Court strikes the contentions. (Doc. 253 at p. 5). That Total Rebuild waited more than two years before advancing the contentions suggests that they are not critical. Besides, an order striking only Total Rebuild's expanded contentions will not doom its case; its earlier contentions still stand. (Docs. 71-5, 85-31, 189-10).

Having considered the *Computer Acceleration Corp.* factors, the Court concludes that it should strike Total Rebuild's third supplemental infringement contentions. *See, e.g., O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367–1368 (Fed. Cir. 2006) (affirming order striking amended infringement contentions because plaintiff failed to diligently move to amend); *Informatica Corp. v. Business Objects Data Integration, Inc.*, No. 02-3378-JSW, 2006 WL 463549, at *1 (N.D. Cal. Feb. 23, 2006) (striking infringement contentions amended belatedly and without leave).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that PHC Fluid Power, L.L.C.'s **Motion to Strike Infringement Contentions (Doc. 243)** is **GRANTED**. Total Rebuild, Inc.'s third supplemental infringement contentions are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Total Rebuild, Inc. is **PRECLUDED** from proceeding on any infringement theory not identified with **sufficient specificity** in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions. A boilerplate allegation of infringement under a doctrine-of-equivalents theory is insufficient.

Baton Rouge, Louisiana, this 28th day of March, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA