# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.** | **CASE NO. 6:15-CV-1855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PHC FLUID POWER, L.L.C.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims 1 through 19 of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion *in Limine* Regarding Blaine LaFleu ("Motion in Limine") [Doc. No. 205]. Plaintiff responded to the motion. [Doc. No. 217]. Defendant filed a reply [Doc. No. 236].

For the following reasons, the motion is GRANTED-IN-PART and DENIED-IN-PART.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant moves to preclude Plaintiff from offering testimony by Mr. Blaine LaFleur, Plaintiff's technical expert, for failure to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. [Doc. No. 206 at 1]. Defendant argues that Mr. LaFleur's report does not list all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition. *Id.* Defendant further contends that Mr. LaFleur's report also does not contain a statement of the compensation to be paid for the study and testimony in this case. *Id.* Thus, according to Defendant, Mr. LaFleur should be precluded from offering any testimony.

In the alternative, Defendant moves to preclude Plaintiff from offering testimony by Mr.

LaFleur in three areas. *Id.* at 1. First, Defendant contends that Mr. LaFleur has not offered any opinion whatsoever regarding whether PHC has directly through the doctrine of equivalents infringed claims 3, 4, 5, 11, 12, 13, 14, 15, 18, and/or 19 of the '428 Patent. *Id.* at 1-2. Second, Defendant contends that Mr. LaFleur's report does not provide any opinion regarding whether PHC has engaged in direct literal infringement and/or indirect infringement of claims 4, 5, 12, 13, 14, 15, 18, and/or 19 of the '428 Patent. *Id.* at 2. Defendant argues that Plaintiff should not be permitted to offer Mr. LaFleur's testimony regarding infringement of those claims. *Id.* Third, Defendant contends that Mr. LaFleur cannot determine without a physical inspection whether a device meets the elements of claims 3 or 11 of the '428 Patent. *Id.* According to Defendant, Mr. LaFleur's testimony would be inherently unreliable and prejudicial. *Id.*

Plaintiff responds that Mr. LaFleur inadvertently omitted from his report his cases and publications, and a statement of his compensation. [Doc. No. 217 at 1]. Plaintiff states that it has submitted a supplemental expert report with its response that includes the omitted information. [*See* Doc. No. 220]. Plaintiff argues that its failure to comply with expert reporting requirements was substantially justified or harmless error. [Doc. No. 217 at 2].

Regarding the remaining issues, Plaintiff argues that Defendant should not be allowed to take unfair advantage of a delay in discovery to support its motion to exclude Mr. LaFleur's report and testimony. *Id.* at 6. Plaintiff further argues that Mr. LaFleur's expert report now includes the results and newly found information from his inspection of Defendant's device, which includes an analysis of Defendant's alleged infringing devices on a claim-by-claim basis of the '428 Patent for claims 1, 3-5, 11-15, 16, 18, and 19. *Id.* Plaintiff contends that Defendant will not be prejudiced by the supplemental expert report of Mr. LaFleur. *Id.* at 6-7.

## II. LAW AND ANALYSIS

The Fifth Circuit in *Sierra Club,* provided four factors for courts to consider when considering whether a failure to comply with Rule 26 disclosures is "substantially justified or is harmless error": (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.,* 73 F.3d 546, 572 (5th Cir. 1996). The first factor, the importance of the witness's testimony, weighs in Plaintiff's favor. Mr. LaFleur is Plaintiff's only expert witness regarding infringement of the '428 Patent, and his testimony is vital to Plaintiff's ability to rebut Defendant's invalidity and non-infringement contentions.

The second factor, prejudice to the opposing party, also weighs in Plaintiff's favor. Plaintiff argues that Defendant received its substantive disclosures regarding Mr. LaFleur and his report on November 30, 2018. [Doc. No. 217 at 3]. It does not appear that Defendant made any effort to contact Plaintiff or the Court regarding any perceived deficiency with Plaintiff's disclosures or Mr. LaFleur's report, and furthermore, chose not to depose Mr. LaFleur. *Id.* Plaintiff contends that instead of notifying it or requesting supplementation pursuant to Rule 26(e), Defendant waited to file this motion at the close of the parties proposed expert discovery deadline, and two weeks before a January 22, 2019 pretrial conference. *Id.* Plaintiff argues that Defendant's delay until after the close of expert discovery negates its assertion of prejudice. *Id.*

The Court agrees that Defendant's delay until after the close of expert discovery negates its assertion of prejudice. Defendant could possibly have avoided the issue entirely if it had brought their concerns to Plaintiff's attention earlier. As held by the Court in *Davidson* "[i]n effect, Defendants' tactics negate their assertions of prejudice." *Davidson v. Ga. Pac., LLC*, No.

12-cv-1463, 2014 U.S. Dist. LEXIS 1107, at *21 (W.D. La. Jan. 6, 2014). Indeed, this type of "gamesmanship flies in the face of the spirit of cooperation and fair play that animates Rule 26 . . . ." *Foreman v. Am. Road Lines, Inc.*, 623 F. Supp. 2d 1327, 1330 (S.D. Ala. 2008).

