| | |
|---|---|
| **TOTAL REBUILD, INC.** | **CASE NO. 6:15-CV-1855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PHC FLUID POWER, L.L.C.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims 1 through 19 of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion *in Limine* Regarding Systems with Testing Equipment Outside of Housing" [Doc. No. 207], and Defendant's "Motion *in Limine* Regarding Sales and Revenue" [Doc. No. 209]. Plaintiff responded to the motions. [Doc. No. 219]. Defendant filed a reply. [Doc. No. 240].

For the following reasons, the motions are GRANTED IN PART and DENIED IN PART.

## I.     PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant moves to preclude Plaintiff from offering evidence that Defendant has directly or indirectly infringed claims 3, 4, 5, 11, 12, 13, 14, 15, 18, and/or 19 of the '428 Patent by making, using, selling, offering for sale, and/or importing a safety system in which the high-pressure testing equipment is located outside an explosion proof housing. [Doc. No. 208 at 1]. Similarly, Defendant moves to exclude and preclude Plaintiff from offering evidence of sales and revenues of Defendant for systems that do not have testing equipment within or inside explosion-proof safety housing. Plaintiff has alleged that Defendant has directly or indirectly infringed claims 3,

4, 5, 11, 12, 13, 14, 15, 18, and/or 19 of the '428 Patent by making, using, selling, offering for sale, and/or importing a safety system for testing high-pressure devices in which the high-pressure testing equipment is located outside an explosion proof housing. [Doc. Bo. 209-1 at 1].

Defendant argues that the clear language of the claims requires the high-pressure testing equipment to be located "within" an explosion-proof safety housing or placed in an explosion proof safety housing. [Doc. No. 208 at 1, Doc. No. 209-1 at 1]. Defendant contends that safety systems in which the high-pressure testing equipment is located outside the housing is not relevant under Rule 401 of the Federal Rules of Evidence, and should be excluded as inadmissible under Rule 402 of the Federal Rules of Evidence. [Doc. No. 208 at 1-2, Doc. No. 209-1 at 2]. Defendant further contends that such evidence should also be excluded under Rule 403 of the Federal Rules of Evidence, because it would be confusing to jurors, mislead the jury, cause undue delay, and waste time because the jury would need to review system, listen to days of testimony, and review exhibits that cannot result in liability. [Doc. No. 208 at 2].

Plaintiff replies that Defendant's motions seek to improperly construe the plain and ordinary meaning of the uncontested term "high-pressure pneumatics testing equipment" in the '428 Patent. [Doc. No. 219 at 1]. Plaintiff argues that Defendant is attempting to improperly narrow the meaning of "high-pressure pneumatics testing equipment" in the '428 Patent claims by reading the limitations of dependent claims into the interpretation of their independent base claims. *Id.*

Defendant replies that Plaintiff is precluded from offering theories of infringement wherein the pump of the pressure testing system is outside of the safety housing, because Plaintiff did not disclose those theories until after the close of discovery and over three years after its infringement contentions were due. [Doc. No. 240 at 2]. Defendant argues that Plaintiff should be precluded

from asserting that "high-pressure pneumatics testing equipment" includes components such as hoses, tubes, and piping. *Id.* at 11.

## II. LAW AND ANALYSIS

To show direct infringement, a patent owner must prove either literal infringement or infringement by the doctrine of equivalents. A product literally infringes a patent if each element of the patent claim is contained in the accused product. *See, e.g., N. Am. Vaccine, Inc. v. Am. Cyanamid Co.*, 7 F.3d 1571, 1574 (Fed. Cir. 1993). The test for infringement under the doctrine of equivalents determines "whether [the accused product] performs the function in substantially the same way to achieve substantially the same result." *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1378 (Fed. Cir. 2008).

The Court's analysis proceeds and is informed by the Court's "RULING AND ORDER granting 243 Motion to Strike 242 Total Rebuild Inc's Third Supplemental Infringement Contentions" [Doc. No. 263]. On February 28, 2019, Defendant filed a "Motion to Strike or, Alternatively, for Construction of Term at *Markman* Hearing" [Doc. No. 243]. Plaintiff filed an opposition on March 20, 2019. [Doc. No. 253]. Defendant filed a reply on March 28, 2019. [Doc. No. 262]. On that same day, the Court granted Defendant's Motion to Strike. [Doc. No. 263].

In the Order granting Defendant's Motion to Strike, the Court found that Plaintiff was improperly trying to expand its infringement contention by taking the new position that "using pumps or pump systems *outside* an explosion-safety housing can infringe its patent." [Doc. No. 263 at 2] (emphasis in original). The Court noted that Plaintiff "does not dispute that its latest contentions 'vastly expand' its claims or that it failed to serve the contentions until December 2018." *Id.* Instead, Plaintiff argued that its supplementation was timely because the Court has not adopted the proposed scheduling order (Doc. 162-1) and local rules allow it to amend its

contentions as late as 30 days after a claim-construction ruling. *Id.* The Court found that "[b]ecause the Court has not made a claim-construction ruling, Local Patent Rule 3-6(a) does not apply." *Id.*at 3.

The Court further found that the factors courts consider when evaluating motions to strike all weighed in favor of striking the contentions. *Id.* at 4-5. The Court then granted Defendant's Motion to Strike Infringement Contentions (Doc. 243), and further ordered that Plaintiff "is PRECLUDED from proceeding on any infringement theory not identified with sufficient specificity in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions. A boilerplate allegation of infringement under a doctrine-of-equivalents theory is insufficient." *Id.* at 6.

Defendant moves to preclude Plaintiff from offering evidence that Defendant has directly or indirectly infringed claims 3, 4, 5, 11, 12, 13, 14, 15, 18, and/or 19 of the '428 Patent by making, using, selling, offering for sale, and/or importing a safety system in which the high-pressure testing equipment is located outside an explosion proof housing. [Doc. No. 208 at 1]. Similarly, Defendant moves to exclude and preclude Plaintiff from offering evidence of sales and revenues of Defendant for systems that do not have testing equipment within or inside explosion-proof safety housing. As stated in the Court's Order granting Defendant's Motion to Strike Infringement Contentions, Plaintiff is "PRECLUDED from proceeding on any infringement theory not identified with sufficient specificity in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions." [Doc. No. 263 at 6]. Likewise, "[a] boilerplate allegation of infringement under a doctrine-of-equivalents theory is insufficient." *Id.*

Accordingly, the Court GRANTS Defendant's motion to the extent that the evidence is

based on an infringement theory not identified with sufficient specificity in Plaintiff's original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions.  The Court DENIES Defendant's motion to the extent that the evidence is based on an infringement theory that can be identified with sufficient specificity in Plaintiff's original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions.

Finally, as stated in the Court's Claim Construction Order, the plumbing and hoses that couple the high-pressure pneumatics testing equipment to the high-pressure device for testing are not the recited "high-pressure pneumatics testing equipment."  The "high-pressure pneumatics testing equipment" is a separately claimed element from the structure for "coupling said high-pressure pneumatics testing equipment to said high-pressure device."  The plain language of the claims require both the "high-pressure pneumatics testing equipment" and the "means . . . for coupling" to be "within said housing."  To the extent that a party contends that plumbing and hoses are the recited "high-pressure pneumatics testing equipment," the Court rejects that argument.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* [Doc. No. 207], and Defendant's Motion *in Limine* [Doc. No. 209] is DENIED IN PART and GRANTED IN PART.

Monroe, Louisiana, this 10th day of June, 2019.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**