## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.** | **CASE NO. 6:15-CV-1855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PHC FLUID POWER, L.L.C.** | **MAG. JUDGE CAROL B. WHITEHURST** |

### RULING

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims 1 through 19 of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion *in Limine* Regarding Certain Deposition Testimony" [Doc. No. 210]. Plaintiff responded to the motion. [Doc. No. 218]. Defendant filed a reply [Doc. No. 238].

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant moves to preclude Plaintiff from offering certain testimony from the deposition of Defendant at 93:25–96:2, 99:20–100:6, and 112:24–113:5 (the "Passages"). [Doc. No. 210-1 at 1]. Defendant argues that the Passages contain substantial mischaracterizations of testimony and confusing, compound questions to which counsel for Defendant objected. *Id.* Defendant further argues that the Passages call for legal conclusions by a lay witness (*i.e.*, the meaning of infringement as a matter of law) and substantially mischaracterize any statement made or testimony given by Defendant. *Id.* at 2. According to Defendant, this would confuse and mislead the jury. *Id.* (citing Fed. R. Evid. 403, 701).

Plaintiff responds that Defendant's motion should be denied for three reasons. [Doc. No. 218 at 1]. Plaintiff first argues that the Passages explain Defendant's business practices and provide a comparison of Defendant's system with the claimed system based on the personal knowledge of Mark Mire, co-owner and 30(b)(6) representative of Defendant. *Id.* Plaintiff next argues that the Passages provide the jury factual evidence in the form of lost profits to determine damages. *Id.* Finally, Plaintiff contends that the Passages are evidence of "willfulness," which supports increased damages and attorney's fees. *Id.* at 2 (citing 35 U.S.C. § 284, 285).

**II.    LAW AND ANALYSIS**

It is well established that the Court may exclude evidence under Rule 403 of the Federal Rules of Civil Procedure. *Baxter v. Anderson*, 277 F. Supp. 3d 860, 862 (M.D. La. 2017) (citing *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013)). The Court has carefully reviewed the Passages, and finds that they should not be precluded in their entirety, as Defendant proposes. However, to the extent that a portion of the compound question presented includes a legal conclusion, that part of the question is excluded. If allowed, this part of the question would essentially usurp the role of the factfinder, and would confuse and mislead the jury. *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 635 (S.D.N.Y. 2014) ("Determining the weight and sufficiency of the evidence is the factfinder's job, not [the lay witness]. And his conclusion does not assist the factfinder in doing that job. What does assist the factfinder is, for example, the information he goes on to provide in support for his conclusion.").

Here, portions of the questions presented called or heavily suggested that the witness reached a legal conclusion (*e.g.*, validity, infringement). Accordingly, Plaintiff is precluded from offering certain testimony from the deposition of Defendant. Specifically, the following testimony is excluded:

- 94:2 (entire line) – 4 (entire line)

- 94:12 (starting with "that") – 22 (entire line);

- 99:25 (starting with "that") – 100:1 (ending with "valid");

- 112:25 (starting with "which") – 113:2 (entire line).

The remaining testimony identified by Defendant will assist the factfinder and is not precluded.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* [Doc. No. 210] is DENIED IN PART and GRANTED IN PART.

Monroe, Louisiana, this 10th day of June, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**