**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **TOTAL REBUILD, INC.** | ) | |
| | ) | |
| **Plaintiff/Counterclaim-Defendant,** | ) | **Case No. 6:15-cv-01855-TAD-CBW** |
| | ) | |
| **v.** | ) | **JUDGE TERRY A. DOUGHTY** |
| | ) | |
| **PHC FLUID POWER, L.L.C.,** | ) | **MAGISTRATE JUDGE WHITEHURST** |
| | ) | |
| **Defendant/Counterclaim-Plaintiff.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

---

**DEFENDANT PHC FLUID POWER, L.L.C.'S**
**MOTION IN LIMINE REGARDING ACCUSED SYSTEMS**

---

Defendant PHC Fluid Power, L.L.C. ("PHC") respectfully moves the Court to preclude and exclude Plaintiff Total Rebuild, Inc. ("Total") from asserting or referencing at trial six of PHC's pressure testing system that Total alleges infringe U.S. Patent No. 8,146,428 (the "'428 Patent").[1] Total's position that these six systems infringe is expressly precluded by several of this Court's rulings. Total is simply trying to relitigate positions it has already lost in this case. PHC has requested Total withdraw its assertion of infringement for these six systems, but Total refuses to do so despite the clear and unequivocal determinations by the Court.

Total's assertion of infringement by the six systems is precluded by the Court's Ruling and Order on PHC's Motion to Strike Total's Third Infringement Contentions. In that Ruling and Order,

---

[1] The six systems are PHC-TB-23-W-ATV4-HSF202-4RC to GE a/k/a PHC-PS-23-W-ATV4-HSF202-RC;  PHC-TB-15-W-ASFB22-HSF202-RC  to  Cameron;  PHC-TB-15-W-ATV4-GSF100-AGT62-152-RC to Baker Hughes; PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes; PHC-TB-10-W-ATV-GSF100-DL-1 to Baker Hughes; and PHC-TB-20-W-ATV4-HSF202-RC to GE.

this Court clearly and unequivocally held Total (1) did not disclose a theory of infringement for pressure testing systems with pumps and pump systems outside of the safety housing in Total's Original, First Supplemental, or Second Supplemental Infringement Contentions; and (2) is precluded from asserting infringement under theories not disclosed in its Original, First Supplemental, or Second Supplemental Infringement Contentions. Ruling and Order at 2, 6 (Dkt. 2). Thus, this Court held Total is precluded from asserting infringement by systems with pumps and pump systems outside the safety housing. Further, the parties do not dispute that the pumps and pump systems of these six pressure testing systems are outside the safety housing. Memorandum in Opposition to Defendant's Motion to Strike Infringement Contentions at 2. Yet, Total refuses to withdraw its assertion that these six systems infringe its patent and will not even discloses the theory by which it alleges infringement. PHC's Motion should be granted for this reason alone.

Total's assertion of infringement by these six systems also is precluded by at least two other rulings from this Court. In its Memorandum Opinion and Order on Claim Construction ("Construction Ruling") and Ruling on Motion in Limine, this Court clearly and unequivocally held the separately claimed elements of Total's patent of "high-pressure pneumatics testing equipment" and "means within said [safety] housing for coupling said high-pressure pneumatics testing equipment to said high-pressure device for testing" refer to separate structures and the Court rejects any argument that the systems' "plumbing and hoses" are the recited "high-pressure testing equipment." Construction Ruling at 30 (Dkt. 278); Ruling on Motion in Limine at 5 (Dkt. 282).

Total asserted in its Third Supplement Infringement Contentions that these six systems infringe because the systems' plumbing and hoses are both the "high-pressure testing equipment"

and the "means … for coupling …" element. Even if Total's Third Supplemental Infringement Contentions had not been struck, which they were, Total's position that these six systems infringe because the plumbing and hoses are both elements is precluded by the Construction Ruling and Ruling on Motion in Limine.

The Court has already ruled that Total "is **PRECLUDED** from proceeding on any infringement theory not identified with **sufficient specificity** in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions." Ruling and Order at 6. However, Total maintains that it will allege at trial infringement by the six systems under theories that were not timely disclosed. Further, Total's position as to infringement is precluded by the Court's rulings on claim construction, but Total will not withdraw its claims of infringement. PHC now moves for an order specifically precluding and excluding Total from raising these six systems at trial.

**Wherefore**, PHC respectfully requests that Total be excluded and precluded from raising or referring to the following six systems at trial:

1. PHC-TB-23-W-ATV4-HSF202-4RC to GE a/k/a PHC-PS-23-W-ATV4-HSF202-RC;

2. PHC-TB-15-W-ASFB22-HSF202-RC to Cameron;

3. PHC-TB-15-W-ATV4-GSF100-AGT62-152-RC to Baker Hughes;

4. PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes Oklahoma;

5. PHC-TB-10-W-ATV-GSF100-DL-1 to Baker Hughes Oklahoma;

6. PHC-TB-20-W-ATV4-HSF202-RC to GE.

Dated: July 26, 2019

Respectfully submitted,

**MILLER LEGAL PARTNERS PLLC**

/s/ Nicholas R. Valenti
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9011
Email: smiller@millerlegalpartners.com
nvalenti@millerlegalpartners.com

**NEUNERPATE**

/s/ Cliff A. Lacour
Brandon W. Letulier - #28657
Cliff A. LaCour - #30581
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Tel: (337) 237-7000
Fax: (337) 233-9450
Email: bletulier@neunerpate.com
        clacour@neunerpate.com

*Attorneys for PHC Fluid Power, L.L.C.*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of July 2019, a copy of the foregoing was served on counsel of record listed below via the Court's ECF system:

William W. Stagg
Chase A. Manuel
Steven G. Durio
Tyler Rush
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard (70503)
Post Office Box 51308 Lafayette, LA 70505-1308
Bill@dmsfirm.com
Chase@dmsfirm.com
Buzz@dmsfirm.com
tyler@dmsfirm.com

Brandon W. Letulier
Cliff A. LaCour
NeunerPate
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, LA 70503
bletulier@neunerpate.com
clacour@neunerpate.com

s/ Nicholas R. Valenti
Nicholas R. Valenti