# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| TOTAL REBUILD, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | Case No. 6:15-cv-01855-TAD-CBW |
| | ) | |
| v. | ) | **JUDGE TERRY A. DOUGHTY** |
| | ) | |
| PHC FLUID POWER, L.L.C., | ) | **MAGISTRATE JUDGE WHITEHURST** |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## DEFENDANT PHC FLUID POWER, L.L.C.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE REGARDING ACCUSED SYSTEMS

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................... iii
    I.     INTRODUCTION .................................................................................................. 1
    II.    FACTS ..................................................................................................................... 2
    III.   ARGUMENT .......................................................................................................... 5
        A.    Total's Assertion of Infringement by the Six Systems Is Contrary to the Ruling and Order on PHC's Motion to Strike. ................................................................................................ 6
        B.    Total's Assertion of Infringement by the Six Systems Is Also Contrary to at Least Two Additional Court Rulings. ............................................................................................... 9
        C.    The Six Systems' Pumps and Pump Assemblies Are Outside of the Safety Housing. ............... 11
    IV.   CONCLUSION ...................................................................................................... 12

# Table of Authorities

**Cases**

*Agostini v. Felton*, 521 U.S. 203, 236 (1997) .................................................................................. 5

*Ariwodo v. U.S. Immigration and Customs Enforcement*, No. CIV.A. H-04-4572, 2007 WL 397464 (S.D. Tex. Feb. 1, 2007) ................................................................................................ 6

*Becton, Dickinson and Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249 (Fed. Cir. 2010) ......... 11

*Gilbert v. Frontera Prod., Ltd.*, No. CIV.A. 12-2754, 2014 WL 2949452 (W.D. La. June 26, 2014) ........................................................................................................................................... 5

*Linquist v. City of Pasadena*, *Tex.*, 669 F.3d 225 (5th Cir. 2012) .................................................. 5

*Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 629 F.2d 993 (5th Cir. 1980) ........................ 6

**Rules**

Fed. R. Evid. 401 .......................................................................................................................... 6

In support of its Motion in Limine Regarding Accused Systems ("Motion"), Defendant PHC Fluid Power, L.L.C. ("PHC") states as follows:

## I. INTRODUCTION

Despite clear instruction by the Court in several Orders, Plaintiff Total Rebuild, Inc. ("Total") continues to assert, and apparently intends to present at trial, six PHC systems that cannot infringe because the high-pressure pneumatics testing equipment—namely, the pumps—is not located within the explosion proof housing as required by **every** claim of U.S. Patent No. 8,146,428 (the "'428 Patent"). In its Ruling and Order on PHC's motion to strike (Dkt. 263), this Court unambiguously held Total is precluded from pursuing a theory of infringement whereby the pumps or pump systems are located outside the explosion proof housing because such a theory had not been timely disclosed. Total's proposed trial position that the six systems at issue in this motion infringe is directly contrary to that Order. Moreover, on page 30 of the Memorandum Opinion and Order on Claim Construction (Dkt. 278), the Court clearly and unequivocally stated the "plain language of the claims" requires the high-pressure pneumatics testing equipment to be located within the explosion proof housing. The six systems with the high-pressure testing pneumatics testing equipment outside of the safety housing cannot infringe based on this holding. Thus, the six systems are not relevant to any claim or defense and would be confusing, unduly prejudicial, and a needless waste of time and expense if presented the jury. There is no proper and valid reason to present at trial systems that cannot plausibly infringe any claim of the '428 Patent.

Even if Total comes up with some convoluted claim of infringement of the '428 Patent through the six systems, the time for raising such new theory has long passed. This Court has already struck Total's Third Supplemental Infringement Contentions for being untimely and held that Total is precluded from asserting theories of infringement that were not timely disclosed in its

Original, First Supplemental or Second Supplemental Infringement Contentions. To permit Total to assert new theories of infringement for the six systems nearly four years after first filing its complaint, numerous supplemental infringement contentions, and on the eve of trial is unduly prejudicial and ignores the Court's prior determinations.

