# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.,** | ) |
| | ) No. 6:15-cv-01855-TAD-CBW |
| Plaintiff/Counter-Defendant, | ) |
| | ) JUDGE TERRY A. DOUGHTY |
| vs. | ) |
| | ) MAGISTRATE JUDGE WHITEHURST |
| **PHC FLUID POWER, L.L.C.,** | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant/Counter-Claimant. | ) |
| | ) |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING ACCUSED SYSTEMS

**May it Please the Court**:

On July 26, 2019, its last day to file evidentiary motions prior to trial, Defendant **PHC Fluid Power, L.L.C.** ("PHC") filed a "Motion in Limine Regarding Accused Systems" (Rec. Doc. 290) with accompanying memorandum in support (Rec. Doc. 290-4).

PHC's pleadings here are essentially identical in substance and argument to its January 8, 2019 "Motion in Limine Regarding Systems with Testing Equipment Outside of Housing" (Rec. Doc. 207) and accompanying memorandum (Rec. Doc. 208). Plaintiff, Total Rebuild, Inc. ("Total"), respectfully submits that, to the extent the Court is disposed to take up Defendant's request to revisit its earlier ruling, its disposition should be exactly the same.

That earlier motion sought a dispositive determination (in the guise of an evidentiary motion) unsupported by the language of U.S. Patent No. 8,146,428 (the "'428 Patent"): that *all* high-pressure pneumatics testing equipment must be located within the explosion-proof safety

housing in order to infringe the '428 Patent. Put another way, removing *any* of said equipment from the housing suffices to design around, or so PHC's argument goes.[1]

The Court earlier declined PHC's invitation to issue partial summary judgment – that PHC systems "cannot *in any circumstance* infringe"[2] unless they contain *all* testing equipment within the housing.[3]

This Motion seeks the same, on the same theory; the only distinction in pleading appears to be PHC's specification of the model number and location of the systems it claims do not infringe.[4]

However, PHC is now relying on (its characterization of) interim rulings of the Court to re-urge the same relief. In reality, nothing has changed.

### I. PHC Misstates Both the '428 Patent's Meaning and the Court's Rulings

As the Court noted in its Memorandum Ruling (Rec. Doc. 282) on PHC's similar prior motion, Plaintiff was already at the time of that ruling, and before the filing of the instant Motion, precluded (Rec. Doc. 263) from proceeding on any infringement theory insufficiently specified in, or before, its second supplemental infringement contentions.

The Court in that Order (Rec. Doc. 263) striking Plaintiff's third supplemental infringement contentions described Plaintiff as "target[ing] systems using *pumps or pump systems* within an explosion-proof safety housing" (p. 2) (emphasis added).

---

[1] "Systems in which *the* high-pressure testing equipment is located outside of any housing are wholly irrelevant to Total's claims." Rec. Doc. 208, p. 3 (emphasis added). Defendant uses the word "the" as if "equipment" were a singular noun, while acknowledging in the same memorandum that the patent's specification requires "equipment" to mean "a plurality of devices and types" (p. 5). The correct word reflecting PHC's true position is not "the," but "any."
[2] Rec. Doc. 207, p. 2 (emphasis in original).
[3] PHC's prior motion was denied (Rec. Doc. 283) to the extent the evidence it sought excluded is identified with sufficient specificity in Plaintiff's infringement contentions, and granted to the extent it is not.
[4] PHC's long-standing actual knowledge of the model numbers and locations of the systems alleged to infringe are the subject of another of its pre-trial motions, Rec. Doc. 296.

In a footnote, the Court explained its phrasing by noting that Total "did so by limiting 'high-pressure pneumatics testing equipment' to components located inside a safety housing," citing Plaintiff's infringement contentions (Rec. Doc. 71-5, pp. 9-10; Rec. Doc. 85-31, pp. 7-8) dated January 13, 2017; and its second supplemental contentions (Rec. Doc. 189-10, pp. 19-21) dated August 27, 2017. And it is certainly true that Plaintiff has, *inter alia*, identified infringing systems which include "pumps or pump systems" within the explosion-proof safety housing described in the claims of the '428 Patent.

However, and with all due respect to the Court, Plaintiff's infringement contentions do not limit "high-pressure pneumatics testing equipment" to "pumps or pump systems." Nor do they require that such equipment (the "plurality of devices and types" mandated by the specification[5]) be located entirely within the claimed explosion-proof safety housing.

Neither limitation appears in the '428 Patent; Total has never so limited its infringement allegations, including its second supplemental; and the Court's claim-construction ruling (Rec. Doc. 278) did not so limit the claims. Rather, that ruling simply acknowledged the clear language of the claims that high-pressure pneumatics testing equipment must appear within the housing for a system to infringe.

