IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.,** | ) |
| | ) **No. 6:15-cv-01855-TAD-CBW** |
| Plaintiff/Counter-Defendant, | ) |
| | ) **JUDGE TERRY A. DOUGHTY** |
| vs. | ) |
| | ) **MAGISTRATE JUDGE WHITEHURST** |
| **PHC FLUID POWER, L.L.C.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant/Counter-Claimant. | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE AND EXCLUDE ANY TESTIMONY
OR EVIDENCE RELATED TO PLAINTIFFS PROFITS AND EXPENSES**

PHC Fluid Power, L.L.C.'s ("PHC") Motion in Limine to Preclude and Exclude Any Testimony and Evidence Related to Total Rebuild, Inc,'s ("Total") Profits and Expenses (Rec. Doc. 295), was filed on the last day to file evidentiary motions prior to trial. As in PHC's Motion to Compel (Rec. Doc. 115) and its Motion to Exclude John Royston Expert Report (Rec. Doc. 309), PHC continues to insist that Total withheld documents related to Total's profits and expenses. Total has repeatedly expressed to PHC that it does not have the documents PHC seeks. Contrary to PHC's belief, Total is not required to create documents not in its possession and has not been ordered by the Court to do so.

Total has produced all documents in relation to PHC's Request for Interrogatories and Request for Production of Documents and Things. Specifically, Total has produced all invoices and other documents within Total's possession demonstrating revenue. As will be discussed more fully below, Total does not keep the type of records, specifically "bills of materials," PHC desires and therefore cannot produce them.

1

PHC's implication that it has been prejudiced by Total's actions ignores the fact that PHC waited until July 2019 to request any information related to John Royston's Expert Report. If anything, PHC's case is prejudiced by its own failure to request any documents pertaining specifically to the Expert Report as well as PHC's failure to depose John Royston or even subpoena materials in his possession. Thus, Total's case should not be prejudiced by PHC's failure to act when it had the opportunity to do so.

It bears mention that PHC has filed yet another motion (Rec. Doc. 309) directed to Mr. Royston's report, concerning its admissibility. Plaintiff respectfully suggests that subsequent motion was late-filed and should not be considered. At the very least, for reasons of economy PHC should and could have timely filed a single motion directed to Mr. Royston's report and testimony. Regardless, Plaintiff will address the issues raised in that subsequent motion by separate opposition, for use by the Court should it see fit to consider PHC's late-filed motion in limine.

### A. Total has Produced All Documents Relevant to PHC's Discovery Request

Under Federal Rule of Civil Procedure 26(b), a party is to produce documents relevant in scope to the subject matter of the discovery request. However, the rules do not require that a party "produce what it does not have and is not required to create documents to present information in a format" another party desires.[1] Moreover, a "defendant is not required to create any documents to any request for production of documents. If no responsive documents exist within his possession, custody or control, defendant should simply say so."[2] Total is only required to produce documents within its custody and possession.

---

[1] *Illinois Cent. R. Co. v. 16.032 Acres of Land,* No. Civ.A. 98—3337, 1999 WL 615168, at *1 (E.D. La. Aug 12, 1999)
[2] *Marchese v. Sec'y, Dept. of the Interior*, 2004 WL 2297465. At *3 (E.D. La. 2004)

Total has repeatedly stated it does not have the expense and profit documents PHC desires for Interrogatory No. 15 nor for Request for Production No. 42. As expressed in Total's Response in Opposition to PHC's Motion to Compel (Rec. Doc. 130), Total "does not have specific bills of materials 'that refer to or reference safety systems for testing high-pressure devices that include an explosion-proof safety housing.' Total purchases materials on an as needed basis for <u>all</u> work conducted at Total's facility, not for each specific unit or job." (Rec. Doc. 130, pp. 6 (quoting Rec. Doc. 115-10)). In order to produce the desired documents PHC seeks, Total would have to spend time and money to gather and compute a "bill of material." This is an impermissible burden.

