UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**TOTAL REBUILD, INC.**                      **CASE NO. 6:15-CV-1855**

**VERSUS**                                             **JUDGE TERRY A. DOUGHTY**

**PHC FLUID POWER, L.L.C.**             **MAG. JUDGE CAROL B. WHITEHURST**

## RULING

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion *in Limine* to Preclude and Exclude Total Rebuild Inc.'s Requests for Admission Numbers 10-14" [Doc. No. 293]. Plaintiff responded to the motion. [Doc. No. 323].

For the following reasons, the motion is GRANTED.

**I.    PERTINENT FACTS AND PROCEDURAL HISTORY**

On November 2, 2017, Plaintiff served its First Set of Requests for Admission on Defendant, which included Requests for Admission Nos. 1-14. [Doc. No. 239-2] ("Requests").[1] Defendant provided its responses on December 4, 2017. [Doc. No. 293-3] ("Responses"). The specific requests and responses at issue in this motion are as follows:

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

> **REQUESTS FOR ADMISSION FACT NO. 10:** Please admit or deny that after March 26, 2015, PHC manufactured equipment for pressure testing other devices, tools, parts, apparatuses, equipment, and/or systems placed within a housing or bunker.
>
> **RESPONSE:** Subject to the General Objections, PHC admits this Request.
>
> **REQUESTS FOR ADMISSION FACT NO. 11:** If Request No. 10 above is admitted, please admit or deny that such housing or bunker has an access opening, a door, an aperture, or an orifice.
>
> **RESPONSE:** Subject to the General Objections, PHC admits this Request.
>
> **REQUESTS FOR ADMISSION FACT NO. 12:** If Request No. 11 above is admitted, please admit or deny that such access opening, door, aperture, or orifice may be opened and closed.
>
> **RESPONSE:** Subject to the General Objections, PHC admits this Request.
>
> **REQUESTS FOR ADMISSION FACT NO. 13:** If Request No. 12 above is admitted, please admit or deny such equipment for pressure testing other devices, tools, parts, apparatuses, equipment, and/or systems includes a device to recognize when such access opening, door, aperture, or orifice is not closed.
>
> **RESPONSE:** Subject to the General Objections, PHC admits this Request.
>
> **REQUESTS FOR ADMISSION FACT NO. 14:** If Request No. 13 above is admitted, please admit or deny that such equipment for pressure testing other devices, tools, parts, apparatuses, equipment, and/or systems includes a bleed valve to bleed off pressure in such equipment for pressure testing other devices, tools, apparatuses, or equipment..
>
> **RESPONSE:** Subject to the General Objections, PHC admits this Request.

[Doc. No. 293-3 at 8-10].

Defendant first contends that the Requests and Responses are not relevant to infringement. [Doc. No. 293-1 at 4-8]. For example, Defendant argues that Request No. 10 does not require the equipment to be inside the bunker, as required by the claims. *Id.* at 5. Defendant further argues that Request No. 10 refers only to "a housing or bunker," and the claims require "an explosion proof safety housing." *Id.* Defendant next argues that the claims require "a sensor for sensing that said access opening is closed, said sensor coupled to said bleed valve to activate said bleed valve to prevent pressure buildup in the high-pressure testing equipment if the access opening is not closed," while Request No. 10 does not require a sensor. *Id.* Finally, Defendant contends that all the asserted method claims recite the steps of "inserting a high-pressure device for testing within said housing through said access panel," and "operating said high-pressure pneumatics testing equipment from said control panel for testing high-pressure devices," and Request No. 10 has none of these requirements. *Id.* at 6.

Defendant further argues that Request Nos. 11, 12, 13, and 14 are irrelevant to infringement for all the same reasons that Response to Request No. 10 is irrelevant to infringement. *Id.* at 6-8. Defendant adds that Request No. 13 does not exclude sensors that would only sound an alarm or illuminate a siren if the access opening was opened, and is broader than the function of the sensor of the asserted claims. *Id.* at 7. Defendant argues that there is no indication that the sensor was configured to "activate said bleed valve to prevent pressure buildup," as is required by the asserted claims. *Id.* Regarding Request No 14, Defendant contends that it does not require any relationship between the sensor at the access opening and the bleed valve, as required by the claims. *Id.* at 8.

Defendant next argues that even if the Requests were relevant, they should be precluded and excluded because their relevance would be minimal and substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *Id.* Defendant contends

that the generalized statements cannot fairly be applied to any specific system. *Id.* Defendant argues that its Responses do not suggest infringement because they do not show the presence of every element or its equivalent in the accused systems. *Id.* at 9.

