IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.,** )  | |
| ) | No. 6:15-cv-01855-TAD-CBW |
| Plaintiff/Counter-Defendant, ) | |
| ) | JUDGE TERRY A. DOUGHTY |
| vs. ) | |
| ) | MAGISTRATE JUDGE WHITEHURST |
| **PHC FLUID POWER, L.L.C.,** ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant/Counter-Claimant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
REGARDING ACCUSED SYSTEMS
NOT IDENTIFIED IN INFRINGEMENT CONTENTIONS**

On July 26, 2019, Defendant, **PHC Fluid Power, L.L.C.**, filed the instant Motion in Limine (Rec. Doc. 296) to exclude from evidence essentially all of those PHC systems alleged infringing and identified in the proposed pre-trial order (Rec. Doc. 310) jointly submitted with Plaintiff, **Total Rebuild, Inc.**

The evidence PHC seeks to keep from the jury includes (if PHC's characterizations are to be believed[1]) nothing less than all infringing systems identified in the proposed joint pre-trial order and remaining before the Court. In this manner, and explicitly employing dispositive fact-

---

[1] While respectfully disagreeing, Plaintiff recognizes the Court's recent Order (Rec. Doc. 328) and Memorandum Ruling (Rec. Doc. 327) on a separate motion as dispositive that Total is precluded from pursuing as infringing systems "to the extent that the pump or pumps of the accused system are located outside the recited 'explosion-proof safety housing'" of the system. (Rec. Doc. 327, p. 6). PHC's Memorandum in Support claims (Rec. Doc. 296-1, p. 14, FN5) that a number of the accused systems identified in the parties' pre-trial order fit that description; the instant Motion is therefore directed to the remainder, although of course only the evidence at trial will demonstrate whether PHC's characterizations are accurate.

1

finding language in an *evidence* motion[2], PHC seeks here to evade jury scrutiny by urging factual conclusions where they are not allowed, and demanding substantive relief which is instead the proper function of a dispositive motion.

PHC's rationale for exclusion of the remaining accused systems, it must be emphasized, is not unfair prejudice. Defendant does not point to evidence demonstrating lack of "adequate notice and information" by which Plaintiff might "practice litigation by ambush."[3] There is no credible assertion that PHC lacks the actual knowledge which is the overriding purpose of the procedural rule it seeks enforced.

Instead, the instant Motion is predicated on two, equally unsupportable, theories: <u>first</u>, that PHC's unilateral determinations of fact on the ultimate issue of infringement govern this Court's evidentiary conclusions; and <u>second</u>, that in the presence of actual knowledge, the absence of actual prejudice, and satisfaction of the purpose of procedural rules, technical non-compliance with such procedural rules can be permitted to dispose of substantive rights.

**A. Functionally similar systems are not "broad categories," nor are they presumptively non-infringing, simply because PHC represents them to be.**

First, the simpler of PHC's two arguments: that PHC's TB ("Test Bunker") and PS ("Pump Skid") systems identified by Total as infringing are too dissimilar for PHC to have determined which it is called upon to defend at trial. Explaining its rationale, PHC contends that various installations of its TB and PS systems "do not have safety housings," "do not have sensors," "do not relieve pressure during operation as a safety feature," "are electrically

---

[2] The phrase "which PHC believes would preclude infringement" is recited no fewer then five times in its Memorandum in Support (Rec. Doc. 296-1, pp. 17-18), and these "beliefs" presented as uncontroverted without any evidence whatsoever.
[3] *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D.Tex., 2007) (internal quotation marks omitted).

operated," and so on, as to each of which PHC asserts that feature, or its absence, "would preclude infringement" (Rec. Doc. 296-1, pp. 17-18).

Notably, PHC does **not** claim that its TB and PS systems do not implement at least one element necessary to prove infringement. In point of fact, all of them (in Plaintiff's subjective belief, of course) implement more than one. Moreover, it is curious that although PHC evinces certainty that some of its TB and PS systems do not and cannot infringe, it never sought final disposition of those systems by summary judgment despite having had full knowledge of Plaintiff's infringement contentions for many months.

