IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TOTAL REBUILD, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | Civil Action No. 6:15-cv-01855 |
| | ) | |
| v. | ) | JUDGE TERRY A. DOUGHTY |
| | ) | |
| PHC FLUID POWER, L.L.C., | ) | MAGISTRATE JUDGE WHITEHURST |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | JURY TRIAL DEMANDED |
| | ) | |

**DEFENDANT PHC FLUID POWER, L.L.C.'S MOTION FOR RULE 11 SANCTIONS AND OTHER RELIEF**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, 35 U.S.C. § 285, and 28 U.S.C. § 1927, Defendant/Counterclaim-Plaintiff PHC Fluid Power, L.L.C. ("PHC") respectfully moves for sanctions against Plaintiff/Counterclaim-Defendant Total Rebuild, Inc. ("Total") and its counsel for their continued assertion that five pressure testing systems sold by PHC infringe United States Patent No. 8,146,428 (the "'428 Patent"). As PHC has informed Total and Total's counsel for well over three years, those systems do not and cannot infringe the '428 Patent as a matter of law. Despite this Court's numerous rulings that there must be a pump in the explosion-proof housing, Total and its counsel continue to assert that systems where a pump is not in the explosion-proof housing infringe the claims of the '428 Patent. For example, the systems identified by Total as infringing in numbered paragraphs 34, 35, 36, 38, and 39 of the Proposed Pretrial Order do not have a pump inside an explosion-proof housing.[1] *See* Dkt. 310 at 11.

---

[1] This is not to say that any other system identified in the Proposed Pretrial Order infringes. This Motion focuses solely on the systems where there are no pumps inside the bunker.

1

Total filed the original complaint in this action on June 11, 2016, well over three years ago. After the close of discovery (and well after the August 8, 2016 deadline set by this Court (Dkt. 50)), Total served its Third Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions wherein it identified seven systems as allegedly infringing the '428 Patent. Total has subsequently amended its positions to identify five of the original seven as infringement and added a sixth system. As PHC has warned Total for years, those six systems (five of which were safe-harbor notice sent on January 3, 2019, and the sixth only identified by Total in July 2019, seven months after the safe-harbor notice) cannot infringe the '428 Patent as matter of law. With discovery closed and trial imminent, PHC now moves for sanctions against Total and Total's counsel for their continued assertion that those systems infringe the '428 Patent. This Motion is necessary to stop an unparalleled and needless waste of the Court's time and resources, the jurors time, and PHC's time and money.

PHC, through counsel, served a demand letter and draft of the Motion for Sanctions and supporting memorandum on January 3, 2019. A true and correct copy of the demand letter, draft Motions for Sanctions, and supporting memorandum is attached hereto as <u>Exhibit A</u>. The twenty-one day safe-harbor deadline under Rule 11(c)(2) of the Federal Rules of Civil Procedure has long since passed. PHC has continued to incurred attorneys' fees and expenses through the preparation of trial of claims of infringement of at least six systems that never had any merit whatsoever.[2] In fact, the Court confirmed that such systems cannot be introduced at trial as set forth in the Ruling today.[3] *See* Dkt. No. 327 at 6.

---

[2] Since the time PHC sent the demand letter and draft Motion, Total has added a sixth system another system where the pumps are outside the bunker.

[3] PHC has updated the draft Motion and supporting memorandum to include the Court's Ruling (Dkt. 327), Total's addition of a sixth system on July 19, 2019 that establishes a knowing pattern

In support of this Motion, PHC has filed simultaneously herewith its supporting memorandum.

**WHEREFORE**, PHC respectfully requests the Court grant this Motion and order the following relief in favor of PHC and against Total and its counsel:

1. All claims asserted by Total against PHC in the First Amended and Restated Complaint (Dkt. 22) be dismissed with prejudice;

2. Judgment be entered in favor of PHC and against Total for all counterclaims in the Second Amended Complaint and Counterclaims (Dkt. 75);

3. The Court determine this is an exceptional case for which fees may be assessed against Total and Terry Lavergne, jointly and severally, under 35 U.S.C. § 285;

4. PHC be awarded its attorneys' fees, expenses, and all costs incurred in this litigation, jointly and severally, against Total; Terry Lavergne; William W. Stagg (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927); Chase A. Manuel (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927); Steven G. Durio (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927); Ryan Goudelocke (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927); Durio, McGoffin, Stagg & Ackermann, PC (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927); and Brazee, Edwards, & Durio (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927);[4]

5. The Court hold a hearing for William W. Stagg, Chase A. Manuel, Steven G. Durio, Durio, Ryan Goudelocke, McGoffin, Stagg & Ackermann, PC, and Brazee, Edwards, & Durio to

---

of bad faith conduct, and to clarify the request for fees and expenses both under 28 U.S.C. § 1927.

[4] It appears that, in March 2019, Mr. Manuel joined a new firm with a relation to Mr. Durio but has not so informed the Court. See https://www.linkedin.com/in/chase-manuel-72763580/ (a screen capture of which is attached hereto as Exhibit B). Given his continued appearance in this case (he has not filed any motion to withdraw), Mr. Manuel's new firm of Brazee, Edwards, & Durio should be jointly and severally liable for any sanctions award as well.

be heard on why attorneys' fees and expenses under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 should not be assessed against them; and

6. Such other and further relief as the Court may deem just and proper to deter future improper conduct.

Dated: August 30, 2019

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Hayley Hanna Baker, MO Bar No. 70101
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9011
Email: smiller@millerlegalpartners.com
nvalenti@millerlegalpartners.com
hbaker@millerlegalpartners.com

NEUNERPATE

/s/ Cliff A. Lacour
Brandon W. Letulier - #28657
Cliff A. LaCour - #30581
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Tel: (337) 237-7000
Fax: (337) 233-9450
Email: bletulier@neunerpate.com

*Attorneys for PHC Fluid Power, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of August 2019, a copy of the foregoing was served on counsel of record listed below via email and by hand:

William W. Stagg
Chase A. Manuel
Steven G. Durio
Tyler Rush
Ryan Goudelocke
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard (70503)
Post Office Box 51308 Lafayette, LA
70505-1308
Bill@dmsfirm.com
Chase@dmsfirm.com
Buzz@dmsfirm.com

Brandon W. Letulier
Cliff A. LaCour
NeunerPate
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, LA 70503
bletulier@neunerpate.com
clacour@neunerpate.com

                                                s/ Samuel F. Miller
                                                Samuel F. Miller