**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| TOTAL REBUILD, INC. ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | Case No. 6:15-cv-01855-TAD-CBW |
| ) | |
| v. ) | JUDGE TERRY A. DOUGHTY |
| ) | |
| PHC FLUID POWER, L.L.C., ) | MAGISTRATE JUDGE WHITEHURST |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | JURY TRIAL DEMANDED |
| ) | |

**DEFENDANT PHC FLUID POWER, L.L.C.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE ROYSTON REPORT AND PRECLUDE JOHN W. ROYSTON**

For its reply to Plaintiff Total Rebuild, Inc.'s ("Total's") Opposition to the Motion to Exclude Royston Report and Preclude John W. Royston. (Dkt. 334), Defendant PHC Fluid Power, L.L.C. ("PHC") states:

**I.  PHC'S MOTION WAS TIMELY FILED.**

Section 5(d) of the Abbreviated Scheduling Order provides that the deadline for parties to file pretrial memoranda regarding outstanding discovery issues is August 19, 2019. (Dkt. 275). Section 5(d)(ii) further states that "[a]ll parties shall file memoranda on any outstanding discovery issues, *including any issues relating to expert qualifications and testimony*." (Dkt. 275) (emphasis added). Pursuant to the Court's Order, PHC timely filed its Motion to Exclude Royston Report and Preclude John W. Royston and Memorandum Under Section 5(d) of the Abbreviated Scheduling Order (the "Motion") on August 19, 2019. (Dkt. 309). Therefore, Total's assertion that PHC filed its Motion "weeks past its deadline to do so" is incorrect.

**II.  PHC WAS NOT REQUIRED TO DEPOSE OR SUBPOENA DOCUMENTS THAT TOTAL'S EXPERT WITNESS RELIED UPON.**

1

PHC should not have had to subpoena any documents from Total's Expert John W. Royston because Federal Rule of Civil Procedure 26(a)(2)(B) is clear that the duty to produce "the facts or data considered by the witness in forming [his or her opinions]" lies with the party introducing the expert. Fed. R. Civ. P. 26(a)(2)(B). Total attempts to distinguish the cases PHC relies upon in its Motion because PHC did not depose Mr. Royston or subpoena documents. Indeed, the cited cases involved parties who were forced to resort to a subpoena for an opposing party's failure to produce documents that an expert relied upon in forming the expert's opinions. *See Diaz v. Goodyear Tire & Rubber Co.*, No. CV 07-353-B-M2, 2009 WL 10679373 (M.D. La. Mar. 31, 2009) (citing *Estate of Manship v. U.S.*, 236 F.R.D. 291, 295 (M.D. La. 2006)). However, the court's opinion in *Diaz* shows that a subpoena for documents an expert relies upon in forming his or her expert opinion is not necessary in the first place:

> Pursuant to Fed. R. Civ. P. 26(a)(2), testifying experts . . . must produce not only their written reports *but also all materials that they "considered" in forming their opinions*, regardless of when those materials were received, generated, reviewed, or used. . . . The Advisory Committee Notes to the 1993 Amendments to Rule 26 provide express instruction on how to interpret the requirement that an expert disclose all information "considered" in formulating his or her opinions. . . . The commentary indicates that the term "considered" in Rule 26(a)(2)(B) exceeds the more narrow definition of "relied upon," referring instead to any information furnished to a testifying expert that such expert "generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected.

*Id.* at *2 (emphasis added) (internal citations omitted). Here, Total failed to timely produce with the Royston Report the materials that Mr. Royston considered in forming his damages opinions, and specifically his assertions regarding "Cost per unit" and the "Profit Margin" for Total's systems that allegedly embody the '428 Patent. (Dkt. 295-5).

