UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.** | **CASE NO. 6:15-CV-1855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PHC FLUID POWER, L.L.C.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion *in Limine* to Preclude and Exclude any Testimony or Evidence Related to Total Rebuild's Profits and Expenses" [Doc. No. 295]. Plaintiff responded to the motion. [Doc. No. 322].

For the following reasons, the motion is DENIED.

### I. PERTINENT FACTS AND PROCEDURAL HISTORY

On August 5, 2016, Defendant served Plaintiff with its First Interrogatories and Requests for the Production of Documents and Things ("First Set of Interrogatories"). Interrogatory 15 requested that "[f]or any products identified in response to Interrogatory No. 11,[1] provide the revenues and profits generated from the sale of such products and all expenses used in the

---

[1] Interrogatory 11 states: "Provide an accounting of all royalties, license fees, or other monies paid pursuant to licenses or sublicenses to the '428 Patent, and identify the sources of any such royalties, license fees, or other monies by name and address of the paying and receiving entities." [Doc. No. 295-2 at 11].

calculation of such profits." [Doc. No. 295-2 at 12].[2] On September 2, 2016, Plaintiff served its Answers to Defendant's First Interrogatories and Responses to First Requests for the Production of Documents and Things ("Plaintiff's Answers"). *Id.* at 12-13. Defendant filed a motion to compel on May 12, 2017. [Doc. No. 115]. In that motion, Defendant argued that "Total has provided information related to only revenues, not profits or expenses" and requested "Total be ordered to supplement its response to Interrogatory No. 15 to provide the expenses and profits generated from the sale of all systems that Total alleges embody, practice, or use asserted claims of the '428 Patent." [Doc. No. 115-1]. On May 23, 2017, Plaintiff supplemented its answers to Interrogatory 15. [Doc. No. 295-3 at 5-6].

The Court denied Defendant's motion to compel on July 11, 2017, and ordered Plaintiff to supplement its responses once information becomes available. [Doc. No. 136 at 2]. On July 12, 2017, Defendant deposed Mr. Terry Lavergne, Plaintiff's owner. During the deposition, Mr. Lavergne testified to the following:

(1) There are "no billing materials";
(2) There are "no design docs";
(3) Plaintiff did have receipts;
(4) He could look at expenses;
(5) The general manager would "probably not" know expenses down to a job level;
(6) Plaintiff worked from its equipment stock on-hand; and
(7) The cost to create a system is "in our head."

[Doc. No. 295-4 at 4-6].

On November 30, 2018, Plaintiff proffered the expert report of Mr. John W. Royston, ("the Royston Report") regarding damages. [Doc. No. 295-5]. The Royston Report includes a "cost per unit" of three Plaintiff machines, and uses that cost per unit to calculate a profit margin. *Id.* at 6. Defendant argues that Mr. Royston's damages calculations are directly based on the cost per unit

---

[2] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

and profit numbers. [Doc. No. 295-1 at 4-5]. Defendant further argues that no documentation was served in support of the Royston Report that indicated how Mr. Royston determined what each unit cost. *Id.* at 5.

On July 26, 2019, which was 238 days after it received the Royston Report, Defendant filed the current motion *in limine*. Plaintiff contends that after the motion was filed, it sought the documents that Mr. Royston relied upon and produced them to Defendant on August 16, 2019. [Doc. No. 322 at 4-5] (citing Doc. No. 322-1).

**II.     LAW AND ANALYSIS**

Federal Rule of Civil Procedure 26(e) governs a party's duty to supplement its disclosures:

(e) Supplementing Disclosures and Responses.
(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:
(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
(B) as ordered by the court.

Fed. R. Civ. P. 26(e). As discussed above, the Court ordered Plaintiff to supplement its responses once the information became available. [Doc. No. 136 at 2]. Plaintiff represents to the Court that it has "produced all documents in relation to PHC's Request for Interrogatories and Request for Production of Documents and Things," and "does not have the documents PHC seeks." [Doc. No. 322 at 1; *see also*, Doc. No. 322-1]. While Plaintiff should have supplemented its disclosure before August 16, 2019, Defendant also could have requested these specific documents before filing the present motion. Indeed, Defendant waited 235 days to do so, and appears to have only requested the specific document "of a publication by Business Valuation Resources, LLC." [Doc. No. 322- 2]. As with Defendant's *Daubert* motion, the Court finds Defendant's argument suspect based on their lack of action and timing of the motion. Accordingly, the Court finds that the importance of

the evidence Defendant seeks to exclude far outweighs any prejudice Defendant may incur as a result of its own inaction. *See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).[3]

However, that said, Plaintiff appears to have disregarded the Court's order to supplement its responses once the information became available. [Doc. No. 136 at 2]. Plaintiff is out of strikes and failure to follow the Court's order will result in the appropriate sanction. For example, Plaintiff has represented to the Court and Defendant that it has produced all of the information that it has and that Mr. Royston considered in forming his opinion as required Fed. R. Civ. P. 26(a)(2)(B). [Doc. No. 322 at 1]. If trial testimony indicates otherwise, the Court will not hesitate to impose the appropriate sanction for Plaintiff's contempt. *See* Fed. R. Civ. P. 37(b)(2) and 37(c)(1). This warning to Plaintiff also obviously includes the Court's Rulings and Orders on other motions *in limine*.[4]

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* to Preclude and Exclude any Testimony or Evidence Related to Total Rebuild's Profits and Expenses [Doc. No. 295] is DENIED.

---

[3] When exercising its discretion on whether to exclude the evidence, the Court considers:
    (1) the importance of the witnesses' testimony;
    (2) the prejudice to the opposing party of allowing the witnesses to testify;
    (3) the possibility of curing such prejudice by granting a continuance; and
    (4) the explanation, if any, for the party's failure to comply with the discovery order.

[4] For example, the Court has previously ruled that Plaintiff is precluded from asserting that systems with the pump or pumps located outside the recited "explosion-proof safety housing" infringe the '428 Patent. [Doc. Nos. 327 and 328].

Monroe, Louisiana, this 6th day of September, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE