UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.** | **CASE NO. 6:15-CV-1855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PHC FLUID POWER, L.L.C.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion to Exclude the Royston Report and Preclude the Testimony of John W. Royston" [Doc. No. 309]. Plaintiff responded to the motion. [Doc. No. 334]. Defendant filed a reply. [Doc. No. 351].

For the following reasons, the motion is DENIED.

**I.    PERTINENT FACTS AND PROCEDURAL HISTORY**

Plaintiff filed the original complaint alleging patent infringement on June 11, 2015. [Doc. No. 1]. The case was originally assigned to Judge Richard Haik, and the First Scheduling Order was entered on November 6, 2015. The First Scheduling Order required the parties to file *Daubert* Motions by no later than 50 days before the pretrial conference, or 84 days before the jury trial. [Doc. No. 26 at 2].[1] The parties proceeded under the First Scheduling Order until it was vacated on June 29, 2016. [Doc. No. 48]. The parties were then ordered to file a Joint Scheduling Order

---

[1] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

within fourteen days (14) days. *Id.*

The parties filed a proposed Joint Scheduling Order on July 12, 2016 [Doc. No. 49], and the Court entered it on July 14, 2016. [Doc. No. 50]. The Joint Scheduling Order only provided dates through the end of Phase I discovery. *Id.* at 2. The parties addressed the remainder of the schedule in their Rule 26(f) Report by stating that "following the Court's determination on the '428 Patent's claim construction, the Parties agree to meet and confer and propose a standard Scheduling Order that will take the Parties through a jury trial." [Doc. No. 51 at 6]. The parties further stated that they anticipated the need for Phase II discovery. *Id.* at 8. The Court considered the Rule 26(f) Report and determined it to be complete. [Doc. No. 52 at 1]. The case proceeded under the Joint Scheduling Order, but a *Markman* hearing was never scheduled.

On July 23, 2018, over three years after the filing of the original complaint, the case was reassigned to Judge Brian Jackson. [Doc. No. 147]. A status conference was held on August 22, 2018, and the Court set the *Markman* hearing and pretrial conference for November 28, 2018, with the trial date set for January 22, 2019. [Doc. No. 149 at 1]. The Court further ordered the parties to file a joint proposed scheduling order. *Id.* The parties failed to file a joint proposed scheduling order, and instead filed separate proposed scheduling orders on September 4, 2018. [Doc. Nos. 150 and 151]. On September 17, 2018, Plaintiff moved to continue and reset the trial date to a "later date." [Doc. No. 152 at 1]. The Court denied Plaintiff's motion to continue the trial date, and ordered the parties to confer and come to an agreement on a proposed scheduling order. [Doc. No. 161 at 5-6]. On October 22, 2018, the parties submitted a Proposed Amended Scheduling Order. [Doc. No. 162]. The Court did not enter the Proposed Amended Scheduling Order.

On November 21, 2018, the Court canceled the *Markman* hearing and pretrial conference set for November 28, 2018. [Doc. No. 146]. On November 30, 2018, Plaintiff proffered the report

of John W. Royston ("the Royston Report") in support for its claim for damages, which is the report and testimony at issue in this motion. On December 10, 2018, the Court continued the January 22, 2019 trial setting, and set the *Markman* hearing and pretrial conference for January 22, 2019. [Doc. No. 175 at 1]. On January 15, 2019, the Court reset the *Markman* hearing for March 29, 2019, with a preliminary pretrial conference to follow. [Doc. No. 213 at 1]. Plaintiff's counsel contacted the Court on the afternoon of March 28, 2019 stating that they were unprepared to proceed with the *Markman* hearing. [Doc. No. 264 at 1]. Plaintiff's counsel expressed a belief that no *Markman* hearing would be held because, according to counsel, the parties agreed to stand on their claim-construction briefs. *Id.* The Court order the parties to file a joint stipulation confirming that they agreed to stand on their briefs. *Id.* at 3. The Court set the pretrial conference for June 11, 2019, and the trial date for July 22, 2019. *Id.* On April 4, 2019, the parties stipulated to submitting the pending claim construction by the Court on the briefs. [Doc. No. 265 at 1-3].

On April 18, 2019, almost four years after the filing of the original complaint, the case was reassigned to the undersigned. [Doc. No. 266]. On April 19, 2019, Defendant moved the Court to reschedule the trial date. [Doc. No. 268 at 1]. In its motion, Defendant argued that "PHC and its counsel recognize this case has been pending for several years. PHC has been ready to take this case to trial as far back as November 2018 . . ." [Doc. No. 268 at 1][2]. The Court granted Defendant's motion and directed the parties to contact the Court with reference to rescheduling the trial date in September 2019. [Doc. No. 270]. On May 1, 2019, the Court entered the Abbreviated Scheduling Order, which set the deadline for filing all motions *in limine* to no later than July 26, 2019. [Doc. No. 275 at 4]. The Court then entered its Opinion and Ruling on claim

---

[2] The Court notes that Plaintiff proffered the Royston Report in support for its claim for damages on November 30, 2018, the same month that Defendant indicated that they were prepared to take the case to trial.

construction on June 10, 2019. [Doc. Nos. 279, 280]. The Court further entered Rulings and Orders on the motions *in limine* filed by Defendant on January 8, 2019 and January 11, 2019 ("the first round of motions *in limine*"). [3] [Doc. Nos. 280, 281, 282, 283, 284, 285].

In conformance with the Abbreviated Scheduling Order, Defendant filed a number of motions *in limine* on July 26, 2019 ("the second round of motions *in limine*"). [Doc. Nos. 287, 290, 293, 295, 296]. However, Defendant waited until August 19, 2019, on the eve of trial, to file the instant motion. [Doc. No. 309]. For the reasons stated below, the Court determines that the *Daubert* motion is untimely and must be denied.

