IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TOTAL REBUILD, INC., | ) |
|     Plaintiff/Counter-Defendant, | ) No. 6:15-cv-01855-TAD-CBW )  |
| vs. | ) JUDGE TERRY A. DOUGHTY ) |
| PHC FLUID POWER, L.L.C., | ) MAGISTRATE JUDGE WHITEHURST ) |
|     Defendant/Counter-Claimant. | ) JURY TRIAL DEMANDED ) ) |

**PLAINTIFFS MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

**May it Please the Court**:

    Defendant, **PHC Fluid Power, L.L.C.** ("PHC"), on August 30, 2019 filed a Motion (Rec. Doc. 332) for Rule 11 Sanctions and Other Relief with supporting Memorandum (Rec. Doc. 332-1) against Plaintiff, **Total Rebuild, Inc.** ("Total"); Terry Lavergne; Total's trial counsel; and also the firm of Total's *former* trial counsel.[1]

    Total respectfully submits this memorandum in opposition to the relief requested by Defendant.

---

[1] One of Total's prior counsel, Chase Manuel, joined an unrelated firm in spring 2019. Inclusion of Mr. Manuel's current firm appears to be based on the mistaken belief of PHC's counsel that the "Durio" with whom Mr. Manuel now works (Lee C. Durio, of Breaux Bridge, Louisiana), and Steven Durio, who remains Total's counsel, are somehow related. (They have never met.) Where this belief arises is not clear; PHC did not inquire either with Mr. (Steven) Durio or Mr. Manuel beforehand. It is left to the Court whether that apparent failure to inquire prior to involving uninvolved counsel, in a Rule 11 motion no less, is itself problematic under the Rule. *Vista Mfg., Inc. v. Trac-4, Inc.*, 131 F.R.D. 134 (N.D.Ind., 1990).

Rule 11 has been interpreted to define "a frivolous claim or pleading … as one that is 'legally or factually baseless' from an objective perspective … [and made without] a reasonable and competent inquiry.'"[2]

As discussed below, Total's claims of infringement, including but not limited to those placed at issue by PHC's instant Motion, have been and (with all due respect to this Court's recent ruling) in the good-faith belief of Total's counsel, still are reasonably supportable by the plain language of U.S. Patent Number 8,146,428 B2 (the "'428 Patent").

Total is of course respectful of the Court's recent ruling excluding evidence of infringement by accused systems "to the extent that the pump or pumps of the accused system are located outside the recited 'explosion-proof safety housing'" (Rec. Doc. 327, p. 6). That ruling will be obeyed. Total has already worked extensively with counsel for PHC on joint documents (jury charges, jury verdict form) that explicitly exclude the systems subject to the Court's ruling and subject of the instant Motion.

However: for the reasons set forth below, Total does respectfully disagree with the ruling's premise, which briefly put was "that the 'high-pressure pneumatics testing equipment' must include at least one pump located within the housing" (Rec. Doc. 327, p. 5). The Court has decided this issue in PHC's favor – it is the law of the case.

But determination of that issue in favor of PHC's position is a *far* cry from accusation that Total's was not only wrong, but *frivolous* or *baseless*. PHC mistakes Rule 11's requirement that a sanctioned position have "*no chance of success*," *U.S. v. Shuch*, 139 B.R. 57, 62 (D.Conn., 1992) (emphasis added) with simple disagreement. "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then

---

[2] *Q-Pharma,Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, at 1299 (C.A.F.C., 2004).

sanctions should not be imposed." *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (C.A.9, 1986).

PHC clearly now disagrees, but Total argued (and maintains) that its infringement position on the accused systems at issue was objectively reasonable. If this Court was faced with anything like a close call – as, it is respectfully suggested, Total's construction may have been of the patent's scope to include systems with at least some high-pressure testing equipment outside their housings – then the instant Motion *cannot* be a close call.[3] Far from being "necessary" (Rec. Doc. 332, p. 2)[4] – the Court's own ruling has foreclosed the subject systems from further consideration – this Motion is insupportable.

Moreover, this opposition memorandum is not the first time Total has been called upon to explain to PHC's counsel why this Motion was and is inappropriate.

