**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

**TOTAL REBUILD, INC.**                    **CASE NO. 6:15-CV-1855**

**VERSUS**                            **JUDGE TERRY A. DOUGHTY**

**PHC FLUID POWER, L.L.C.**            **MAG. JUDGE CAROL B. WHITEHURST**

**<u>RULING</u>**

This is a patent infringement case in which Plaintiff Total Rebuild ("Plaintiff") contends systems and/or methods utilized by or through Defendant PHC ("Defendant") infringe claims of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Pending before the Court is Defendant's "Motion *in Limine* regarding Accused Systems Not Identified in Infringement Contentions" [Doc. No. 296]. Plaintiff responded to the motion. [Doc. No. 331].

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I.    PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant moves the Court to enforce the Patent Rules for the Eastern District of Texas ("Patent Rules") in this case. Defendant argues that the Joint Scheduling Order set a due date of August 8, 2016, for Plaintiff to comply with Patent Rule 3-1. [Doc. No. 296-1 at 5] (citing Doc. No. 50 at 1).[1] Patent Rule 3-1 requires Plaintiff to serve infringement contentions that identify the "Accused Instrumentality," and includes "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." [Doc. No. 51-1 at 6-7].

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

On August 23, 2016, Plaintiff served its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Original Infringement Contentions") on Defendant. [Doc. No. 296-1 at 5).  Defendant argues that the Original Infringement Contentions include only generic names without any reference to any specific device or process as required by Patent Rule 3-1(b). *Id.* at 6.  On January 23, 2017, Plaintiff served its Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions ("First Supplemental Contentions") on Defendant. *Id.* Defendant contends that the First Supplemental Contentions include the identical Patent Rule 3-1(b) disclosure found in the Original Infringement Contentions. *Id.*  Defendant further contends that Plaintiff's counsel "spent over 20 hours at PHC's Houston, Texas facility reviewing, inspecting, and scanning design documents, drawings, and other related documents for pressure testing systems sold by PHC," on June 7-9, 2017. *Id.* at 7.

On August 27, 2018, over a year after the on-site review, Plaintiff served its Second Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Second Supplemental Contentions") on Defendant. *Id.* at 8.  Defendant argues that the Second Supplemental Contentions include only generic names without any reference to any specific device or process as required by Patent Rule 3-1(b). *Id.* at 9.  On November 30, 2018, Plaintiff's counsel sent the following email to Defendant regarding infringement contentions for specific units. *Id.* at 10.

Sam,

I'm still working on it. May not be done tonight though. The chart is taking too long. I'm going to be working on it over the weekend to get to you as soon as I can. But, in the meantime, I can at least identify the specific units we allege are infringing:

PHC-TB-15-W-ATV4-GSF100-ASF150-AGT62-152-RC sold to Baker Hughes Emmott Rd., PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 sold to Baker Hughes in Oklahoma, PHC-TB-23-W-ATV4-HSF202-RV-RC to Cameron Drilling and Production Houston, PHC-TB-15-W-ASFB22-HSF202-RC and PHC-TB-30-W-ASF100-HSF302-RC sold to Cameron Tanner Rd., PHC-TB-20-W-ATV4-HSF202-RC sold to GE in Canton Ohio, PHC-TB-23-W-ATV4-HSF202-4RC sold to GE in Sugarland Texas, and PHC's Systems sold from PHC's Broussard, LA business location evidenced in PHC's production bates numbered PHC0003114-PHC0003130.

Thank you,

Chase Manuel

[Doc. No. 296-2 at 2].  On December 6, 2018, Plaintiff's counsel sent the following email stating that its Third Supplemental Infringement Contentions would be "accurate and sufficiently detailed regarding each unit."

Sam,

We are coordinating with our expert to ensure that the supplement is accurate and sufficiently detailed regarding each unit. But it is taking some time to complete. It is to all our benefit to make sure they are as complete as possible. We believe it will be done by Monday. We derive no benefit from waiting as PHC's supplemental non-infringement contentions will be similarly postponed, but these contentions need to be done right.

