**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **TOTAL REBUILD, INC.,** | ) |
|    Plaintiff/Counter-Defendant, | ) No. 6:15-cv-01855-TAD-CBW |
| | ) |
| vs. | ) JUDGE TERRY A. DOUGHTY |
| | ) |
| **PHC FLUID POWER, L.L.C.,** | ) MAGISTRATE JUDGE WHITEHURST |
| | ) |
|    Defendant/Counter-Claimant. | ) JURY TRIAL DEMANDED |
| | ) |

## MOTION TO SET HEARING ON DEFENDANT'S RULE 11 MOTION

**Now into Court**, through undersigned counsel, comes Plaintiff, **Total Rebuild, Inc.** ("Total"), and respectfully requests this Court set a hearing date on that "Motion For Rule 11 Sanctions and Other Relief" (Rec. Doc. 332) filed by Defendant, **PHC Fluid Power, L.L.C**. ("PHC").

1.

Soon after PHC's filing, its motion was set for hearing (Rec. Doc. 337) for September 12, 2019 at 9 a.m. – immediately prior to the commencement of the Court's bench-trial portion of this matter. PHC's motion itself prayed for hearing (Rec. Doc. 332, p. 3) in the form of a rule to show cause against counsel for Total.

2.

Prior to that date, however, the uninvolved party named in PHC's Rule 11 motion, **Brazee & Edwards Law Firm** ("Intervenor"), on September 7, 2019 sought intervention (Rec. Doc. 369) and counter-moved for sanctions against PHC (Rec. Doc. 369-2). By order of

1

September 9 (Rec. Doc. 379), Intervenor was granted leave and its counter-motion (Rec. Doc. 369) entered of record. The Court set briefing deadlines for Intervenor and for PHC, and continued the September 12 hearing on PHC's Rule 11 motion without date.

3.

On September 16, 2019, PHC and Intervenor filed (Rec. Doc. 393) a "Joint Motion to Partially Withdraw" each's cross-motion for sanctions against the other. That joint motion was granted (Rec. Doc. 395) on September 17, 2019.

4.

Total planned, at hearing on PHC's Rule 11 motion as originally set for September 12, presentation of expert testimony in the person of Blaine Lafleur, P.E. Mr. LaFleur's intended testimony concerned his opinions about PHC devices including (any) high-pressure pneumatics testing equipment within explosion-proof safety housings, and his discussions with Total's counsel concerning such devices. Mr. LaFleur's testimony is anticipated to corroborate Total's previously-briefed opposition (Rec. Doc. 368) to PHC's Rule 11 motion by supporting Plaintiff's good-faith rationale for maintaining its litigation position that devices including high-pressure pneumatics testing equipment inside explosion-proof safety housings read on at least some claims of the patent in suit.

5.

Absent the opportunity to present Mr. LaFleur's testimony at hearing, as originally prayed for by PHC and as planned by Total in response to the Court's order setting hearing for September 12, Total will be denied the opportunity to introduce highly corroborative evidence demonstrating the impropriety of sanction.

**Wherefore** Plaintiff, **Total Rebuild, Inc.**, prays the Court set hearing on Defendant's, **PHC Fluid Power, L.L.C**.'s, "Motion for Rule 11 Sanctions and Other Relief."

        Respectfully submitted

        /s/ Tyler Rush
        Steven G. Durio – #05230
        William W. Stagg – #01613
        Ryan Goudelocke #30525
        Tyler Rush - #38069
        Durio, McGoffin, Stagg & Ackermann
        220 Heymann Boulevard
        Lafayette, Louisiana 70503
        337-233-0300 – Telephone
        337-233-0694 – Fax
        *Attorneys for Plaintiff Total Rebuild, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO SET HEARING ON DEFENDANT'S RULE 11 MOTION** has been electronically filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 17TH day of September 2019.

        /s/ Tyler Rush
        TYLER RUSH