# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.,** | ) |
|    Plaintiff/Counter-Defendant, | ) No. 6:15-cv-01855-TAD-CBW |
| | ) |
| vs. | ) JUDGE TERRY A. DOUGHTY |
| | ) |
| **PHC FLUID POWER, L.L.C.,** | ) MAGISTRATE JUDGE WHITEHURST |
| | ) |
|    Defendant/Counter-Claimant. | ) JURY TRIAL DEMANDED |
| | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION TO SET HEARING ON DEFENDANT'S RULE 11 MOTION

**May it Please the Court**:

Plaintiff, **Total Rebuild, Inc.** ("Total"), submits the following Memorandum in Support of its Motion to Set Hearing on Defendant's Rule 11 Motion.

On August 30, 2019, Defendant, **PHC Fluid Power, L.L.C.** ("PHC"), filed a "Motion for Rule 11 Sanctions and Other Relief "(Rec. Doc. 332). At the request of PHC (Rec. Doc. 332 pp. 3), a hearing on the Motion was set for September 12, 2019, at 9:00 a.m. (Rec. Doc. 337).

As a result of a Motion to Intervene and for Rule 11 Sanctions and Other Relief (Rec. Doc. 369) filed by Chase A. Manuel, personally, and Brazee & Edwards Law Firm, LLC, d/b/a Brazee, Edwards, and Durio, the September 12 hearing was continued without date (Rec. Doc. 379).

On September 16, 2019, PHC and Brazee & Edwards Law Firm, LLC filed a Joint Motion to Partially Withdraw Motions for Sanctions (Rec. Doc. 393), which was granted on September 17, 2019 (Rec. Doc. 395).

1

Total at hearing plans to call engineer Blaine LaFleur in conjunction with its previously-filed opposition (Rec. Doc. 368) to PHC's Rule 11 motion. Mr. LaFleur participated in the case during those periods when Total maintained, in the face of PHC's threats to the contrary, infringement contentions against PHC devices locating at least some high-pressure pneumatic testing equipment inside their explosion-proof safety housings. Mr. LaFleur personally inspected at least one of PHC's systems accused of infringement and, in connection with that inspection, is well-acquainted with the specification, including the claims, of the patent in suit.

Mr. LaFleur's testimony is anticipated to corroborate those arguments of Total made in opposition to PHC's Rule 11 motion: namely, that Total's maintenance of infringement contentions against systems with high-pressure pneumatics testing equipment within their housing was not only in good faith, but was founded upon the reasonable understanding of persons of ordinary skill in the art at times material.

Demand for imposition of sanctions under Rule 11 "requires notice and an opportunity to be heard," *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (C.A.5, 1994). Although Rule 11 "does not require an elaborate or formal hearing," *id.*, the "other relief" PHC seeks includes penalties with heightened due-process requirements: "[n]otice and a hearing should precede imposition of a sanction under [28 U.S.C.] § 1927," *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 638 (C.A.9, 1987).

PHC argues not only that Rule 11 applies but also that unspecified conduct of Total's counsel was "unreasonable" and "vexatious" under Sec. 1927 (Rec. Doc. 332-1).[1] As PHC itself prayed in its Rule 11 motion, a hearing is necessary to adjudicate its allegations.

---

[1] PHC has not briefed in support of its Rule 11 motion any specific filings, briefing, or other conduct – other than maintenance of infringement contentions it alleges violated Rule 11 – which would have been unnecessary in the absence of "unreasonable" or "vexatious" conduct under Sec. 1927. The latter statute requires "specific notice of the conduct alleged to be sanctionable," *Animal Welfare Institute v. Feld Entertainment, Inc.*, 944 F.Supp.2d 1, 19

Absent hearing, Total will be deprived of the opportunity to introduce into the record corroborative evidence of its good faith in opposition to sanction both under Rule 11 and Sec. 1927.

Therefore, Total joins in PHC's request for hearing on the latter's Rule 11 motion and respectfully suggests that order issue setting that motion for hearing at the Court's convenience.

Respectfully submitted,

/s/ Tyler Rush
Steven G. Durio – #05230
William W. Stagg – #01613
Ryan Goudelocke #30525
Tyler Rush - #38069
Durio, McGoffin, Stagg & Ackermann
220 Heymann Boulevard
Lafayette, Louisiana 70503
337-233-0300 – Telephone
337-233-0694 – Fax
*Attorneys for Total Rebuild, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Memorandum in Support of Motion to Set Hearing on Defendant's Rule 11 Motion** has been electronically filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 17 day of September 2019.


/s/ Tyler Rush
TYLER RUSH

---

(D.D.C., 2013). Request for Sec. 1927 sanctions requires identification of "specific instances of misconduct" and "costs or expenses... incurred as a result." *Cobell v. Norton*, 319 F.Supp.2d 36, 40 (D.D.C., 2004). Such "failure is fatal" to the party moving under Sec. 1927. *Id.*

3