**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **TOTAL REBUILD, INC.** | ) | |
| | ) | |
| **Plaintiff/Counterclaim-Defendant,** | ) | **Case No. 6:15-cv-01855-TAD-CBW** |
| | ) | |
| **v.** | ) | **JUDGE TERRY A. DOUGHTY** |
| | ) | |
| **PHC FLUID POWER, L.L.C.,** | ) | **MAGISTRATE JUDGE WHITEHURST** |
| | ) | |
| **Defendant/Counterclaim-Plaintiff.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

---

**MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS UNDER 28 U.S.C. § 1927**

Defendant/Counterclaim Plaintiff PHC Fluid Power, L.L.C.'s ("PHC") respectfully moves for the Court for entry of an award of attorneys' fees, expenses, and costs under 28 U.S.C. § 1927 and the inherent power of the Court against, jointly and severally, Durio, McGoffin, Stagg, Ackerman, PC and attorneys Chase A. Manuel, Steven G. Durio, William W. Stagg, and Ryan Goudelocke (collectively, "Total's Counsel").

As is amply shown in the Memorandum in Support of PHC's Motion for Attorney Fees, Expenses, and Costs under 35 U.S.C. § 285, and the supporting memorandum for this Motion, Total's Counsel unreasonably, needlessly, and vexatiously asserted a facially deficient case that they knew or certainly should have known from the outset was factually and legally unsupportable. Significantly, Total's counsel cannot claim ignorance of the law and that the on-sale bar and inequitable conduct were affirmative defenses that could not reasonably be expected to overcome. Total's Counsel was made up of no less than *three registered patent attorneys* who were required to understand what constitutes prior art and the obligations to owed to the patent offer in order to pass the Patent Bar to become registered patent attorneys. They simply ignored their duty and even when it was obvious to

everyone involved (as was clear from Judge Jackson's finding that the only defense to the counterclaim was "implausible"), they continued with a case that was meritless.

From their demands of 25% of gross revenues as a royalty (a position expressly rejected by the Federal Circuit), to their participation in Mr. Lavergne's attempts to hide documents and Mr. Polk in discovery, to their pushing positions that could not have been in good faith (e.g. systems with no pump in the bunker), to filing an exhibit list with directly excluded documents after an order warning of contempt for introducing such documents at trial, to attempting to introduce an witness and documents that were not disclosed prior to trial, Total's Counsel have engaged in and supported litigation misconduct. The Court already granted a motion to compel and warned Total's Counsel in numerous orders regarding making false accusations of discovery misconduct, failing to comply with an order to compel, and introducing evidence that was excluded.

Total's Counsel also cannot claim lack of notice. As described in detail in in the Memorandum in Support of PHC's Motion for Attorney Fees, Expenses, and Costs under 35 U.S.C. § 285, as early as September 2015 and throughout the case, PHC and its counsel provided written notices of the deficiencies and discovery wrongdoing in the case. As early as January 2016, Total's counsel had notice and copies of screen captures that were part of the bases for the Court's finding of inequitable conduct. Yet for the next three years, Total's Counsel pushed the case forward without concern for the consequences of their actions.

Section 1927 sanctions are the consequences for Total's Counsel's actions. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "All that is required to support § 1927 sanctions is a determination, supported by the record, that an attorney multiplied proceedings in a case in an unreasonable manner." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002) (citing *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991); *see also Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292

(5th Cir. 1983), *on reconsideration*, 722 F.2d 209 (5th Cir. 1984) (noting that conducting litigation in an "irresponsible *manner*" that multiplies needless proceedings serves as a basis for an award of sanctions) (emphasis in original)).

Total's Counsel lacked reason to initiate its infringement litigation and wrongfully persisted in its prosecution through discovery, pre-trial motions, and trial. PHC repeatedly warned Total's Counsel, since the initiation of this action and throughout its proceedings, that its litigation was frivolous. Despite those warnings, Total's Counsel proceeded undeterred and in a manner that caused PHC to incur additional and unnecessary attorneys' fees and expenses. Total's Counsel consistently litigated this case in bad faith and in reckless disregard of its duty owed to this Court. An award under § 1927 is not only proper but necessary to deter such conduct by these attorneys in the future.

In support of this Motion, PHC submits the accompanying memorandum and incorporates by reference the Motion and Memorandum in Support of PHC's Motion for Attorney Fees, Expenses, and Costs under 35 U.S.C. § 285, and the following documents filed therewith:

1.      The Declaration of Nicholas R. Valenti as Motion Ex. 1;

2.      The Declaration of Samuel F. Miller as Motion Ex. 2;

3.      The 2017.03.21 Settlement Agreement as Motion Ex. 3;

4.      A 2017.08.10 email with a Draft Motion for Fees as Motion Ex. 4;

5.      The Affidavit of Paul Herbert as Motion Ex. 5;

6.      Invoices and billing records from the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and Miller Legal Partners PLLC as Motion Ex. 6;

7.      A 2019.09.06 Email as Motion Ex. 7;

8.      A 2019.09.09 Email as Motion Ex. 8;

9.      A 2019.09.11 Email as Motion Ex. 9;

10.     The affidavit of Cliff LaCour and invoices and billing records from Neuner Pate as Motion Ex. 10;

11.     A summary of fees and expenses incurred by PHC in this litigation (broken down by firm, invoice number (attached as previous exhibits), attorney/paralegal fees, and expenses) as Motion Ex. 11;

12.     The AIPLA 2019 Report of the Economic Survey at Motion Ex. 12; and

13.     H.15 Selected Interest Rates according to the Federal Reserve as Motion Ex. 13.

Where, PHC respectfully requests that the Court hold Durio, McGoffin, Stagg, Ackerman, PC and attorneys Chase A. Manuel, Steven G. Durio, William W. Stagg, and Ryan Goudelocke jointly and severally liable for an award in favor of PHC in the amount of $1,309,510.02 plus post-judgment interest.


Dated: September 18, 2019


Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Sara R. Ellis, TN Bar No. 30760
Hayley H Baker, TN Bar No. 37439
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9011
Email: smiller@millerlegalpartners.com
        nvalenti@millerlegalpartners.com
        sellis@millerlegalpartners.com
        hbaker@millerlegalpartners.com


NEUNERPATE

/s/ Cliff A. LaCour
Brandon W. Letulier - #28657
Cliff A. LaCour - #30581

One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Tel: (337) 237-7000
Fax: (337) 233-9450
Email: bletulier@neunerpate.com
       clacour@neunerpate.com

*Attorneys for PHC Fluid Power, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of September 2019, a copy of the foregoing was

served on counsel of record listed below via the Court's ECF system:

William W. Stagg
Steven G. Durio
Tyler Rush
Ryan Goudelocke
Durio, McGoffin, Stagg & Ackermann, PC
220 Heymann Boulevard
Post Office Box 51308
Lafayette, LA 70505-1308
Bill@dmsfirm.com
Buzz@dmsfirm.com
Tyler@dmsfirm.com
Ryan@dmsfirm.com

Brandon W. Letulier
Cliff A. LaCour
NeunerPate
One Petroleum Center, Suite 200
1001 W. Pinhook Road
Lafayette, LA 70503
bletulier@neunerpate.com
clacour@neunerpate.com

Chase A. Manuel
Brazee, Edwards, & Durio
2901 Johnston Street, Suite 206
Lafayette, Louisiana 70503
Telephone:  (337) 237-0492
Facsimile:   (337) 232-7758
chasemanuel@brazeelawfirm.com

        /s/ Samuel F. Miller