# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TOTAL REBUILD, INC.** | **CASE NO. 6:15-CV-1855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PHC FLUID POWER, L.L.C.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

Pending before the Court is a Stipulation of Dismissal [Doc. No. 445] filed by Plaintiff Total Rebuild, Inc., ("Total Rebuild") and Defendant PHC Fluid Power, LLC ("PHC"). Although it is styled a "Stipulation of Dismissal," the Court construes this filing as a motion for vacatur. Respondents Durio, McGoffin, Stagg, Ackermann, PC, Chase A. Manuel, Steven G. Durio, William W. Stagg, and Ryan Goudelocke (collectively "Respondents") have filed an objection [Doc. No. 446]. PHC has filed a reply to Respondents' objection [Doc. No. 447]. Total Rebuild has filed an opposition to Respondents' objection [Doc. No. 448]. Respondents have filed a reply to PHC's reply and to Total Rebuild's objection [Doc. No. 449].

## I.   FACTS AND PROCEDURAL BACKGROUND

This is a patent infringement case in which Total Rebuild contends systems and/or methods utilized by or through PHC infringe claims of United States Patent No. 8,146,428 ("the '428 Patent"). The '428 Patent is directed to systems and methods for safely testing devices and components under high-pressure.

Following a bench trial on inequitable conduct, the Court issued an Opinion finding that the '428 Patent is unenforceable due to inequitable conduct, because the inventor, Mr. Terry Lavergne ("Lavergne"), withheld material information of prior sales form the United States Patent and Trademark Office ("USPTO") with the specific intent to deceive the USPTO into granting the

patent. [Doc. Nos. 388, 427]. Accordingly, on October 15, 2019, the Court rendered Judgment in favor of PHC and against Total Rebuild dismissing all claims of Total Rebuild against PHC with prejudice. [Doc. No. 428].

On November 8, 2019, the Court issued a Ruling and Order [Doc. Nos. 440, 441], which (1) denied PHC's Motion for Rule 11 Sanctions and Other Relief against Total Rebuild and its counsel, the Respondents [Doc. No. 332]; (2) denied PHC's Motion for Attorney Fees, Expenses, and Costs under 35 U.S.C. § 285 against Total Rebuild and Lavergne [Doc. No. 399]; and (3) denied PHC's Motion for Attorney Fees, Expenses, and Costs under 28 U.S.C. § 1927 against Respondents [Doc. No. 401].

On November 13, 2019, Total Rebuild filed a Notice of Appeal to the United States Court of Appeal for the Fifth Circuit [Doc. No. 443] appealing numerous pre-trial Rulings as well as the ultimate Rulings and Judgment [Doc. Nos. 388, 427, and 428].

On December 5, 2019, Total Rebuild and PHC filed the pending motion for vacatur [Doc. No. 445], in which they request that the Court vacate its inequitable conduct rulings in this case [Doc. Nos. 388, 427 and 428] and further request that the Court vacate its ruling and order denying PHC's motions for sanctions, attorney fees, expenses, and costs [Doc. Nos. 440, 441], all based on their settlement.

On December 6, 2019, Respondents filed an opposition [Doc. No. 446] in which they object solely to vacatur of the Court's ruling and order denying PHC's motions for sanctions, attorney fees, expenses, and costs against Respondents [Doc. Nos. 440, 441].

## II. LAW AND ANALYSIS

### A. Jurisdiction

First, the Court notes that, once an appeal is noticed, it does not have jurisdiction to dismiss a case pursuant to a stipulation. Generally, once an appeal is noticed, the district court is divested

of jurisdiction and the matter is transferred immediately to the appellate court. *Farmhand v. Anel Engineering Industries, Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982); *Mazurek v. United States*, 2001 WL 616668 (E.D. La. April 20, 2001).

In *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982), the United States Supreme Court set forth the principle that the filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Id.* at 58; *see also Gundacker v. Unisys Corp.,* 151 F.3d 842, 848 (8th Cir. 1998) ("Generally, a notice of appeal divests the district court of jurisdiction.")