The third factor, the possibility of curing such prejudice by granting a continuance, also weighs in Plaintiff's favor because the Court has continued the trial until September 16, 2019. Plaintiff indicates that it has provided Defendant with the requisite list of cases and publications necessary to satisfy the requirements of Rule 26. *Id.* at 4. Thus, any alleged prejudice to Defendant as to the incomplete disclosure has been cured.

Regarding the fourth factor, Plaintiff maintains that the incomplete disclosure was due to the tight time constraints of the proposed Joint Scheduling Order [Doc. No. 162], which was not adopted by the Court. [Doc. No. 217 at 4]. Plaintiff argues that it had no choice other than to produce Mr. LaFleur's report to Defendant at the prearranged deadline of November 30, 2018, ten days before it was able to conduct its inspection. *Id.* at 5.

The reasons for the delayed inspection are not currently before the Court. Furthermore, the Court notes that Plaintiff has previously accused Defendant of misconduct or delay without supporting the accusation. [Doc. No. 263 at 5]. The Court "found that the accusation lacked support and warned the parties that sanctions could follow unfounded accusations of misconduct." *Id.* Notwithstanding, Mr. LaFleur has supplemented his expert report to include the results of his inspection and has rectified the deficiencies. Accordingly, the Court finds that based upon the four factors laid out in *Sierra Club,* Plaintiff's incomplete disclosure is substantially justified or harmless error. Thus, Defendant's motion is DENIED.

Defendant's argument that Mr. LaFleur's testimony would be inherently unreliable and prejudicial because he has not completed a physical inspection is moot. [Doc. No. 206 at 2]. As

Plaintiff indicated, Mr. LaFleur has supplemented his expert report to include the results of his inspection. [Doc. No. 217 at 5]. Moreover, a physical inspection usually only goes to the weight of an opinion. *Barry v. Medtronic, Inc.*, No. 1:14-cv-104, 2016 U.S. Dist. LEXIS 191231, at *12 (E.D. Tex. July 19, 2016) ("There is no requirement that an expert physically inspect an accused instrumentality in order to render an opinion as to infringement."). Thus, Defendant's motion is DENIED.

Regarding the remaining issues, the analysis proceeds and is guided by the Court's "RULING AND ORDER granting 243 Motion to Strike 242 Total Rebuild Inc's Third Supplemental Infringement Contentions" [Doc. No. 263].[1] On February 28, 2019, Defendant filed a "Motion to Strike or, Alternatively, for Construction of Term at *Markman* Hearing" [Doc. No. 243]. Plaintiff filed an opposition on March 20, 2019. [Doc. No. 253]. Defendant filed a reply on March 28, 2019. [Doc. No. 262]. On that same day, the Court granted Defendant's Motion to Strike. [Doc. No. 263].

In the Order granting Defendant's Motion to Strike, the Court found that Plaintiff was improperly trying to expand its infringement contention by taking the new position that "using pumps or pump systems *outside* an explosion-safety housing can infringe its patent." [Doc. No. 263 at 2] (emphasis in original). The Court noted that Plaintiff "does not dispute that its latest contentions 'vastly expand' its claims or that it failed to serve the contentions until December 2018." *Id.* Instead, Plaintiff argued that its supplementation was timely because the Court had not adopted the proposed scheduling order (Doc. 162-1) and local rules allow it to amend its contentions as late as 30 days after a claim-construction ruling. *Id.* The Court found that

---

[1] Defendant's Motion to Strike and the Court's Order Granting Defendant's Motion to Strike were filed and entered after the present Motion *in Limine*.

"[b]ecause the Court has not made a claim-construction ruling, Local Patent Rule 3-6(a) does not apply." *Id.* at 3.

The Court further found that the factors courts consider when evaluating motions to strike all weighed in favor of striking the contentions. *Id.* at 4-5. The Court then granted Defendant's Motion to Strike Infringement Contentions (Doc. 243), and further ordered that Plaintiff "is PRECLUDED from proceeding on any infringement theory not identified with sufficient specificity in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions. A boilerplate allegation of infringement under a doctrine-of-equivalents theory is insufficient." *Id.* at 6.

Defendant moves to preclude Plaintiff from offering testimony by Mr. LaFleur for the following: (1) whether Defendant has directly through the doctrine of equivalents infringed claims 3, 4, 5, 11, 12, 13, 14, 15, 18, and/or 19; and (2) whether Defendant has engaged in direct literal infringement and/or indirect infringement of claims 4, 5, 12, 13, 14, 15, 18, and/or 19 of the '428 Patent. [Doc. No. 206 at 1-2]. As stated in the Court's Order granting Defendant's Motion to Strike Infringement Contentions, Plaintiff is "PRECLUDED from proceeding on any infringement theory not identified with sufficient specificity in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions." [Doc. No. 263 at 6]. Likewise, "[a] boilerplate allegation of infringement under a doctrine-of-equivalents theory is insufficient." *Id.*

Accordingly, the Court GRANTS Defendant's motion to the extent that Mr. LaFleur's testimony attempts to introduce an infringement theory not identified with sufficient specificity in Plaintiff's original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions. The Court DENIES Defendant's motion to the

extent that Mr. LaFleur's testimony is consistent with an infringement theory that can be identified with sufficient specificity in Plaintiff's original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* [Doc. No. 205] is DENIED-IN-PART and GRANTED-IN-PART.

Monroe, Louisiana, this 10th day of June, 2019.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**