Prior to filing the Motion, PHC requested Total drop its claims of infringement on the basis of the six systems. However, Total maintains the six systems infringe its patent. Total will not withdraw its assertions of infringement by these six systems or even explain its basis for its continued assertion of infringement of these six systems. With trial set to commence on September 16, 2019, PHC now moves for an order specifically precluding Total from asserting infringement by these six systems at trial. Total must be precluded from referencing the six systems at trial and any testimony, documents, and/or things that reference or include the six systems must be excluded.

## II. FACTS

On December 10, 2018, over three and a half years after this case began, Total served its Third Supplemental Infringement Contentions on PHC. (Dkt. 232-2). On February 28, 2019, PHC moved to strike Total's Third Supplemental Infringement Contentions. Motion to Strike Infringement Contentions or, Alternatively, to Add Patent Term for Construction During Markman Hearing ("Motion to Strike") (Dkt. 243). The basis for the Motion to Strike was Total's attempt to vastly expand the theories by which it alleged PHC infringed its patent in its Third Infringement Contentions and that the Third Infringement Contentions were untimely because they were served over 2 years after the deadline for infringement contentions had passed and, in fact, served after fact discovery had closed. As PHC argued, allowing Total to alter its infringement theories years

2

after Total was required to disclose them and after the close of discovery, discovery that was based on the infringement theories Total did timely disclose, would have significantly prejudiced PHC.

On March 28, 2019, this Court granted the Motion to Strike, struck Total's Third Supplemental Infringement Contentions, and ordered Total is "**PRECLUDED** from proceeding on any infringement theory not identified with **sufficient specificity** in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions." Ruling and Order (Dkt. 263) (emphasis in original). The Court specifically held that Total's Original Contentions, First Supplemental Contentions, and Second Supplemental Contentions "targeted systems using pumps or pump systems within an explosion-proof safety housing" (Ruling and Order at 2 (Dkt. 263)), and in its Third Supplemental Contentions, "Total Rebuild takes a new position: it contends that a system using pumps or pump systems outside an explosion-proof safety housing can infringe its patent." *Id*. at 2. That holding was reiterated in this Court's Ruling on PHC's Motion in Limine ("Limine Ruling"). Limine Ruling at 3 (Dkt. 282) ("In the Order granting Defendant's Motion to Strike, the Court found that Plaintiff was improperly trying to expand its infringement contentions by taking the new position that 'using pumps or pump systems outside an explosion-safety housing can infringe its patent.'").

On April 1, 2019, in response to PHC's request that Total clarify which systems Total was accusing of infringement in view of the Ruling and Order, Total stated that it would assert infringement of eight PHC pressure testing systems. Exhibit 1. However, in five of those systems, the pumps are outside of the alleged explosion-proof housing. The five systems are:

1. PHC-TB-23-W-ATV4-HSF202-4RC (hereinafter "GE Oil");

2. PHC-TB-15-W-ATV4-GSF100-ASF150-AGT62-152-RC (hereinafter "Baker Hughes Emmott");

3. PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 (hereinafter "Baker Ok Long");

3

  4.  PHC-TB-15-W-ASFB22-HSF202-RC (hereinafter "Cameron Brown"); and

  5.  PHC-TB-20-W-ATV4-HSF202-RC (hereinafter "GE Canton").

*Id*.

On July 19, 2019, Total served its proposed pretrial order on PHC. Exhibit 2. In its proposed pretrial order, and among other broad categories[1], Total accused a sixth system wherein the pumps and pump systems are outside of the alleged explosion-proof safety housing as infringing. The six accused systems are:

1. GE Oil (PHC-TB-23-W-ATV4-HSF202-4RC to GE a/k/a PHC-PS-23-W-ATV4-HSF202-RC);

2. Cameron Brown (PHC-TB-15-W-ASFB22-HSF202-RC to Cameron);

3. Baker Hughes Emmott (PHC-TB-15-W-ATV4-GSF100-AGT62-152-RC to Baker Hughes);

4. Baker Ok Long (PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes Oklahoma);

5. PHC-TB-10-W-ATV-GSF100-DL-1 to Baker Hughes Oklahoma (hereinafter "Baker Ok Short") (**not identified in April 1, 2019 email**);

6. GE Canton (PHC-TB-20-W-ATV4-HSF202-RC to GE).

*Id*.