That should have been sufficient. But PHC had already sought in its prior, January 2019, motion illogical gymnastics on the Court's part: because systems whose testing equipment *is* entirely within the housing *do* infringe, then *all* such equipment *must* be within the housing in order to infringe. Likewise, in its argument to strike Plaintiff's last-filed infringement contentions, PHC misstated Total's position "that the high-pressure pneumatics testing equipment was *only* a pump or an assembly with a pump" (Rec. Doc. 243-1, p. 8) (emphasis added).

---

[5] "The specification acts as a dictionary when it expressly defines terms used in the claims or when it defines terms by implication." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (C.A.F.C., 1996).

Plaintiff refuted that mischaracterization in opposition (Rec. Doc. 253), confirming that "high-pressure pneumatics testing equipment" was never limited to "pumps" or "pump systems."[6] And the Court declined entirely to construe the term "high-pressure pneumatics testing equipment," which PHC had not previously requested be the subject of *Markman*[7] interpretation.

### II. The Court Should Decline PHC's Invitation to Contradict Itself

Notably, prior to issuance of the Court's rulings 1) striking the last-filed infringement contentions and 2) construing the claims, PHC did *not* claim that "equipment" meant pumps and pumps alone. Defendant's memorandum on its prior similar motion (Rec. Doc. 208) instead refers to "testing equipment (e.g. the pumps)" – <u>twice</u> (pp. 3 and 7).

The abbreviations "e.g." and "i.e." mean different things, and Defendant's use of "for example" was not a mistake.[8]

Now, PHC changes its tune. In its present filing, PHC has wholly adopted the misstatements both that "high-pressure pneumatics testing equipment" means "pumps and pump systems"[9] *and nothing else* and, therefore, that "assertion of infringement by systems with pumps and pump systems outside of the safety housing is directly contrary to several rulings of this Court" (Rec. Doc. 290-4, p. 8).

Neither PHC's unilateral claim construction, nor its dictation to the Court about its own rulings, is supportable. The Court has repeatedly declined to limit Plaintiff's contentions in ways Plaintiff did not; and repeatedly declined to issue dispositive rulings on evidentiary motions.

---

[6] PHC's own memorandum in support of its prior motion actually quoted the '428 Patent's specification to the effect that "high-pressure testing equipment... may varying from as few of one to a plurality of devices and types of high-pressure testing equipments may all be the same, all different or a combination thereof" (Rec. Doc. 208, p. 5).
[7] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).
[8] "Exempli gratia" meaning "for example;" and "id est," meaning "that is" or "in other words."
[9] What "pump systems" itself means, PHC leaves entirely unclear.

Indeed, the Court has implicitly but clearly rejected the idea that *only* "pumps and pump systems" can compose "high-pressure pneumatics testing equipment" – because "plumbing and hoses" are the separately-recited "means for coupling," the parties were recently reminded, these cannot be "testing equipment" (Rec. Doc. 282, p. 5). The specified "plurality of devices and types" of such equipment, however, can be. The specification of the '428 Patent is the controlling lexicographer, not Defendant.

In sum, it is PHC and not Plaintiff which urges re-visitation of settled "law of the case." PHC's summation that "the Court has clearly and unambiguously ruled [that] systems in which *all* the high-pressure pneumatics testing equipment is not within the explosion-proof housing cannot be raised in this case and cannot infringe any claim" (Rec. Doc. 290-4, p. 5) (emphasis added) is clearly and unambiguously *wrong*.

Indeed, PHC appears to be ignoring the Court's instruction that, to the extent Plaintiff's contentions sufficiently identify systems in which *any* "high-pneumatics testing equipment" (as that term is ordinarily and customarily understood) is disposed within an "explosion-proof safety housing," such systems are fair game as within the clear and obvious text of the '428 Patent.

The Court has heard PHC on this same issue before, and has repeatedly explained that allegations which find support in Plaintiff's infringement contentions may come before the jury. There is no reason to revisit that repeated ruling now.

The Motion should be denied.

Respectfully submitted

/s/ Tyler Rush
Steven G. Durio – #05230
William W. Stagg – #01613
Ryan Goudelocke #30525
Tyler Rush - #38069
Durio, McGoffin, Stagg & Ackermann
220 Heymann Boulevard
Lafayette, Louisiana 70503
337-233-0300 – Telephone
337-233-0694 – Fax
*Attorneys for Plaintiff Total Rebuild, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum in Opposition to Defendant's Motion in Limine Regarding Accused Systems has been electronically filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 26th day of August, 2019.

/s/ Tyler Rush
TYLER RUSH