PHC repeatedly questioned Terry Lavergne about the same (non-existent) documents at his July 12, 2017 deposition. Mr. Lavergne conveyed the same message to PHC: Total does not compile, and so does not have, the documents PHC seeks. In this Motion, PHC attempts to misconstrue Terry Lavergne's testimony, stating he "oscillated between stating Total had the requested documents and claiming Total did not have the documents." (Doc. Rec. 295-1, pp.4).[3]

Mr. Lavergne's deposition itself (Rec. Doc. 295-4) refutes PHC's misstatement. Mr. Lavergne was clear that no "bills of materials" were created; Total worked from its equipment stock on-hand; that no employee would know expenses down to a job level because Total did not track its stock in that fashion; and essentially, that the only "bill of materials" available was Mr. Lavergne's personal knowledge (Rec. Doc. 295-4, pp. 4-6).

---

[3] Similarly, PHC tried to misconstrue Total's counsel's statements to the Court the day before Mr. Lavergne's deposition in an attempt to bait the witness. While questioning Mr. Lavergne, PHC asked "Do you know we were in court yesterday arguing about whether you could provide that, and your counsel said you could not provide that?" PHC's question mischaracterized counsel and misled the witness. What was said was "it didn't exist, he didn't have it, and we said we didn't have to create it." (Rec. Doc. 295-4, pp.9).

In fact, Mr. Lavergne emphasized that creation of the documents PHC sought would be a major process involving his CPA, time, and money. *Id.* at. pp. 12-14.

Finally, PHC claims Total was ordered to supplement its response to Interrogatory No. 15 – in fact, the Court denied PHC that relief (Rec. Doc. 136, p. 2). Rather, if and when responsive information became available to Total, Total was ordered to produce it. The only "bill of materials" available to Total was and is inside Terry Lavergne's head and PHC has long since deposed him.

Total's counsel and owner have been transparent throughout discovery. It is clear Total produced the documents it had and did not have "bill of material" documents PHC seeks.

### *B. PHC has Prejudiced Its Case by Its Own Failure to Act*

In 2017, PHC filed a motion to compel (Rec. Doc. 115) for the expense and profit documents and deposed Terry Lavergne regarding same. Mr. Lavergne disclosed to PHC at his deposition July 12, 2017, that his accountant, John Royston, might have more information regarding the material PHC desired. PHC did not depose Mr. Royston, and never has.

In November 2018, after retaining him for the purpose of rendering expert testimony, Total produced to PHC Mr. Royston's Expert Report which did provide a "cost per unit" similar to what a per-job "bill of material" would show. However, PHC never conducted discovery concerning Mr. Royston's report – Defendant declined to depose him or subpoena materials in connection with deposition. In particular, PHC never sought from Mr. Royston any documents used as the source for the facts or data cited in his report.

Only when PHC filed the instant motion, in fact, undersigned counsel sought any relied-upon documents from Mr. Royston, who supplied receipts for bulk parts order and labor expenses – not job-specific bills of materials. These expenses were not specific to any system

4

implementing the '428 Patent and the documents supplied were not responsive to PHC's prior requests, but counsel nevertheless promptly produced them to PHC on August 16, 2019 (see Exhibit 1). PHC had not requested materials relied upon by Mr. Royston, either from him or from Total, until July 23, three days before filing the instant motion. When asked for that specified document (an excerpt from a trade publication), Total's counsel supplied it the next day (see exhibits 2 and 3).

In sum, Total produced to PHC what information Total had, including material not even responsive.

Defendant, inexplicably, never deposed Plaintiff's expert or sought information or documents from him. It is not Total which should be prejudiced by PHC's inaction.

The Motion should be denied.

                    Respectfully submitted

                    /s/ Tyler Rush
                    Steven G. Durio – #05230
                    William W. Stagg – #01613
                    Ryan Goudelocke #30525
                    Tyler Rush - #38069
                    Durio, McGoffin, Stagg & Ackermann
                    220 Heymann Boulevard
                    Lafayette, Louisiana 70503
                    337-233-0300 – Telephone
                    337-233-0694 – Fax
                    *Attorneys for Plaintiff Total Rebuild, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE AND EXCLUDE ANY TESTIMONY OR EVIDENCE RELATED TO PLAINTIFFS PROFITS AND EXPENSES** has been electronically filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 26th day of August, 2019.

                                                /s/ Tyler Rush
                                                TYLER RUSH