Plaintiff responds that Defendant has not moved for withdrawal or amendment of its answers as beyond the scope of permissible discovery. [Doc. No. 323 at 1]. Plaintiff further contends that Defendant's motion should be denied because the admissions are related to elements of claims in the '428 Patent, and are highly relevant. *Id.* at 2-3. Plaintiff argues that the '428 Patent is comprised of claims with elements similar to the features in the Requests. *Id.* at 3. According to Plaintiff, Defendant's admissions to portions of those elements make it more probable than it would be without the admissions that Defendant infringes those elements. *Id.*

Plaintiff next argues that there is no danger that the jury will misconstrue admissions of activity by Defendant as fully dispositive of infringement of those claims. *Id.* at 4. Plaintiff contends that the jury will be instructed that the admissions is only a piece of the puzzle that must be completed in order to find infringement. *Id.* at 3. Finally, Plaintiff argues that Defendant has failed to demonstrate any danger of unfair prejudice as required by FRE 403. *Id.* at 5.

## II. LAW AND ANALYSIS

Evidence is relevant, and thus admissible, if (1) it has a tendency to make a fact more or less probable than it would be without evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401. The Court finds that the Requests are relevant to infringement. Although the Requests do not include all of the language, or even the exact language of the claims, this does not make the Requests irrelevant. Indeed, the '428 Patent includes claims with elements similar to the elements listed in the Requests. Furthermore, the Requests point to some of the claim elements and make it more probable than it would be without the admissions that Defendant

infringes those elements. Taking Defendant's argument to its logical extreme, the Requests would only be admissible if they included each and every element of the claims. This would be highly inefficient and contrary to the goal of narrowing issues for trial. The Court finds that the Requests are relevant, and should not be excluded based on FRE 401.

Turning to Defendant's second argument, Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendant argues that the generalized statements in the Requests cannot fairly be applied to any specific system. [Doc. No. 293-1 at 8]. The Court disagrees. The claims are directed to systems for testing high-pressure devices, and the Requests are directed to aspects of these types of systems. That said, the Court finds that the Requests probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Specifically, the generalized nature of the Requests crossover into the Court's role of construing disputed terms. .

Claim construction, including interpretation of terms of art, is a question of law reserved exclusively for the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 383-91, 116 S. Ct. 1384 (1996). It is the Court's duty to provide the jury with the constructions of the disputed terms. Here, some of the disputed terms are recited in the claim elements implicated by the Requests. The fact that the Requests use language that does not match the disputed terms could confuse the issues and mislead the jury. For example, all of the asserted claims require "an explosion proof safety housing," but Request No. 10 refers only to "a housing or bunker."[2] Thus,

---

[2] The Court construed the term "explosion-proof safety housing" to mean "housing, bunker, or enclosure able to withstand and confine shock pressure, pressure blasts, flying fragments or debris, and energy resulting from combustion or release of elastic energy stored in a compressible fluid."

even if Defendant built a pressure testing system with a housing or bunker, Request No. 10 does not demonstrate that Defendant built a pressure testing system with an "explosion-proof safety housing," as required by the asserted claims. '428 Patent at Claims 1, 11, 16. This could result in the jury substituting its own construction or definition for a term based on the language of the Requests, and not the language of the claims as construed by the Court. Moreover, there could be confusion on whether Defendant admitted that it built a pressure testing system with an "explosion-proof safety housing," or whether it simply admitted that it built a "housing." Accordingly, the Court GRANTS Defendant's motion to exclude Defendant's Request for Admission Numbers 10-14.

Finally, the parties are reminded that a court's ruling on a motion *in limine* is not a final ruling on the admissibility of evidence that falls within the scope of the motion. Rather, a ruling on a motion *in limine* is only a preliminary ruling and is subject to reconsideration during the course of a trial. Accordingly, Plaintiff is not precluded from approaching the bench should Defendant contest insubstantial or insignificant elements of the asserted claims as they relate to the Requests and Responses. In other words, Defendant is forewarned to avoid needlessly disputing insubstantial or insignificant elements of the asserted claims that it admitted to when it provided its Responses to the Requests.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* [Doc. No. 293] is GRANTED.

Monroe, Louisiana, this 29th day of August, 2019.

                                                        TERRY A. DOUGHTY
                                                        UNITED STATES DISTRICT JUDGE

---

[Doc. No. 279 at 1].