If certain installations of its TB and PS systems truly "cannot" infringe, yet PHC knew they were alleged to, the appropriate means to exclude them from the case would have been under Rule 56's "reasonable juror" standard – months or years ago, not at the threshold of trial.

The instant Motion is neither a substitute for one under Rule 56 nor is it otherwise an acceptable setting for settling factual disputes. Preliminarily and self-evidently, actual evidence addressed to each TB and PS system would and will disclose whether PHC's subjective "beliefs" are warranted (or not) – Total is not limited in its infringement allegations nor in its contested issues of fact against alleging infringement by systems PHC does not "believe" infringe.

If the parties' subjective beliefs controlled each of the others' ability to put on evidence, trials would be brief indeed – and uniformly inconclusive. No; if PHC's accused systems indeed lack one or more infringing elements, Plaintiff will naturally be unable to carry its burden – as would have been shown on a Rule 56 motion – and that will be that.

PHC's argument that certain of its TB and PS systems do not infringe is a merits, not an evidentiary, conclusion. The Court is not here called to evaluate contested issues of fact – indeed, it cannot do so, in the complete absence of a record.

Moreover, PHC's subjective belief that certain of its TB and PS systems lack one or more elements crucial to infringement is not even related to its necessary evidentiary argument: that Plaintiff's infringement contentions (see Exhibit 1)[4] did not provide notice adequate to prepare its defense.

As PHC is well aware, and as the instant Motion does not appear to deny, the TB and PS systems alleged to infringe have the features explicitly identified in Plaintiff's infringement contentions, which provided detailed description of where each element of each asserted claim is found within each accused system. For example, Total's claim chart describes the lone element of Claim 3 as found in systems PHC-TB and PHC-PS as follows:[5]

| **Claim 3.** The safety system for testing high-pressure devices as described in **claim 1** further including: a sensor for sensing that said access opening is closed, said sensor coupled to said bleed valve to activate said bleed valve to prevent pressure buildup in the high-pressure testing equipment if the access opening is not closed. | PHC's Automated High Pressure Testing Systems describe use of a "safety interlock device" which must be activated to begin a test and "Proximity switches" integrated into the system to completely depressurize the system in the event personnel should enter the test area. [http://pneumaticandhydraulic.com/hydrostatic-testing-equipment/automated-high-pressure-testing-systems/#!].<br><br>Each door of PHC's Bunker Test Systems, also identified as "Test Bench", "Test Bunker", "High/Low Pump System" denoted with the model no. prefix "PHC-TB…", are described as each having "proximity switches" "wired along with [] directional **valves**" and which "**indicate to the system when [the doors] are closed**" and, in the event "any door is open, the system will not allow a test to be run. The pumps will be turned off, the vent and isolation valves will be opened, and the pump supply valves will be closed . **If any door is opened while a test is in progress, the system will automatically turn off the pumps and relieve the pressure.**" See Exhibit E at Total Rebuild/PHC 584 (**emphasis added**); see also descriptions of proximity switch functionality in Exhibit E at Total Rebuild/PHC 612, 627, 648, 662-663, 665-666. See also Exhibit E schematic depicting a "Door Switch". Exhibit E at Total Rebuild 598.<br><br>PHC's Remote Control, Multiple Outlet Test System, also identified as "High/Low Pump Skid", denoted with the model no. prefix "PHC-PS…", describes use of a "proximity switch in a box for use with bunker door". See Exhibit F at Total Rebuild/PHC 667, 673. The proximity switches are located "on each door" and signal for "shutting down of the system" wherein the "proximity switches for the bunker doors and a control solenoid valve in the control panel to stop all pumps and depressurize the system in question." Exhibit F at Total Rebuild/PHC 679-680, 684-685. |

---

[4] Exhibit 1: Total's Second Supplement Infringement Contentions and accompanying exhibits (Exhibits A, E, F, G, and H) sent to PHC on August 27th, 2018. Exhibit 1 also includes Exhibits B, C, and D which were provided to PHC in the original Disclosure of Asserted Claims and Preliminary Infringement Contentions sent to PHC on August 23rd, 2016. Together, Exhibit 1 encompasses Total's Infringement Contentions.
[5] Exhibit 1 - p. 015-016.