Total also makes a futile attempt in arguing that the materials Mr. Royston allegedly relied upon in forming his damages opinions were not subject to the cited discovery requests and July 12, 2017 Order (Dkt. 136). Although the Court denied PHC's request for Total to *immediately*

supplement "its response to Interrogatory No. 15 to provide the expenses and profits generated from the sale of all systems that Total alleges embody, practice or use asserted claims of the '428 Patent," it granted PHC's motion to the extent that Total was obligated to "supplement their responses *once information becomes available*." (Dkt. 115 – Defendant PHC Fluid Power, L.L.C.'s Motion to Compel Discovery Responses from Total Rebuild, Inc.); (Dkt. 136 – Minutes of Court). While it is unclear exactly how the documents produced on **August 16, 2019** (again, 31 days prior to trial and **259 days after** the disclosure of the Royston Report) assisted Mr. Royston in determining the costs, expenses, and profits generated from the systems that allegedly use the '428 Patent, the produced documents nonetheless contain information that relate to the costs, expenses, and profits associated with the '428 Patent systems. Total's assertion that the discovery requests and the July 12, 2017 Order were limited to "bill of materials" is simply wrong.

Most significantly, it cannot be lost that the documents at issue are **Total's financial documents** and date back to 2015. Whether Mr. Royston is Total's accountant must be considered because financial documents – even assuming the implausible excuse that all receipts and invoices for parts and materials go directly and exclusively to Mr. Royston – are within the possession, custody, or control of Total. Because the documents have existed since 2015 and Total failed to produce said documents pursuant to the disclosures requirement in Federal Rule of Civil Procedure 26(a) and (e), discussion of Federal of Rule Civil Procedure 37 is entirely appropriate. "If a party fails to provide information . . . *as required by Rule 26(a) or (e)*, the party is not allowed to use that information or witness to supply evidence . . . at a trial *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). Rather than rebut PHC's argument, Total ignores it altogether and thereby fails to show why its failure to produce was substantially justified or harmless. Pursuant to the Rule and to avoid unfair prejudice to PHC, Total

3

should not be allowed to use its untimely disclosure. Without the underlying documentation or information to support Total's alleged expenses and revenue, PHC was unable to depose Total about the documents and cannot make a competent rebuttal argument at trial. Therefore, the Royston Report should be excluded, and Mr. Royston should be precluded from testifying at trial.

### III. MR. ROYSTON'S CREDENTIALS AS A CPA ARE NOT SUFFICIENT TO PASS *DAUBERT* AND RULE 702 SCRUTINY.

"[I]t has long been the rule in the Fifth Circuit that an expert must come to court with more than his credentials and a subjective opinion in order to be permitted to testify." *Tassin v. Sears, Roebuck & Co.*, 946 F. Supp. 1241, 1245 (M.D. La. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987)). Expert reports must explain the methodologies relied upon in reaching a conclusion rather than leaving the Court and a jury to guess at how the expert used the evidence to form a conclusion. *See Smith v. Chrysler Group, L.L.C.*, 909 F.3d 744, 749 (5th Cir. 2018) (affirming the District Court's exclusion of an expert report that included findings that were "highly conclusory" and failed to explain the methodology for reaching its conclusions); *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2005) ("The trial court was not required to accept [an expert's] opinion at face value just because [the expert] was experienced . . . .").

Here, Mr. Royston's credentials as a CPA are not enough to pass *Daubert* and Rule 702 muster. The Royston Report is full of conclusions without explanation based in no small measure on the fact that he is Total's accountant, not an independent third party. The Royston Report fails to identify the facts or data in which it relies upon and fails to explain why it chose the unknown methodologies and principles it apparently relies upon. A reader of the Royston Report walks away with more questions than answers because the Royston Report fails to adequately connect the dots between information and his conclusions. In place of scientific analysis, the Royston Report is full of phrases such as "I believe" and "we feel."