## II. LAW AND ANALYSIS

"The [Federal] Rules of Civil Procedure endow the trial judge with formidable case-management authority." *Hernandez v. General Motors Corp.*, No. C-00-332, 2001 U.S. Dist. LEXIS 26264, at *4 (S.D. Tex. July 3, 2001). This authority includes drafting a case-management schedule that the district court enters as an order. *See id.* It is well established that "a party who ignores any case-management deadline does so at his own peril." *Id.* More specifically, "challenges to expert testimony may be waived for failure to adhere to deadlines" set forth in a scheduling order. *Id.*; *see also*, *Queen Trucking, Inc. v. GMC*, Civil Action No. 1:06-CV-052-C ECF, 2007 U.S. Dist. LEXIS 95082, at *6 (N.D. Tex. June 8, 2007); *Vienne v. Am. Honda Motor Co.*, Civil Action No. 99-3716 Section "N", 2001 U.S. Dist. LEXIS 1301, at *5 (E.D. La. Jan. 26, 2001). Based on this line of cases and further considering Defendant's explanation for missing the motion *in limine* deadline, the Court will not entertain Defendant's untimely *Daubert* challenge. *See e.g., Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1289-90 (10th Cir. 2000)

---

[3] Interestingly, Defendant moved to exclude the testimony of Plaintiff's infringement expert, Mr. Blaine LeFleur, on January 8, 2019, but did not move to exclude the Royston Report. Instead, Defendant waited until seven months later, on August 19, 2019, to file the instant motion.

("A party may waive the right to object to evidence on *Kumho/Daubert* grounds by failing to make its objection in a timely manner.").

The Abbreviated Scheduling Order set July 26, 2019, as the deadline for filing Motions *in Limine*. This was the last day that the motion to exclude could have been filed. However, given the procedural history of this case, the motion should have been filed well before this date. The First Scheduling Order required the parties to file *Daubert* motions at least 84 days before the jury trial. [Doc. No. 26 at 2]. This placed the parties on notice that *Daubert* motions should not be filed on the eve of trial, because these motions require time for proper evaluation. *See, e.g.*, *Feliciano-Hill v. Principi*, 439 F.3d 18, 24 (1st Cir. 2006) ("Parties have an obligation to object to an expert's testimony in a timely fashion, so that the expert's proposed testimony can be evaluated with care."). As discussed above, this case has labored on for more than four years, and the Court will not delay it any further because of an untimely motion.

The Court further finds that the filing of the motion is not only untimely, but it also appears to be an attempted procedural "gotcha" by Defendant. *See, e.g., Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1087 (10th Cir. 2001) ("[B]ecause *Daubert* generally contemplates a 'gatekeeping' function, not a 'gotcha' [f]unction [our caselaw] permits a district court to reject as untimely *Daubert* motions raised late in the trial process; only in rare circumstances will such tardy motions . . . be warranted."). Defendant confirmed that it received the Royston Report on November 30, 2018. [Doc. No. 309 at 5]. Although it was not required to depose or subpoena documents that Plaintiff's expert witness relied upon, Defendant provides no reasonable explanation for its statement that it was "unable to depose Total about the documents." *Id.* at 10. If Defendant was truly concerned about making "a competent rebuttal argument at trial," then it would have deposed the expert to test the numbers and methodology included in his report. *Id.*

In summary, the Court finds Defendant's argument suspect and its actions inexcusable given that it had the Royston Report for 262 days before it filed the instant motion. Especially given the lengthy procedural history and the number of times the trial date was continued in this case. Moreover, Defendant fails to explain why it moved to exclude the testimony of Plaintiff's infringement expert on January 8, 2019, but did not move to exclude the Royston Report on or near that same date. Accordingly, the Court finds that the importance of Mr. Royston's testimony far outweighs any prejudice Defendant may incur as a result of its own inaction. *See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).[4]

Defendant's only response to the untimely filing is that "Section 5(d) of the Abbreviated Scheduling Order provides that the deadline for parties to file pretrial memoranda regarding outstanding discovery issues is August 19, 2019." [Doc. No. 351 at 1].[5] Defendant's understanding of this deadline would make the other deadlines in the Abbreviated Scheduling Order superfluous. The purpose of Section 5(d) is to prepare the case for trial and identify any outstanding issues, not derail the trial date with motions that should and could have been filed well before the eve of trial.

This is not to say that the Court is abandoning its "gatekeeper" function. *Daubert* provides that "in the event [this Court] concludes that the scintilla of evidence supporting a position is insufficient to allow a reasonable juror to conclude that the position is more likely than not is true,

---

[4] When exercising its discretion on whether to exclude the evidence, the Court considers:
    (1) the importance of the witnesses' testimony;
    (2) the prejudice to the opposing party of allowing the witnesses to testify;
    (3) the possibility of curing such prejudice by granting a continuance; and
    (4) the explanation, if any, for the party's failure to comply with the discovery order.

[5] Plaintiff notes that Defendant largely repeats a number of arguments in this motion that it made in its Motion in Limine to Preclude and Exclude any Testimony or Evidence Related to Total Rebuild's Profits and Expenses. [Doc No. 334 at 2] (citing Doc. No. 295). The Court will address these arguments in its ruling on Defendant's prior motion [Doc. No. 295].

the Court remains free to direct a judgment, . . ." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798 (1993). Notwithstanding, the Court has reviewed the arguments made by Defendant and finds nothing so glaring as to require the Court to exclude the evidence even in the face of Defendant's delay. Rather, the issues are better resolved through cross-examination. As *Daubert* itself recognized, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude the Royston Report and Preclude the Testimony of John W. Royston [Doc. No. 309] is DENIED.

Monroe, Louisiana, this 6th day of September, 2019.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**