On January 3, 2019, Total was in receipt of PHC's correspondence, referred to in its Motion, threatening sanctions over PHC's disagreement with Total's merits position. Although PHC's Motion and supporting memorandum fail to mention it, Total responded in writing on January 11, 2019 (attached as Exhibit 1). In that response, Total *inter alia* explained in detail its rationale for alleging infringement of the '428 Patent by devices having high-pressure pneumatics testing equipment inside their housings (whether or not other high-pressure equipment was *outside*

---

[3] Importantly, the instant Motion has nothing to do with timeliness of Plaintiff's contentions, as did all previous rulings on these systems despite PHC's repeated attempts to narrow the scope of the claims at issue. Defendant's motion (Rec. Doc. 243) to strike Plaintiff's Third Supplemental infringement contentions argued they were late, and the Court agreed (Rec. Doc. 263). Likewise, the Court's ruling (Rec. Doc. 282) on Defendant's motion (Rec. Doc. 207) to exclude evidence, concerning systems with pumps outside housings, turned on whether the corresponding theory of infringement had been timely disclosed – not whether such systems could or could not infringe.

[4] PHC's Memorandum in Support refers to the parties' joint proposed pre-trial order (Rec. Doc. 310, filed August 19, 2019) as "**now** identifies as infringing..." (emphasis added) as if PHC were not already aware of that theory of infringement (which it had been months before, by its own admission) and as if this Court had previously excluded those accused systems (which it did not do until August 29). This is presumably innuendo to suggest Total is attempting to flout the Court's August 29 ruling. It is not.

them). Total also requested that PHC refrain from its repeated threat of Rule 11 sanctions at each turn in this matter.

And that, at least insofar as PHC's actions were concerned, was that – PHC not only did not seek sanctions for the next nine months, it did not seek partial summary judgment despite explicitly condemning Total's infringement contentions as frivolous and baseless.

If PHC was convinced Total's interpretation of the '428 Patent as including high-pressure equipment outside housings *as well as* within them was sanctionable under Rule 11, by definition PHC believed no reasonable finder of fact could disagree. PHC did not need Total's agreement to dismiss those claims – it could have asked this Court to do so. If PHC's Rule 11 motion had merit, then or now, PHC would have foreclosed any further contest as to such systems – saving all involved, PHC included, significant time and resources.

Yet no dispositive motion followed.

Nothing followed, in fact – until PHC (which had long been arguing in pleadings, without success, that pumps outside housings could not possibly infringe, regardless of whether *other* high-pressure equipment was within them) saw in the Court's ruling (Rec. Doc. 327) the claim construction requiring "at least one pump located within the housing" (p. 5).

PHC's instant Motion, on infringement contentions disclosed years before, followed *the next day*.

### A. The Court had not before August 29 construed the '428 Patent to Require at Least One Pump be Inside A Housing to Allege, or Demonstrate, Infringement

The instant Motion, then, concerns six formerly[5] accused systems (the "Six Systems"), each of which has at least one of its pumps outside its explosion-proof safety housing. Although PHC represents that the Court it "has already reached determinations on the location of the pumps numerous times" (Rec. Doc. 332-1, p. 5), this is flat wrong.

Instead, PHC has repeatedly *urged* both conflation of "pumps" as "high-pressure pneumatics testing equipment;" as well as insisted that those pumps must be inside the housing (regardless of what was disposed outside it) in order for a system to infringe, but this Court had *not* earlier construed the '428 Patent to require at least one pump within the housing. PHC's implication that Total has been ignoring this Court's rulings is almost ironic – it is PHC which claims to set forth the Court's prior positions without any support whatsoever.

PHC's motion to exclude (Rec. Doc. 207) referenced above, for example, sought a determination that *all* high-pressure pneumatics testing equipment must be located within the explosion-proof safety housing in order to infringe the '428 Patent. Put another way, removing *any* of said equipment from the housing suffices to design around, or so PHC's argument went.

The Court in that instance declined (Rec. Doc. 283) PHC's invitation to find that PHC systems "cannot *in any circumstance* infringe"[6] unless they contained *all* testing equipment within the housing.

---

[5] These systems are no longer at issue; pursuant to the Court's recent ruling, the parties' agreed jury charges and verdict form (Rec. Docs. 366 and 361, respectively) explicitly include only systems with pumps inside their housings. In this sense, PHC's instant Motion (while it might have been timely, if still inappropriate, months ago) was moot when it was filed.
[6] Rec. Doc. 207, p. 2 (emphasis in original).