In the meantime, we have previously provided you with a list of the units we are alleging infringe the '428 Patent so that you are not kept in the dark as to what units our contentions will be directed.

Sincerely,

Chase

[Doc. No. 296-3 at 2].  On December 10, 2018, over three and a half years after this case began, Plaintiff served its Third Supplemental Infringement Contentions on Defendant. [Doc. No. 296-1 at 11).   On February 28, 2019, Defendant moved to strike Plaintiff's Third Supplemental Infringement Contentions ("Motion to Strike"). [Dkt. No. 243].  Defendant argued in the Motion to Strike that Plaintiff was attempting to vastly expand its infringement theories, and that the Third Infringement Contentions were untimely because they were served over 2 years after the deadline, and after fact discovery had closed. *Id.* at 1.

On March 28, 2019, the Court granted the Motion to Strike and found that Plaintiff was improperly trying to expand its infringement contention by taking the new position that "using pumps or pump systems *outside* an explosion-safety housing can infringe its patent." [Doc. No. 263 at 2] (emphasis in original).  The Court noted that Plaintiff "does not dispute that its latest contentions 'vastly expand' its claims or that it failed to serve the contentions until December 2018." *Id.*  Instead, Plaintiff argued that its supplementation was timely because the Court has not adopted the proposed scheduling order (Doc. No. 162-1) and local rules allow it to amend its contentions as late as 30 days after a claim-construction ruling. *Id.*

The Court found that "[b]ecause the Court has not made a claim-construction ruling, Local Patent Rule 3-6(a) does not apply." *Id.* at 3.  The Court further found that the factors courts consider when evaluating motions to strike all weighed in favor of striking the contentions. *Id.* at 4-5.  The Court then granted Defendant's Motion to Strike Infringement Contentions (Doc. 243), and further ordered that Plaintiff "is PRECLUDED from proceeding on any infringement theory not identified with sufficient specificity in its original infringement contentions, first supplemental infringement contentions, or second supplemental infringement contentions. A boilerplate allegation of infringement under a doctrine-of-equivalents theory is insufficient." *Id.* at 6.

On April 1, 2019, Plaintiff's counsel stated in an email that it was asserting infringement by "one additional system attached as a pdf to this email," which is identified in the email as "PHC-TB-15-W-ASFB10-ASF150-RV-CR-SPCL" to Wells Dynamics. [Doc. No. 296-1 at 12]. Per the April 1, 2019 email, the eight systems Plaintiff identified as infringing are as follows:

    1.  PHC-TB-30-W-ASF100-HSF302-RC to Cameron (hereinafter "Cameron Black")

    2.  PHC-TB-23-W-ATV4-HSF202-RV-RC to Cameron (hereinafter "Cameron North Dakota");

3. PHC-TB-15-W-ASFB10-ASF150-RC-CR-SPCL to Well Dynamics (hereinafter "Well Dynamics");

4. PHC-TB-23-W-ATV4-HSF202-4RC to GE (hereinafter "GE Oil");

5. PHC-TB-15-W-ATV4-GSF100-ASF150-AGT62-152-RC to Baker Hughes (hereinafter "Baker Hughes Emmott");

6. PHC-TB-15-W-ASFB22-HSF202-RC to Cameron (hereinafter "Cameron Brown");

7. PHC-TB-20-W-ATV4-HSF202-RC to GE (hereinafter "GE Canton"); and

8. PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes (hereinafter "Baker Ok Long").

*Id.* at 12.  On July 19, 2019, Plaintiff served its proposed pretrial order on Defendant. *Id.* (citing Doc. No. 290-2).  Defendant argues that in its proposed pretrial order, Plaintiff attempts to include place holders that do not identify specific systems. [Doc. No. 296-1 at 12].  Defendant also argues that Plaintiff identifies two more systems of infringement. *Id.*  The systems or categories of systems that Plaintiff accuses of infringement in its draft pretrial order are as follows:

1. "PHC products and services identified as PHC Bunker Test Systems, also identified as 'Test Bench', 'Test Bunker', 'High/Low Pump System', and denoted with the model no. prefix 'PHC-TB…'";