Under the jurisdictional transfer principle, once an effective and timely notice of appeal has been filed under Federal Rule of Appellate Procedure 3, the federal district court cannot take any action that would "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.,* 906 F.2d 1059, 1063 (5th Cir. 1990); *see State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir. 1999) ("while an appeal is pending, the district court may not reexamine or supplement the order being appealed") (citing 20 MOORE'S FEDERAL PRACTICE § 303.32[2][a][ii] & n. 15); Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal has Been Filed,* 143 F.R.D. 307, 308 (1992) (listing the following actions as acts that would impermissibly alter the status of the case in violation of the jurisdictional transfer principle: "grant leave to amend a complaint, grant a motion for summary judgment, reconsider a prior disposition of a motion*, dismiss a case pursuant to a stipulation of settlement,* enjoin a state court action, materially amend an opinion or order, [and] vacate a dismissal") (emphasis added).

Therefore, to the extent Total Rebuild and PHC are moving for dismissal, this Court has no jurisdiction to grant the motion.

## B. Vacatur

Assuming *arguendo* that this Court had jurisdiction to do so, it nevertheless declines to vacate its rulings at Doc. Nos. 388, 427, 428, 440, and 441.

Respondents object to vacatur of the rulings set forth in Doc. Nos. 440 and 441, rulings in their favor denying PHC's requests for sanctions. PHC argues that Respondents have no standing to object to the proposed stipulation because of a settlement. Total Rebuild argues that Respondents have no standing to object to the proposed stipulation because they were not a party to the lawsuit.

However, Respondents were not a party to that settlement agreement, nor did they participate in settlement negotiations. Furthermore, although Respondents were not initially parties to the lawsuit, they were made parties when the motions for sanctions were filed. Respondents were required to make appearances (and hire attorneys to do so on their behalves), file responsive pleadings on their own behalves, and even had standing to personally appeal any ruling on the sanctions.

Therefore, a stipulation seeking to vacate a ruling in Respondents' favor requires their consent. Accordingly, for these reasons, and for the additional reasons set forth below, the Court declines to vacate the rulings set forth in Doc. Nos. 440 and 441.

Respondents do not object to vacatur of the rulings set forth in Doc. Nos. 388, 427, and 428. Nevertheless, the Court declines to vacate those rulings, and additionally declines to vacate the rulings set forth in Doc. Nos. 440 and 441, for the following reasons.

Total Rebuild and PHC base their motion for vacatur on their allegation of a settlement. However, mootness by reason of settlement does not justify vacatur of a judgment under review. *Farenco Shipping Co., Ltd. v. Farenco Shipping PTE, Ltd.*, 516 Fed. App'x. 304 (5th Cir. 2013);

4

(citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 19 (1994)).

In *U.S. Bancorp*, the Supreme Court addressed "whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought." The Court's answer, in a unanimous opinion, was a clear "no." The Court discussed the "equitable entitlement to the extraordinary remedy of vacatur" and acknowledged that a party's "voluntary forfeiture of review constitutes a failure of equity." *Id.* at 26. The Court also recognized the public interest in judicial precedents, which are "presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* The Court stated that vacatur of a judgment because of settlement is not favored and requires "exceptional circumstances." *Id.* at 29. The Court held that voluntary settlements and agreements among litigating parties that provide for vacatur of a lower court opinion are not sufficient, standing alone, for a court to vacate a lower court opinion. *Id.* The parties seeking relief from the status quo of the judgment must demonstrate equitable entitlement to the extraordinary remedy of vacatur. *Id.*

The *U.S. Bancorp* court expressly stated that it dealt only with appellate vacatur of lower court decisions. 513 U.S. at 19, 28–29. "It speaks not at all to the power of a district court to vacate or otherwise modify its own opinion." *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 117 (4th Cir. 2000). The district and appellate power of vacatur are derived from different sources; while the appellate power of vacatur is granted by 28 U.S.C. § 2106, the district court power is derived from Federal Rule of Civil Procedure 60(b). Despite this difference, most courts considering the question have held that a district court should apply the *U.S. Bancorp* "exceptional circumstances" standard in deciding whether to vacate its own judgment when a case becomes moot as a result of settlement.