The claim charts attached to Total's Second Supplemental Infringement Contentions (which have not been excluded) identify the "bunker" of the six accused systems as being the "explosion-proof safety housing" element of independent claims 1, 11, and 16 (from which all claims of the '428 Patent depend) as follows;:

---

[1] PHC has simultaneously filed a separate motion in limine regarding those broad categories.

| an explosion-proof safety housing; | PHC's Bunker Test Systems, also identified as "Test Bench", "Test Bunker", "High/Low Pump System" denoted with the model no. prefix "PHC-TB…", disclosing the system as having a "**Bunker**". See Exhibit E at Total Rebuild 580, 586, 602-603, 606, 608-609, 611-612, 615-619, 621, 623-624, 626-627, 630-635, 638-639, 641-645, 647-648, 651-654, 658, 661-666 (**emphasis added**).<br><br>PHC's Remote Control, Multiple Outlet Test System, also identified as "High/Low Pump Skid", denoted with the model no. prefix "PHC-PS…", disclosing the system containing a "bunker". See Exhibit F at Total Rebuild/PHC 667, 673, 679-680, 684-685. |
|---|---|

Second Supplemental Infringement Contentions at 7, 17-18, 31-32 (Dkt. 189-10). The parties do not dispute the pumps of the six systems are outside the bunker. Accordingly, Total's continued assertion of infringement by systems with pumps and pump systems outside of the safety housing is directly contrary to several rulings of this Court. Further, because Total cannot assert infringement by these systems, they are irrelevant and should be excluded under Federal Rule of Evidence 402.

### III. ARGUMENT

Total's continued assertion of systems that do not have all the high-pressure pneumatics testing equipment within the explosion proof housing is a *per se* violation of the law of this case. "Under the 'law of the case' doctrine, 'a court should not reopen issues decided in earlier stages of the same litigation.'" *Gilbert v. Frontera Prod., Ltd.*, No. CIV.A. 12-2754, 2014 WL 2949452 (W.D. La. June 26, 2014) (citing *Agostini v. Felton*, 521 U.S. 203, 236 (1997)); *see also Linquist v. City of Pasadena, Tex.*, 669 F.3d 225, 238-39 (5th Cir. 2012). "A court can depart from a prior holding if it feels that holding 'is clearly erroneous and would work a manifest injustice.'" *Gilbert*, 2014 WL 2949452 (citing *Agostini*, 521 U.S. at 236). As explained below, the Court has clearly and unambiguously ruled systems in which all the high-pressure pneumatics testing equipment is not within the explosion proof housing cannot be raised in this case and cannot infringe any claim of the '428 Patent.

5

Further, because Total cannot assert the six systems infringe, they are irrelevant to this case and must be excluded under Federal Rule of Evidence 402. *Ariwodo v. U.S. Immigration and Customs Enforcement*, No. CIV.A. H-04-4572, 2007 WL 397464 at *1 (S.D. Tex. Feb. 1, 2007) (citing *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 629 F.2d 993, 999 (5th Cir. 1980)) ("The relevancy issue is the initial inquiry when any item is offered as evidence because to be admissible, the item *must* be relevant."). Evidence is relevant, and thus admissible, if (1) it has a tendency to make a fact more or less probable than it would be without evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401. The prior rulings in this case render the six accused systems irrelevant to this lawsuit.

### A. Total's Assertion of Infringement by the Six Systems Is Contrary to the Ruling and Order on PHC's Motion to Strike.

In the Ruling and Order, the Court clearly and unequivocally held Total's Original Contentions, First Supplemental Contentions, and Second Supplemental Contentions "targeted systems using pumps or pump systems within an explosion-proof safety housing" (Ruling and Order, Dkt. 263 at 2), and in its Third Supplemental Contentions, "Total Rebuild takes a new position: it contends that a system using pumps or pumps systems outside an explosion-proof safety housing can infringe its patent." (*Id*. at 2). The Court struck the Third Supplemental Contentions and precluded Total from relying on theories of infringement not timely disclosed. Thus, the unambiguously established law of this case is Total cannot rely on any theory of infringement wherein the pump or pump systems are outside of the explosion-proof safety housing.