Plaintiff has provided not only the requisite concordance between claims and accused systems, but further assembled and referenced in the exhibits to its contentions PHC quotes, invoices, parts list, brochures, manuals, pictures, schematics, and website links indicating the presence of infringing elements in the TB and PS systems. Moreover, the referenced exhibits include two identified systems PHC seeks to exclude in this Motion, Cameron Black and Cameron North Dakota (Rec. Doc. 296-1, pp. 12).[6]

PHC, for its part, contends that Total is precluded from using "generic" "categories" of accused systems – but it is PHC's (subjective) assertion alone that its TB and PS systems are not in fact specific systems which simply were installed in multiple locations. Whether the TB and PS systems, given the presence of features that read on claimed elements of the '428 Patent, infringe or not is for the trier of fact.

The fact that PHC considers its TB and PS systems discrete "categories" simply because it employs numbers and letters following its system prefixes – which merely identify the particular pumps used in each – does not mean its systems suddenly become "generic." And Plaintiff is not required to follow PHC's arcane identification system of its device installations, particularly when they are named after a feature – the type of pumps used – with no pertinence to infringement.

It is the TB and PS systems *inter alia* which are alleged to infringe. The infringing features of those systems are extensively catalogued in Plaintiff's infringement contentions, and each's actual *location* specified, for the avoidance of doubt, months and years ago.

---

[6] Cameron Black is referenced in Exhibit E of the Infringement Contentions (Exhibit 1 - p. 262 & 265). Cameron North Dakota is referenced in Exhibit E and F of the Infringement Contentions. (Exhibit 1 - p. 249, 250, 283, and 288).

That Defendant contends certain of its TB and PS installs do not infringe is both self-evident (their infringement obviously has not been stipulated) and entirely immaterial to whether evidence about them may be admitted. The same is true of PHC's argument without evidence that its systems are instead "categories:" "Attorney argument is not evidence."[7]

### B. Disclosure Rules are Intended to Prevent Substantive Prejudice – <u>Not</u> Inflict It

As to admission of that evidence, PHC's second primary argument is: despite making no showing of disadvantage, a defendant should be permitted to interpret local procedural rules not to *cure* unfair prejudice, but to *cause* it.

Defendant, briefly stated, believes that its pump designations are necessary and mandatory "model numbers," without each of whose inclusion in Plaintiff's infringement contentions, along with elemental comparison to *each installation*, those contentions are deficient (Rec. Doc. 296-1, pp. 13-14).

First, again, PHC's TB and PS systems *are themselves* the accused devices, and Plaintiff's infringement contentions are explicitly directed to them. Total rejects any interpretation of the applicable local patent rules that would call for greater specificity than already supplied in Plaintiff's extensive claim-comparison charting.

Second, to the extent the Court is inclined to read applicable local patent rules as imposing such an onerous burden, Plaintiff respectfully submits that PHC's argument has lost itself in the triumph of form over substance.

---

[7] *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (C.A.F.C., 2017).

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims."[8]

Local Patent Rule 3-1 is *not* a sword – it is a shield. PHC does not actually contend ignorance of any of the accused systems; indeed, the instant Motion makes clear PHC learned exactly which, and where, were its systems alleged to infringe months or even years ago. "[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'"[9] Crucially, however, "the local rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case."[10]

The case's record – indeed, the instant Motion – demonstrates the sufficient specificity of PHC's knowledge of its accused systems. Not only have Plaintiff's contentions permitted PHC to formulate its affirmative defenses and its non-infringement contentions (Rec. Doc. 243-3) that are claim- and element-specific, Defendant did not object at claim construction (nor since) that it had insufficient information to identify *Markman* issues and put at issue claim terms PHC believed crucial to the parties' respective positions. PHC's portions of the parties' pre-trial order (Rec. Doc. 310) including hundreds of *installation-specific* counter-contentions further demonstrate Defendant's comprehensive awareness of the systems and their features that are alleged to infringe.