4

Although Total's Opposition attempts to explain why Mr. Royston's application of the entire-market-value rule should be used without consideration of the *Georgia-Pacific* factors, Mr. Royston's Report is silent on the issue. Even if the Royston Report did address the issue, Mr. Royston still lacks the expertise and knowledge on patent valuation to make such an assertion. There is no evidence in his report that Mr. Royston has even read the *Georgia-Pacific* case. There is no suggestion in his report that he has ever attended any seminar or classes on calculating royalties in a patent case; has ever spoken on the topic; or has any practical experience in the area. Therefore, to avoid leaving the jury to resort to guesswork in application of damages by an "expert" without any qualifications applicable to the opinion and the case, the Royston Report should be excluded, and Mr. Royston should be precluded from testifying at trial.

### IV. MR. ROYSTON'S REPORT CONTAINS SIX SYSTEMS THAT ARE SUBJECT TO PHC'S RULE 11 MOTION AND THE COURT'S ORDER EXCLUDING SYSTEMS WITH NO PUMP IN THE BUNKER.

Mr. Royston's report asserts damages based on several systems where there is no pump in the bunker. For example, among others, the Royston Report at Exhibit A identifies PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 (Baker Hughes – Oklahoma City), PHC-TB-15-W-ATV4-GSF100-ASF150-AGT62-152-RC (Baker Hughes Emmott Road), and PHC-TB-20-W-ATV4-HSF202-RC (GE Canton) do not have pumps in the bunker. *See generally* Motion for Sanctions (Dkts. 332-0 through 332-3). The Court confirmed that such systems cannot be introduced at trial as set forth in the Court's recent Ruling. *See* Dkt. No. 327 at 6. PHC has briefed the bad faith assertions of infringement in its Motion for Rule 11 Sanctions and supporting memorandum. Those arguments are incorporated herein by reference rather than repeating for the Court. It must follow that if there can be no infringement through systems that have no pump inside the bunker, Mr. Royston cannot offer opinions on damages based upon or relying in any part on those non-infringing systems. To permit Mr. Royston to do otherwise would clearly and unequivocally

confuse the jury, prejudice PHC, and introduce irrelevant information that has no bearing on any of Mr. Royston's conclusory and otherwise unsupported opinions.

## V. CONCLUSION

For the reasons discussed herein, PHC's Motion to Exclude the Expert Testimony of John W. Royston and the Royston Report should be granted. Mr. Royston's report must be excluded, and his testimony precluded.

Dated: September 4, 2019

    Respectfully submitted,

    MILLER LEGAL PARTNERS PLLC

    /s/     Samuel F. Miller
    Samuel F. Miller, TN Bar No. 22936
    Nicholas R. Valenti, TN Bar No. 35420
    Hayley Hanna Baker, MO Bar No. 70101
    Fifth Third Center – Suite 2000
    424 Church Street
    Nashville, Tennessee 37129
    Tel/Fax: (615) 988-9011
    Email: smiller@millerlegalpartners.com
          nvalenti@millerlegalpartners.com
          hbaker@millerlegalpartners.com

    NEUNERPATE

    /s/ Cliff A. Lacour
    Brandon W. Letulier–#28657
    Cliff A. LaCour–#30581
    One Petroleum Center, Suite 200
    1001 West Pinhook Road
    Lafayette, Louisiana 70503
    Tel: (337) 237-7000
    Fax: (337) 233-9450
    Email: bletulier@neunerpate.com

    *Attorneys for PHC Fluid Power, L.L.C.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of September 2019, a copy of the foregoing was served on counsel of record listed below via the Court's ECF system:

William W. Stagg
Chase A. Manuel
Steven G. Durio
Tyler Rush
Ryan Goudelocke
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard (70503)
Post Office Box 51308 Lafayette, LA
70505-1308
Bill@dmsfirm.com
Chase@dmsfirm.com
Buzz@dmsfirm.com
Tyler@dmsfirm.com
Ryan@dmsfirm.com

Brandon W. Letulier
Cliff A. LaCour
NeunerPate
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, LA 70503
bletulier@neunerpate.com
clacour@neunerpate.com

                                                s/ Samuel F. Miller
                                                Samuel F. Miller