What the Court did say, when it struck Plaintiff's Third Supplemental infringement contentions, was that Plaintiff was "target[ing] systems using *pumps or pump systems* within an explosion-proof safety housing" (Rec. Doc. 263, p. 2) (emphasis added).

The Court explained its phrasing by noting that Total "did so by limiting 'high-pressure pneumatics testing equipment' to components located inside a safety housing," citing Plaintiff's infringement contentions (Rec. Doc. 71-5, pp. 9-10; Rec. Doc. 85-31, pp. 7-8) dated January 13, 2017; and its second supplemental contentions (Rec. Doc. 189-10, pp. 19-21) dated August 27, 2017. And it is true that Plaintiff did, and does, identify as infringing certain systems which include "pumps or pump systems" within the explosion-proof safety housing described in the claims of the '428 Patent.

But, with due respect for Judge Jackson, Total had not in fact limited its infringement contentions to systems whose high-pressure components are *all* "located inside a safety housing." The patent's plain language covers systems with such equipment *inside* a housing; there is no *expressio unius est exclusio alterius* rule that exempts from infringement systems which also dispose *some* such high-pressure equipment *outside*.

And, as has been previously briefed and as the Court agreed, "the term 'high-pressure pneumatics testing equipment' is not limited to pumps" (Rec. Doc. 327, p. 5). Therefore, as Total explained to PHC in response (Exhibit 1) to its January 2019 threats, the presence of high-pressure equipment *outside* a housing did not "clear" systems with at least some high-pressure equipment *inside* them.

And this Court did not construe "high-pressure pneumatics testing equipment" to mean "pumps." Rather, citing the patent's specification and (by way of example) its dependent claim 6, the Court in its August 29 ruling precluded infringement by systems without at least one pump

6

within their housings, by employing that concept in construction of "high-pressure pneumatics testing equipment."

This Memorandum, again, does not reargue that law of the case. But PHC's bald assertion that the "Court has already reached determinations on the location of the pumps *numerous times*" (Rec. Doc. 332-1, p. 5) (emphasis added) cannot go unanswered. It is simply wrong, and it wrongly suggests that Total has been flouting the claim construction of the Court in service of a frivolous position.[7]

Not only does PHC misrepresent the law of the case prior to August 29, the instant Motion does so *repeatedly*: "As this Court has *repeated* [sic] held, *at least one pump* of the testing system must be in the explosion-proof housing" (Rec. Doc. 332-1, pp. 12-13) (emphasis added).

Strikingly, PHC's only citation to its second go-round at the above misstatement is to Rec. Doc. 327 – and nothing else. The Court had *not* so held – until August 29, one day after which PHC felt it appropriate to file the instant Motion.

In short, Total's allegations against PHC systems which located pumps (or other high-pressure pneumatics testing equipment) outside their housings, so long as they *also* did so inside those housing, never flouted this Court's orders. PHC's repeated (and unsupported by the record) accusations to that effect are, at best, troubling. They certainly do not support sanction (of Total, anyway).

---

[7] Notably, in the several pages of its Memorandum following that claim, PHC does not point to even a single instance of the Court so holding, nor to anything else in the record.

7

### B. Total's Contentions of Infringement by Systems With Pumps Outside Housings Have Consistently Been Objectively Reasonable and in Good Faith

Patent claims are part of a fully integrated written instrument consisting principally of a specification that concludes with the claims. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (C.A.F.C., 2005). For that reason, claims "must be read in view of the specification, of which they are a part." *Id*.

The terms of a claim "are generally given their ordinary and customary meaning." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (C.A.F.C., 1996). Furthermore, there is a heavy presumption that claim terms mean what they say, and unless otherwise compelled, the Court is required to give full effect to the ordinary meaning of those terms. *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 989 (C.A.F.C., 1999).

Prior to its recent ruling, as earlier discussed (and despite PHC's claims to the contrary), the Court had *not* instructed the parties that systems without at least one pump outside their housings could not infringe.