2. "PHC's products and services identified as Remote Control, Multiple Outlet Test System, also identified as 'High/Low Pump Skid' and denoted with the model no. prefix 'PHC-PS…'";

3. Cameron North Dakota (PHC-TB-23-W-ATV4-HSF202-RV-RC to Cameron a/k/a PHC-PS-23-W-ATV4-HSF202-RV-RC);

4. Cameron Black (PHC-TB-30-W-ASF100-HSF302-RC to Cameron);

5. GE Oil (PHC-TB-23-W-ATV4-HSF202-4RC to GE a/k/a PHC-PS-23-W-ATV4-HSF202-RC);

6. Cameron Brown (PHC-TB-15-W-ASFB22-HSF202-RC to Cameron);

7. Baker Hughes Emmott (PHC-TB-15-W-ATV4-GSF100-AGT62-152-RC to Baker Hughes);

8. Baker Ok Long (PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes Oklahoma);

9. PHC-TB-10-W-ATV-GSF100-DL-1 to Baker Hughes Oklahoma (hereinafter "Baker Ok Short");

10. GE Canton (PHC-TB-20-W-ATV4-HSF202-RC to GE); and

11. "an additional infringing system at the Cameron North Dakota facility."

[Doc. No. 290-2 at 5-7].  Defendant argues that the Court should "exclude and preclude Plaintiff from asserting infringement by the systems and categories of systems identified at 1-4 and 11 above because (1) none of the systems were identified in an infringement contention 'by name and model number,' as required by Patent Rules 3-1(b); (2) claim charts are not provided for any system identifying 'specifically where each element of each asserted claim is found within each [accused system],' as required by Patent Rule 3-1(c); and (3) Total's assertion of the systems is already precluded by the Ruling and Order because infringement theories for each system are not identified with 'sufficient specificity' in the Original, First Supplemental, or Second Supplemental Infringement Contentions." [Doc. No. 296-1 at 13-14].[2]

Plaintiff responds that Defendant does not point to evidence demonstrating lack of "adequate notice and information" by which Plaintiff might "practice litigation by ambush." [Doc. No. 331 at 2] (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex., 2007)).  Plaintiff argues that there is no credible assertion that Defendant lacks the actual knowledge, which is the overriding purpose of the procedural rule it seeks enforced. *Id.*

---

[2] In its motion, Defendant includes a footnote stating that "[t]he systems identified in #5-10 above have their pump and pumps systems outside of the explosion proof housing. The Court has already ruled Total may not assert infringement by systems with pumps and pumps systems outside of the explosion proof housing because Total did not timely disclose that theory of infringement. Ruling and Order at 2, 6 (Dkt. 263). PHC has filed a separate motion in limine to exclude those systems." [Doc. No. 296-1 at 14 n.5]

## II.     ANALYSIS

Patent Rule 3-1 requires Plaintiff to serve infringement contention on Defendant that include the following information:

> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if know, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process:

> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s) or material(s) in the Accused Instrumentality that performs the claimed function.

[Doc. No. 51-1 at 6-7].  "The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-cv-02463-WHO, 2017 U.S. Dist. LEXIS 3626, at *8 (N.D. Cal. Jan. 9, 2017) (citation omitted).  Here, Defendant does not contend that Plaintiff has failed to identify specific systems.  Indeed, the evidence before the Court indicates that Plaintiff has identified specific systems, whether it be through emails or infringement contentions.  "[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Id.* (citation omitted).  Moreover, "the local rules do not 'require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case.'" *Id.* (citation omitted).

However, the Local Rules do require identifying the Accused Instrumentality "as specific as possible."  The evidence indicates that Plaintiff had the opportunity to conduct an on-site review and was able to identify specific systems.  Indeed, Plaintiff's counsel was able to identify seven

specific systems in the November 30, 2018 email, and Plaintiff's counsel further confirmed these units as the Accused Instrumentality "so that [Defendant's counsel] are not kept in the dark as to what units our contentions will be directed." [Doc. Nos. 296-2 and 296-3].  Thus, Plaintiff has provided Defendant with adequate notice as it relates to specific units previously identified by Plaintiff.