5

Courts have identified several reasons why the *U.S. Bancorp* standard should apply to a district court's decision to vacate its own order. First, the nature of the relief sought is the same, and the general presumption against vacatur announced in *U.S. Bancorp* arises from the extraordinary nature of the relief, not the nature of the deciding forum. Second, *U.S. Bancorp* identified the considerations relevant to the district court's decision to vacate its own order. Third, nothing in the language of the respective vacatur authorities suggests that different equitable standards do or should govern the exercise of the respective vacatur powers. Fourth, there are close parallels between the considerations that *U.S. Bancorp* identified as relevant to deciding whether to vacate a lower court order and the considerations that the Court has identified as generally relevant under Rule 60(b)(6). Finally, district courts have long applied the same standards as appellate courts in deciding whether to vacate their own judgments. *Valero,* 211 F.3d at 118–20.

*U.S. Bancorp* requires the Court to examine whether the party seeking vacatur caused mootness (i.e., the settlement in this case) and whether the public interest favors vacatur. Total Rebuild and PHC cannot prevail applying this standard. First, as in *U.S. Bancorp,* Total Rebuild and PHC are parties to the settlement. Without their own participation in the settlement, the matter would not have become moot by settlement. The Supreme Court squarely faced this issue and determined that the voluntary participation of a party in the settlement was the most significant factor outweighing vacatur based on mootness.

With respect to the public interest, none has been argued by Total Rebuild or PHC. The Federal Circuit has stated that, when patents are involved, there may be an added aspect of public interest against vacatur, because of the importance to the public at large of resolving questions of patent validity. *Partsriver, Inc. v. Shopzilla, Inc.*, 453 Fed. App'x. 963, 965 (Fed. Cir. 2010).

Neither PHC nor Total has disputed that "exceptional circumstances" are required to vacate a judgment. *See, e.g., Adam Tech. Int'l S.A. de C.V. v. Sutherland Global Services, Inc*., No. 3:10-

cv-01172-P, 2012 WL 12898406, p. 2 (N.D. Tex. June 18, 2012). Yet, the only circumstance they have identified allegedly warranting vacatur is the existence of a settlement. However, "[t]he Supreme Court has held that settlement alone does not justify vacatur of a judgment under review absent 'exceptional circumstances.'" *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, No. 2-06-cv-78, 2009 WL 383237, p. 1 (E.D. Tex. Feb. 11, 2009) (citing *U.S. Bancorp*, 513 U.S. 18, 29 (1994)). "Where mootness results from settlement . . ., the losing party has voluntarily forfeited his legal remedy by the ordinary process of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id. See also id.* at p. 2 ("Here, the parties have failed to show an equitable entitlement to an 'extraordinary remedy' of vacatur. The only reason presented to the Court to vacate its earlier orders is that the parties have entered into a settlement agreement."); *see also In re Frasier*, 98 F.Supp.2d 788, 792 (E.D. Tex. 2000) ("[T]he State is not entitled to vacatur since mootness was the product of an agreement between the State and Private Counsel."). Neither Total nor PHC has shown any "extraordinary circumstances" beyond the fact of settlement.

Finally, the Court notes that the proposed settlement is not contingent on the Court vacating its rulings. The Settlement Agreement filed of record states:

> If the Court does not vacate the rulings as set forth above and grant the dismissal, the parties agree to file a stipulation of dismissal of all claims and counterclaims of the Lawsuit with prejudice (including any appeals), and all other terms of this Agreement shall remain valid, binding, and enforceable.

[Settlement Agreement, ¶ 4, Doc. No. 447-1, p.3]

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Total Rebuild and PHC's motion styled "Stipulation of Dismissal" [Doc. No. 445] to the extent that it moves the Court to vacate its inequitable conduct rulings in this case [Doc. Nos. 388, 427 and 428] and its ruling and order denying PHC's motions for sanctions, attorney fees, expenses, and costs [Doc. Nos. 440,

441].

Monroe, Louisiana, this 17th day of December, 2019.

                                                **TERRY A. DOUGHTY**
                                                **UNITED STATES DISTRICT JUDGE**