This is not a case where the Court should depart from its prior holding because it was erroneous and would work a manifest injustice. The Court's granting of PHC's Motion to Strike was not erroneous and Total has not sought review, revision or rehearing on that Order. PHC's Memorandum in Support of Motion to Strike Infringement Contentions set out in detail how

6

Total's Original Infringement Contentions, First Supplemental Infringement Contentions, and Second Original Infringement Contentions failed to disclose a theory of infringement whereby the pumps or pump systems were outside of the safety housing. (*See* Memo., Dkt. 247 at 7-14). PHC incorporates by reference that document as if expressly stated herein.

In its Opposition to the Motion to Strike, Total did not argue those theories had previously been disclosed. *See generally*, Opposition. Instead, Total attempted to blame PHC for its failure to timely disclose the infringement theory:

> Total's [Third Supplemental Infringement] contentions were not filed until December 2018 because PHC delayed inspections by Total's expert, Brian LaFleur. Until then, Total was unaware of PHC's vent valve manifolds and the fact that PHC had moved its pumps outside the bunker housing in a transparent attempt to override the '428 Patent.

(Opposition, Dkt. 253 at 2). The Court ruled that this excuse was completely unsupported:

> And [Total] asserts—without support—that it could not supplement its contentions until recently because PHC Fluid Power 'delayed, obfuscated, and restricted its access to usable discovery.' (Doc. 253 at p. 6). This is not the first time Total Rebuild has accused PHC Fluid Power of misconduct without supporting the accusation; it also did so in its briefing on a motion to continue. (Doc. 152-2 at p. 4). In its ruling on that motion, the Court found that the accusation lacked support and warned the parties that sanctions would follow unfounded accusations of misconduct. (Doc. 161 at p. 3). <u>The Court finds Total Rebuild's unsupported accusations of misconduct as unpersuasive now as it found them then</u>.

(Ruling and Order, Dkt. 263 at 4 (emphasis added)). Thus, the Court's Ruling and Order was not by any means erroneous.

Total also cannot show manifest injustice even if it had timely filed a request for review, revision or rehearing, which it did not do. The Court correctly found PHC would be highly prejudiced if Total's new theories of infringement were not stricken. (Ruling and Order, Dkt. 263 at 4) ("The unfair-prejudice factor supports striking the contentions. Total Rebuild does not dispute that its new contentions would 'vastly expand' its claims and thus require PHC Fluid Power to revise its defenses. The parties tailored two years of discovery and motion practice—including

7

eight depositions, three motions to compel, two motions for summary judgment, and four motion in limine—to theories of infringement Total Rebuild now seeks to overhaul."). PHC would be even more prejudiced if Total was now permitted on the eve of trial to assert infringement under the theories that were not timely disclosed. No injustice would result to Total for Total's failure to meet the stipulated Court ordered deadlines. Instead, allowing Total to assert new theories of infringement on the eve trial would result in only manifest injustice to PHC. This is exactly the type of last-second desperation ambushes that the Federal Rules of Civil Procedure and the Patent Rules were intended to prevent.

Further, PHC included an alternative request for relief that the claim term "high-pressure pneumatics testing equipment" be construed in the Motion to Strike. Motion to Strike at 20. The Court did not construe the term because the Court precluded Total from asserting the theories of infringement requiring the term be construed. (*See generally*, Ruling and Order, Dkt. 263). The parties also subsequently submitted a Joint Stipulation to Submit the Markman Construction Hearing on the Briefs. (Dkt. 265). PHC's stipulation to that filing was based on the Court's ruling that Total was precluded from asserting infringement by systems having pumps or pump systems outside the safety housing. Permitting Total to now proceed on infringement theories based on a construction of "high-pressure pneumatics testing equipment" not briefed, argued, or decided because the Court previously precluded Total from proceeding on those theories would also be manifestly unjust to PHC.

The parties do not dispute that the pumps and pump systems of the six systems are outside the safety housing (*i.e.*, "bunker"). Indeed, Total admitted in its Opposition to the Motion to Strike that the six systems at issue have their pumps and pump assemblies outside the safety housing. (*See, e.g.*, Opposition, Dkt. 253 at 2 ("Total was unaware . . . that PHC had moved its pumps

outside the bunker housing in a transparent attempt to override the '428 Patent." "Total was not aware . . . that PHC had isolated the pumps outside the bunker housing . . . .")). Additionally, PHC attaches hereto the Declaration of Ron Hyziewicz (attached to the Motion as <u>Exhibit 3</u>) that confirms the location of the pump and pump systems outside of the safety systems in these systems. Total cannot and does not dispute that the pump and pump assemblies of these six systems are outside of safety housing.

Finally, because Total cannot assert that the six accused systems infringe the '428 Patent, they are irrelevant to this lawsuit and must be excluded under Federal Rule of Evidence 402. There is simply no valid reason for Total to present to the jury systems that cannot infringe the '428 Patent.

Accordingly, Total may not assert that pressure testing systems wherein the pumps or pump systems are outside of the safety housing infringe the '428 Patent. Because the pump and pump systems of the six systems are outside of the safety housing, the Court should exclude and preclude Total from raising them at trial on this basis alone.

> **B.     Total's Assertion of Infringement by the Six Systems Is Also Contrary to at Least Two Additional Court Rulings.**

Total's assertion of patent infringement by systems with pumps and pump systems outside of the safety housing also is contrary to at least two other Court rulings. In the Memorandum and Order on Claim Construction ("Construction Memorandum"), the Court held:

> The Court's construction indicates that plumbing and hoses that couple the high-pressure pneumatics testing equipment to the high-pressure device for testing are not the recited "high-pressure pneumatics testing equipment." The "high-pressure pneumatics testing equipment" is a separately claimed element from the structure for "coupling said high-pressure pneumatics testing equipment to said high-pressure device." The plain language of the claims requires both the "high-pressure pneumatics testing equipment" and the "means … for coupling" to be "within said housing." To the extent that a party contends that plumbing and hoses are the recited "high-pressure pneumatics testing equipment," the Court rejects that argument.

9

(Construction Memo., Dkt. 278 at 30). The Limine Ruling includes an almost identical holding. (Limine Ruling, Dkt. 282 at 5 ("the plumbing and hoses that couple the high-pressure pneumatics testing equipment to the high-pressure device for testing are not the recited 'high-pressure pneumatics testing equipment.' The 'high-pressure pneumatics testing equipment' is a separately claimed element from the structure for 'coupling said high-pressure pneumatics testing equipment to said high-pressure devices.' The plain language of the claims require both the 'high-pressure pneumatics testing equipment' and the 'means . . . for coupling' to be 'within said housing.'")).

The six systems at issue have high-pressure pneumatics testing equipment in the form of pumps that are outside the safety housing. The plumbing and hoses that connect the pumps to the device to be tested under pressure inside the safety housing extend from outside the safety housing (to attach to the pumps) to inside the safety housing (to attach to the device being tested). In its Third Supplemental Infringement Contentions, which this Court has already struck, Total asserted that plumbing and hoses that connected the pumps to the device to be tested were both the "high-pressure pneumatics testing equipment" and the "means within the [safety] housing for coupling said high-pressure pneumatics testing equipment to said high-pressure device for testing." (*See, e.g.*, Opposition, Dkt. 253 at 2 (Total explaining that it did not timely identify "vent valve manifold, hose, and hose racks" as "high-pressure pneumatics testing equipment" because it had not performed an inspection)). The Court's holding in the Construction Memorandum and Limine Ruling preclude this argument. Nonetheless, Total continues to assert that the six systems infringe the '428 Patent and has not indicated it is asserting a different theory of infringement. Total's position is directly contrary to the Court's rulings.

The Construction Memorandum and Limine Ruling were not erroneous. The Court correctly found the claims of the '428 Patent recite "high-pressure pneumatics testing equipment"

and, separately, "means within said housing for coupling said high-pressure pneumatics testing equipment to said high-pressure device for testing." That distinct elements of a patent claim refer to distinct structures cannot be disputed. *Becton, Dickinson and Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) ("Where a claim lists elements separately, the clear implication of the claim language is that those elements are distinct components of the patented invention.") (citation omitted).

Total also cannot show manifest injustice. There cannot be injustice to Total from the Court's proper construction of the claims. Allowing Total to maintain theories of infringement that are not supported by the claim language and that would contradict the Court's claim constructions would be manifestly unjust to PHC. Accordingly, Total should also be precluded from arguing at trial that the six systems infringe its patent because the position is precluded from the Construction Memorandum and Limine Ruling.

### C. The Six Systems' Pumps and Pump Assemblies Are Outside of the Safety Housing.

Total refuses to explain the basis for its continued assertion that the six systems infringe the '428 Patent. Total admitted in its Opposition to the Motion to Strike that the six systems have their pumps and pump assemblies outside the safety housing. (*See, e.g.*, Opposition at 2 ("Total was unaware . . . that PHC had moved its pumps outside the bunker housing in a transparent attempt to override the '428 Patent." "Total was not aware . . . that PHC had isolated the pumps outside the bunker housing . . . ."). Thus, Total does not dispute that the systems' pump and pump systems are outside of the safety housing. Additionally, PHC is submitting herewith the Declaration of Ron Hyziewicz (attached hereto as Exhibit 3) that confirms the location of the pump and pump systems outside of the safety systems in these systems. Accordingly, Total should be precluded and excluded from asserting infringement by the following six systems at trial:

11

1. GE Oil (PHC-TB-23-W-ATV4-HSF202-4RC to GE a/k/a PHC-PS-23-W-ATV4-HSF202-RC);

2. Cameron Brown (PHC-TB-15-W-ASFB22-HSF202-RC to Cameron);

3. Baker Hughes Emmott (PHC-TB-15-W-ATV4-GSF100-AGT62-152-RC to Baker Hughes);

4. Baker Ok Long (PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes Oklahoma);

5. Baker Ok Short (PHC-TB-10-W-ATV-GSF100-DL-1 to Baker Hughes Oklahoma);

6. GE Canton (PHC-TB-20-W-ATV4-HSF202-RC to GE)

To the extent that Total attempts to assert a new theory as to why the six systems infringe, it should be excluded and precluded because it was not timely disclosed and would be highly prejudicial to PHC. PHC also reserves the right to argue that any new theories proposed by Total are not supported by the claims and/or are already precluded by the Court's rulings in this case.

**IV.  CONCLUSION**

PHC respectfully requests that its Motion be granted.

Dated: July 26, 2019

Respectfully submitted,

**MILLER LEGAL PARTNERS PLLC**

/s/ Nicholas R. Valenti
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9011
Email: smiller@millerlegalpartners.com
nvalenti@millerlegalpartners.com

**NEUNERPATE**

/s/ Cliff A. Lacour
Brandon W. Letulier - #28657
Cliff A. LaCour - #30581
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Tel: (337) 237-7000
Fax: (337) 233-9450
Email: bletulier@neunerpate.com
      clacour@neunerpate.com

*Attorneys for PHC Fluid Power, L.L.C.*

## CERTIFICATE OF SERVICE

   The undersigned certifies that on this 26th day of July 2019, a copy of the foregoing was served on counsel of record listed below via the Court's ECF system:

William W. Stagg
Chase A. Manuel
Steven G. Durio
Tyler Rush
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard (70503)
Post Office Box 51308 Lafayette, LA 70505-1308
Bill@dmsfirm.com
Chase@dmsfirm.com
Buzz@dmsfirm.com
tyler@dmsfirm.com

Brandon W. Letulier
Cliff A. LaCour
NeunerPate
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, LA 70503
bletulier@neunerpate.com
clacour@neunerpate.com

                <u>s/ Nicholas R. Valenti</u>
                Nicholas R. Valenti