---

[8] *Geovector Corp. v. Samsung Elecs. Co.,* No. 16-CV-02463-WHO, 2017 WL 76950, at *3 (N.D. Cal. Jan. 9, 2017) citing *Bender v. Maxim Integrated Prods.*, No. 09-c-01152-SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010).
[9] *Geovector* at *3 (quoting *Shared Memory Graphics LLC v. Apple, Inc.,* 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010).
[10] *Geovector* at *3 (quoting *DCG Sys. vs. Checkpoint Techs.,LLC*, No. 11-c-03792-PSG, 20112 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012).

The Court has (repeatedly) ruled (Rec. Doc. 263, 282) that Plaintiff may proceed on any infringement theory identified with sufficient specificity in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions. Plaintiff has months before identified with sufficient specificity why, element by element, PHC's TB and PS systems infringe the '428 Patent.

Nevertheless, PHC urges the Court to read assignment of arbitrary installation serials as "model numbers" for systems which, problematically, PHC presents no evidence actually differ one from another. Defendant is thus able both to assure the Court that certain of its TB and PS installs *do not* infringe (confirming its readiness to defend them) while from the other side of its mouth protest it lacks even "reasonable notice" required to mount that defense – or make those assurances.

In truth, PHC seeks trial by motion long after its opportunity to file dispositive motions (and support them, and provide Total the opportunity to controvert them) has passed. Plaintiff does not now have the opportunity to assemble and present competent evidence to rebut PHC's "beliefs"... but PHC cannot on a motion in limine require that.

Regardless, to the extent the instant Motion is actually evidentiary and not (improperly) dispositive, the Local Patent Rules are procedural, not substantive law. The Federal Rules of Civil Procedure themselves are subject to Congressional mandate that they "shall not abridge, enlarge or modify any substantive right," *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (quoting the Rules Enabling Act, 28 U.S.C. 2072). This is why Rule 1 assigns to the Rules "the just, speedy, and inexpensive determination of every action" – not *pretermission* of an action in service to purely procedural concerns.

Had PHC suffered actual prejudice as a result of alleged inspecificity of Total's infringement contentions, it would have forwarded no defenses for use at trial. In reality, PHC has been enabled by Plaintiff's disclosures over the months and years of this matter's pendency to file numerous and specific motions directed to particular features of particular accused devices; and to prepare and submit detailed, system-specific non-infringement contentions in direct response to Total's contentions.

The Local Patent Rules, including those governing Plaintiff's infringement contentions, have served their intended purpose here. Without even considering the stricken Third Supplemental infringement contentions – which *inter alia* provided PHC with yet-more extensive system-specific detail about systems that remain accused under those theories set forth in the Second Supplemental contentions – PHC's defense has been self-evidently sufficiently enabled.

The instant Motion seeks no cure to prejudice, and it identifies none. Instead, it asks for judgment as a matter of law, on the face of no record, and premised on an overly-technical reading of local rules whose purpose has been served. Procedural rules are not suited to abridging one party's substantive rights, absent proven prejudice, in the guise of protecting another's.

Whether those accused systems found in the Second Supplemental contentions are infringing is, despite PHC's repeated motion practice to the contrary, a jury question. The Motion should be denied.

        Respectfully submitted


        <u>/s/ Tyler Rush</u>
        Steven G. Durio – #05230
        William W. Stagg – #01613
        Ryan Goudelocke #30525
        Tyler Rush - #38069
        Durio, McGoffin, Stagg & Ackermann
        220 Heymann Boulevard
        Lafayette, Louisiana 70503
        337-233-0300 – Telephone
        337-233-0694 – Fax
        *Attorneys for Plaintiff Total Rebuild, Inc.*


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING ACCUSED SYSTEMS NOT IDENTIFIED IN INFRINGEMENT CONTENTIONS** has been electronically filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 30th day of August 2019.

        <u>/s/ Tyler Rush</u>
        TYLER RUSH