Therefore, and in the absence of *Markman* construction of "high-pressure pneumatics testing equipment located within said housing," the Court must ask whether "[r]easonable minds can differ as to claim construction positions," in light of the fact that "losing constructions can nevertheless be non-frivolous." *Raylon, LLC v. Compius Data Innovations, Inc.*, 700 F.3d 1361, 1368 (C.A.F.C., 2012). On the other hand, was Total's position "so unreasonable that no reasonable litigant could believe it would succeed"?[8]

It is respectfully submitted that, without rearguing the Court's August 29 ruling, there is no room for PHC to argue that reasonable litigants *could not possibly* read the '428 Patent as

---

[8] *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (C.A.F.C., 2011).

covering systems with high-pressure pneumatics testing equipment *both inside and outside* their housings.

In claiming a safety test system, independent claims 1 and 11of the '428 Patent recite that the system comprises, among other things, "high-pressure pneumatics testing equipment located within said housing." Pumps are not mentioned. PHC earlier and repeatedly argued that "high-pressure pneumatics testing equipment" simply meant "pumps." This construction has been explicitly rejected by the Court. Instead, the term means a plurality of devices, including but not limited to pumps.

Without revisiting the issue on its merits, Total's counsel respectfully suggest that, first, employing the limitations of claim 6 to limit the scope of other claims employing the same terms runs afoul of claim differentiation: the presumption that "separate claims do not have the same scope." *Karlin Tech. Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971-2 (C.A.F.C., 1999). This is particularly so when a limitation of a dependent claim, like claim 6, is read into the meaning of independent claims using the same term, like claim 1 (as well as its dependent claims). *Seachange Intern., Inc. v. C-COR, Inc.*, 413 F.3d 1361 (C.A.F.C., 2005).

Likewise, the Federal Circuit has "cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification," *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1328 (C.A.F.C., 2002). And even if the specification language cited by the Court in its construction indeed limits all of the claims, the Court's quoted language indicates that "a majority *if not all* associated *pumps*, plumbing, hoses, and bleed valves are to also be located entirely within chamber" (Rec. Doc. 327, p. 5) (emphasis added).

The specification itself has room for location of at least *some* high-pressure equipment *outside* the chamber. That equipment includes, but is not limited to, pumps.[9]

"Losing constructions" can indeed be non-frivolous. Total respectfully suggests that, while fully acknowledging the finality of this Court's ruling as to the Six Systems (and any others without at least one pump within their housings), Plaintiff's construction of infringing systems as those which located *some but not all* high-pressure testing equipment, *including but not limited to pumps*, was non-frivolous and asserted in good faith.

Likewise, Total respectfully suggests that PHC cannot responsibly allege that "no reasonable litigant could believe" Total's allegations could *ever* succeed. PHC does not allege Total has its facts wrong, but its law. The instant Motion is not about "pre-suit inquiry," or questions of fact – it is about reasonableness of claim interpretation, a question of law.

It is PHC's burden, then, to show that Total's "legal argument must have *absolutely no chance of success* under the existing precedent," *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (C.A.4, 2002) (emphasis added).

By any standard, it is respectfully suggested, PHC has failed to meet that burden. Responsible litigants can and do disagree; and disagreement alone is not sanctionable. The Motion should be denied.

---

[9] The Court's quotation of the specification also implies the invention will not perform its intended function with pumps outside the housing: a "barrier that will not only stop the fragments in case the high-pressure testing equipment happens to fail but will also include safety features to help minimize the exposure of operator(s) to the high-pressure testing equipment" (Rec. Doc. 327, p. 5). However, this reading presupposes that pump explosion is the most common failure mode the '428 Patent serves to mitigate. The claims never mention pumps at all; and the specification does not suggest that pumps are more likely to fail than any other of the "plurality" of high-pressure equipment to which that term refers.

Respectfully submitted

/s/ Ryan Goudelocke
Steven G. Durio – #05230
William W. Stagg – #01613
Ryan Goudelocke –  #30525
Tyler Rush – #38069
Durio, McGoffin, Stagg & Ackermann
220 Heymann Boulevard
Lafayette, Louisiana 70503
337-233-0300 – Telephone
337-233-0694 – Fax
*Attorneys for Plaintiff Total Rebuild, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** has been electronically filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 6th day of September, 2019.

/s/ Ryan Goudelocke
Ryan Goudelocke