That said, the evidence before the Court also indicates that Plaintiff is attempting to insert place holders to allow it to accuse previously unidentified systems.  The Court finds that this is "litigation by ambush." *Comp. Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex. 2007).  To the extent that a system was not specifically identified by Plaintiff, Plaintiff is precluded and excluded from accusing a newly identified system under the guise that it includes the prefix "PHC-TB" or "PHC-PS", or that it was "an additional infringing system at the Cameron North Dakota facility." *See, e.g.,* Doc. No. 260-2 at 5-6, 7.  This case has labored on for more than four years.  The undersigned is the third district court judge assigned to this case.  There has been multiple Scheduling Orders, and the trial date was continued multiple times, at the request of both Defendant and Plaintiff.[3]  The parties have had more than ample to prepare the case for trial.  Any prejudice that results is due that parties' lack of diligence or attempt at last minute gamesmanship.[4]

---

[3] For a detailed summary of the procedural history of this case see the Court's Ruling on Defendant's Motion to Exclude the Royston Report and Preclude the Testimony of John W. Royston. [Doc. No. 359 1-4].

[4] In deciding this motion, the Court has considered the following non-exclusive list of factors:
> 1. The danger of unfair prejudice;
> 2. The length of the delay and its potential impact on judicial proceedings;
> 3. The reason for the delay, including whether it was within the reasonable control of the party responsible for the delay;
> 4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and
> 5. Whether the offending party was diligent in seeking an extension of time, or in

In summary, to the extent that Plaintiff previously identified a specific system, the motion is denied.  Specifically, Plaintiff is not precluded or excluded form accusing the following systems:

1. Cameron Black (PHC-TB-30-W-ASF100-HSF302-RC to Cameron);

2. Cameron North Dakota (PHC-TB-23-W-ATV4-HSF202-RV-RC to Cameron a/k/a PHC-PS-23-W-ATV4-HSF202-RV-RC);

3. Well Dynamics (PHC-TB-15-W-ASFB10-ASF150-RC-CR-SPCL);

4. GE Oil (PHC-TB-23-W-ATV4-HSF202-4RC to GE a/k/a PHC-PS-23-W-ATV4-HSF202-RC);

5. Baker Hughes Emmott (PHC-TB-15-W-ATV4-GSF100-AGT62-152-RC to Baker Hughes);

6. Cameron Brown (PHC-TB-15-W-ASFB22-HSF202-RC to Cameron);

7. GE Canton (PHC-TB-20-W-ATV4-HSF202-RC to GE);

8. Baker Ok Long (PHC-TB-15-W-ATV4-GSF100-ASF150-DL-1 to Baker Hughes Oklahoma); and

9. Baker Ok Short (PHC-TB-10-W-ATV-GSF100-DL-1 to Baker Hughes Oklahoma).

To be clear, inclusion of a system on this list does not mean that Plaintiff is now allowed to assert new infringement theories that were previously struck by the Court.  In other words, this Ruling and Order does not supersede or revoke the Court's previous Rulings and Orders regarding Plaintiff's Third Infringement Contentions, and Systems with Testing Equipment Outside of the Housing. *See, e.g.,* Doc. Nos. 263, 282, 283, 327, 328.[5]

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* [Doc. No. 296] is DENIED IN

---

supplementing contentions, after an alleged need to disclose the new matter became apparent.

*See, e.g., Betzel v. State Farm Lloyds*, 480 F.3d 704, 2007 WL 603036, *2 (5th Cir. 2006)(listing factors to consider for exclusion of evidence)

[5] It is the Court's understanding that the parties agree on which systems on the list have been previously excluded by the Court. *See, e.g.*, Doc. No. 296-1 at 14 n.5, Doc. No. 331 at 1 n.1.

PART and GRANTED IN PART.

Monroe, Louisiana, this 9th day of September, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE